# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

February 24, 2025

**VIA ECF**

Honorable Jeanette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Graham v. UMG Recordings, Inc.*, 1:25-cv-399 (JAV)

Dear Judge Vargas:

Pursuant to Local Rule 7.1(e) and Sections 3(A) and (E) of the Court's Individual Rules and Practices in Civil Cases ("Individual Rules"), Plaintiff Aubrey Drake Graham ("Plaintiff") respectfully writes in opposition to Defendant UMG Recordings, Inc.'s ("UMG") request to adjourn the initial pretrial conference ("PTC") currently scheduled for April 2, 2025 ("Request to Adjourn"). [1] ECF No. 18. Further, Plaintiff respectfully moves for an order requiring UMG to comply with Federal Rule of Civil Procedure ("Rules" or "Rule") 26(f) by participating in a Rule 26(f) conference ("26(f) Conference") by no later than March 5, 2025.

UMG's Request to Adjourn is unsupported by the law or the facts—indeed, UMG does not cite a single case suggesting, let alone holding, that adjournment is appropriate under these circumstances. The reason for UMG's failure to marshal any supporting authority is straightforward: UMG is attempting to circumvent the Rules (as well as the local rules) by obtaining a stay of discovery without actually moving for one. UMG's counsel has disclosed to Plaintiff's counsel that UMG intends to file a motion to dismiss, and that UMG may well seek an extension of its deadline to make that filing (though UMG has not actually committed to either). In response to multiple requests to schedule a 26(f) Conference, which UMG has refused at each turn, UMG's counsel has ignored the fact that it is fully capable of participating in a 26(f) Conference now because it prefers delay. Specifically, in an email sent just *minutes* before UMG filed its Request to Adjourn, UMG's counsel explained that UMG believes that it should not have to meet and confer with Plaintiff pursuant to Rule 26(f) until 21 days before the PTC, Ex. 1 at 1, notwithstanding that the text of Rule 26(f) *requires* the parties to confer "as soon as practicable."

The Court should decline UMG's transparent attempt to obtain a stay of discovery, which it apparently seeks so it can further ponder its motion to dismiss. UMG has neither moved to dismiss nor moved for a stay of discovery, and its attempt to achieve the latter by delaying the former are inappropriate.

---

[1] The Request to Adjourn does not comply with Individual Rule 3(E), including because UMG did not ask whether Plaintiff consents to this specific relief and does not explain why Plaintiff declines to consent.

I.      **RELEVANT HISTORY**

Plaintiff first notified UMG regarding his legal claims on July 24, 2024, and counsel conferred a number of times regarding those claims prior to initiating this litigation. By no later than September 16, 2024, UMG had actual notice that Plaintiff intended to sue UMG regarding these claims. On January 15, 2025, Plaintiff filed suit against UMG asserting claims for defamation, harassment in the second degree, and violation of the New York General Business Law § 349 and promptly served the Complaint. ECF Nos. 1, 7. Prior to service, UMG asked to extend its time to respond to the Complaint until April 7, 2025—82 days after filing and 76 days after service. Ex. 2 at 12.[2] Plaintiff ultimately consented to UMG seeking an extension of time until March 17. While discussing UMG's requested extension, Plaintiff requested that the parties agree to a complete briefing schedule. *Id.* at 6–7. Counsel for UMG declined, suggesting it was "premature" to set further schedule because UMG was contemplating requesting ***even more time*** to draft and file its motion to dismiss, notwithstanding its representation that UMG "hope[d] and expect[ed] to file a response by March 17." *Id.* at 7. UMG then filed its motion for an extension without any additional briefing dates, ECF No. 6, which the Court granted. ECF No. 9.

The next day, on January 22, 2025, the Court entered an order setting a PTC for April 2, 2025, and directing counsel to "confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference" and to file a proposed Civil Case Management Plan and Scheduling Order by March 26, 2025. ECF No. 8.

While conferring on Plaintiff's request to set a full briefing schedule, UMG suggested that the parties seek to adjourn the PTC until after a decision on a motion to dismiss. Ex. 2 at 4. Plaintiff's counsel rejected any adjournment, explaining that Plaintiff is "eager to begin discovery as soon as possible." *Id.* at 3–4.[3] Plaintiff filed a letter, with UMG's consent, requesting the Court set the response and reply deadlines. ECF No. 10. The Court granted the full briefing schedule. *See* ECF Nos. 9, 15.

On February 6, 2025, Plaintiff emailed UMG asking for availability for a 26(f) Conference. Ex. 1 at 5. UMG's counsel did not provide *any* reason why it would not be "practicable" to hold a 26(f) Conference, but instead stated: "Given that our current deadline for a Rule 26(f) conference is not until March 12, we believe this request is premature." *Id.* at 4. UMG continued, "We can discuss the timing of a Rule 26(f) conference closer to that date, *assuming the current deadline remains in place at that time*." *Id.* (emphasis added). In response, Plaintiff reiterated his request, explaining that because "Rule 26(f)(1) [] is clear that 'the parties *must* confer *as soon as practicable*,'" the "deadline to complete a 26(f) conference is not at all relevant." *Id.* To that end, Plaintiff asked for "30-45 minutes" to confer. *Id.* UMG refused to provide any time. *Id.* at 3. On February 19, Plaintiff again asked to set a meet and confer. *Id.* at 2. UMG again characterized the request as "premature," this time explaining that it was filing a request to adjourn the PTC, which it contends "triggers" the deadline for a 26(f) Conference. *Id.* UMG filed the Request to Adjourn minutes later. ECF No. 18.

---

[2] All citations to page numbers are to the PDF page number.
[3] UMG raises that Plaintiff has not yet served any discovery requests pursuant to Rule 34. ECF No. 18. A Rule 34 discovery request "delivered" before a 26(f) Conference is not deemed "served" until the 26(f) Conference. Fed. R. Civ. P. 34(b)(2)(A). Notwithstanding UMG's refusal to set a date for a 26(f) Conference, Plaintiff is preparing to serve initial requests shortly.

February 24, 2025
Page 3

## II. THE COURT SHOULD DENY UMG'S REQUEST TO ADJOURN.

The Court should deny UMG's Request to Adjourn because it is an improper attempt to stay discovery without having so moved. Instead, this Court should hold the PTC as scheduled, and order UMG to comply with the requirements of Rule 26(f). It is well-established that trial courts "have broad authority to oversee and set a discovery schedule as appropriate for each case," *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019), including deciding to hold "one or more pretrial conferences." Fed. R. Civ. P. 16(a). And courts in this District routinely deny requests for adjournment.[4]

UMG claims that the PTC is premature because the Complaint fails to state a claim or because the Complaint is "in flux," but neither of these arguments justify UMG's requested relief. Putting aside the fact that the Complaint does state a claim, the fact that UMG plans to file a motion to dismiss does not justify adjournment. Neither the Rules nor the local rules provide for an automatic stay of discovery pending a motion to dismiss. *See, e.g.*, *Guiffre v. Maxwell*, 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision." *In re Chase Manhattan Corp. Sec. Litig.*, 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991). Courts do not grant stays of discovery routinely, but rather only where good cause exists, considering "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay."[5] And the Court has already determined that it is appropriate to hold the PTC while UMG's forthcoming motion to dismiss is pending—the Court set the PTC for April 2, 2025, having already received UMG's request to extend its deadline to respond to the Complaint. *See* ECF Nos. 6, 8.

The Request to Adjourn does not even attempt to satisfy UMG's burden. UMG does not even attempt to argue that the Complaint is "facially without merit." *See Bennett*, 2023 WL 2021560, at *2. The Complaint spells out in detail overwhelming facts which, taken as true, establish the elements for each of Plaintiff's claims. UMG also makes no argument as to the breadth or burden of discovery. *Id.* at *4. ***Nor could it, because UMG has refused even to confer with Plaintiff on the kind of discovery Plaintiff believes is necessary to prove his claims***. And delaying discovery would unfairly prejudice Plaintiff, who is continuing to suffer the consequences of UMG's defamatory campaign. Indeed, at the same time UMG has been delaying here, UMG launched new campaigns to further spread the defamatory content, including at the 2025 Super Bowl halftime show, which had over 133.5 million viewers. Plaintiff also has concerns that delayed discovery may result in loss of electronic discovery from UMG and/or third parties, particularly because it is likely that relevant discovery is contained on communication platforms that are not preserved in the normal course, such as text, social media, and ephemeral messaging applications.

---

[4] *See, e.g.*, Orders Denying Requests to Adjourn, *Diaz-Roa v. Hermes Law, P.C. et al.*, No. 24-cv-02105-LJL (S.D.N.Y. 2024), No. 54 (denying adjournment pending resolution of pending motion to dismiss); *Mota et al. v. Abalon Exterminating Co.*, No. 22-cv-07602-MKV (S.D.N.Y. 2024), ECF No. 46 (same); *Maymi v. Lemle & Wolff, Inc.*, No. 1:24-cv-05887-LGS (S.D.N.Y. 2024), No. 14 (denying adjournment until after defendant's response to complaint is filed).

[5] *Guiffre*, 2016 WL 254932, at *1; *see also Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182 (S.D.N.Y. 2025); *Robbins v. Candy Digital Inc.*, 2024 WL 2221362 (S.D.N.Y. May 15, 2024); *P.C. v. Driscoll*, 2024 WL 3606511 (S.D.N.Y. July 30, 2024); *Bennett v. Cuomo*, 2023 WL 2021560 (S.D.N.Y. Feb. 15, 2023).

UMG separately claims that the PTC is "premature" because the Complaint is "in flux," but this is misleading and legally irrelevant. In response to a letter from UMG, Plaintiff has agreed to address UMG's concerns regarding a *single factual allegation* that, even if Plaintiff were to concede everything UMG has argued about that allegation (which he does not), would result in changes to 5 paragraphs of a Complaint spanning 237 paragraphs over 81-pages. UMG does not explain why this correction warrants adjournment, nor does it even claim that an amendment affecting these five paragraphs would impact its preparation for the PTC. In all events, UMG's position, which relies on *no* cited authorities, is plainly wrong, as complaints are often amended ***after discovery has commenced***, including following motions to dismiss.[6]

### III.     THE COURT SHOULD COMPEL UMG TO COMPLY WITH THE RULES.

Separately, Plaintiff respectfully requests that this Court order UMG to comply with Rule 26(f) by participating in a 26(f) Conference by no later than March 5, 2025. Rule 26(f)(1) provides that "the parties *must* confer *as soon as practicable*." Fed. R. Civ. P. 26(f)(1) (emphasis added). "The requirement that the parties confer to develop a discovery plan may be the single most important provision in the discovery architecture of Rule 26." 6 Moore's Federal Practice – Civil § 26.143. Holding a conference is practicable where it is "reasonably capable of being accomplished." *PRACTICABLE*, Black's Law Dictionary (12th ed. 2024). Courts may compel a conference where one party baselessly seeks to avoid or delay holding a Rule 26(f) conference. *See e.g.*, *Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 WL 1976867, at *3 (N.D. Tex. May 15, 2014); *Shock v. CDI Affiliated Servs., Inc.*, 2010 WL 672148, at *6 (D. Idaho Feb. 20, 2010); *Rubik's*, 329 F.R.D. at 58.

Here, it is practicable for the parties to hold a 26(f) Conference because it is "reasonably capable of being accomplished." UMG has not, because it cannot, argued that it is incapable of participating in a 26(f) Conference, especially when Plaintiff has offered to make himself available at a day and time amenable to UMG. *See* Ex. 1. UMG also does not contest the plain text of Rule 26, but instead argues that it can ignore the Rule's requirements because it also provides a deadline by which parties must confer, i.e. "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." The existence of a deadline by which the conference must be completed does not mean that the parties *must* (or even *may*) wait until the last minute—doing so would nullify the Rule's requirement that the parties "*must* confer *as soon as practicable*." Having provided no reason for why a 26(f) Conference would be impracticable, and having made no motion to stay discovery, UMG should be required to promptly participate in a 26(f) Conference as the text requires. The Court should order UMG to participate in a 26(f) Conference by no later than March 5, 2025, which is 21 days prior to the deadline for the parties to submit a proposed case management plan and scheduling order.

Respectfully submitted,

s/ Michael J. Gottlieb

cc: All counsel of record via ECF

---

[6] *See* Fed. R. Civ. P. 15 (providing for amendment before trial); Individual Rule 5(I) (describing amendment after a motion to dismiss).