SIDLEY AUSTIN LLP
350 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071
+1 213 896 6000
+1 213 896 6600 FAX

+1 213 896 6047
RRANSOM@SIDLEY.COM

March 18, 2025

**By ECF**

Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Aubrey Drake Graham v. UMG Recordings, Inc.*
Case No. 1:25-cv-399-JAV
Letter Motion to Stay Discovery

Dear Judge Vargas:

We represent Defendant UMG Recordings, Inc. ("UMG") in the above-captioned matter. We write pursuant to the Court's March 4, 2025 Order, *see* ECF No. 21, and Federal Rule of Civil Procedure 26(c), to seek a stay of discovery until the Court decides UMG's motion to dismiss, *see* ECF No. 23. UMG has conferred with counsel to Audrey Drake Graham ("Drake" or "Plaintiff"), and he does not consent to the requested stay.[1]

This Court may stay discovery pending resolution of a motion to dismiss upon a showing of good cause. *See*, *e.g.*, Fed. R. Civ. P. 26(c); *Negrete v. Citibank, N.A.*, No. 15-cv-7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015). Courts in this District frequently adjourn initial conferences (effectively staying discovery) and/or stay discovery pending motions to dismiss. *See, e.g.*, *Press v. Primavera*, No. 21-cv-10971 (JLR), 2022 WL 17736916, at *2 (S.D.N.Y. Dec. 16, 2022) (staying discovery in defamation action pending decision on motion to dismiss); *Brady v. NYP Holdings, Inc*., No. 21-cv-3482 (LJL), ECF No. 14 (S.D.N.Y. 2021) (rescheduling conference pending decision on motion to dismiss in defamation action); *Wilson v. Mastercard Inc. et al.*, No. 21-cv-5930 (VEC), ECF No. 51 (S.D.N.Y. 2022) (staying discovery and adjourning initial

[1] Pursuant to Section 6(B) of this Court's Individual Rules and Civil Practices, UMG states that the parties met and conferred on March 10, 2025 at 1:00 p.m. EDT on this and other discovery issues for approximately 20 minutes. Rollin Ransom, Nicholas Crowell and Katelin Everson participated on behalf of UMG. Michael Gottlieb, Brady Sullivan and Annie Houghton-Larson participated on behalf of Drake. The parties agreed that they were at an impasse and, therefore, UMG's counsel informed Drake's counsel that this motion was forthcoming.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

conference pending resolution on motion to dismiss); *Boustead Secs., LLC v. Leaping Group Co., Ltd*, No. 20-cv-3749 (VEC), ECF No. 32 at 2 (S.D.N.Y. 2020) (same); *Krentsel & Guzman, LLP v. JPMorgan Chase Bank, N.A.*, No. 20-cv-2407 (VEC), ECF No. 22 at 1 (S.D.N.Y. 2020) (adjourning conference); *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-7572 (VSB), 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021) (granting stay of discovery pending disposition of motion to dismiss); *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (same); *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.,* No. 15-cv-6267 (GHW) 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (same); *Del Mar TIC I, LLC v. Bancorp Bank,* No. 23-cv-8999 (JLR), 2024 WL 1348501, at *2 (S.D.N.Y. Mar. 29, 2024) (same); *Gandler* v. *Nazarov*, No. 94-cv-2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (same); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc*., No. 09-cv-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (same); *Rivera v. Heyman*, No. 96 CIV. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (same); *Weisman Celler Spett & Modlin, P.C. v. TransLux Corp.,* No. 12-cv-5141 (JMF), 2012 WL 5512164, at *4 (S.D.N.Y. Nov. 14, 2012) (noting that initial conference was adjourned *sine die* in light of motion to dismiss). Courts typically examine whether "good cause" exists by considering "1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay." *See e.g., Negrete*, 2015 WL 8207466, at *1. Here, all three factors favor staying discovery pending resolution of UMG's motion to dismiss.

**I. UMG's Motion to Dismiss Sets Forth Substantial Grounds For Dismissal.**

A stay of discovery is appropriate because UMG has presented substantial arguments that Drake's claims should be dismissed in their entirety. *See Press*, 2022 WL 17736916, at *2 (stay granted in defamation action where defendant "presented substantial arguments for dismissal on the central issue in the case[.]"). Although the first factor is nominally styled as requiring a "strong showing" in favor of dismissal, *Negrete*, 2015 WL 8207466, at *1; *Alapaha*, 2021 WL 1893316, at *2, those same courts (and many others) have recognized that a "motion to dismiss cuts in favor of a stay [where] it is potentially dispositive, and appears to be not unfounded in the law." *Alapaha*, 2021 WL 1893316, at *2 (internal quotation marks omitted) (quoting *Negrete*, 2015 WL 8207466, at *1); *accord Gandler,* 1994 WL 702004, at *4; *Integrated Sys.,* 2009 WL 2777076, at *1. UMG satisfies this standard under either formulation.

As outlined in UMG's motion to dismiss, all of Drake's claims fail as a matter of law. His defamation claim fails because when assessed in context, as it must be, "Not Like Us" conveys nonactionable opinion and rhetorical hyperbole, not fact, an issue for the court to resolve as a matter of law. *See* Mot. at 11-17. This case closely mirrors *Rapaport v. Barstool Sports Inc.,* 2024 WL 88636 (2d Cir. Jan. 9, 2024), where the District Court concluded as a matter of law (and the Second Circuit affirmed) that alleged defamatory statements "laden with epithets, vulgarities, hyperbole, and non-literal language and imagery" made in the context of "a public and very acrimonious dispute," including several statements made in a "diss track" in which defendants rapped "a constant stream of insults and slurs" about plaintiff were nonactionable. *Id.* at *3-4. Based on the similarities with *Rapaport* alone, UMG makes a strong showing that Drake's claims

are meritless, and at minimum that the motion to dismiss is "not unfounded in the law." *Alapaha*, 2021 WL 1893316, at *2. The defamation claim also fails because Drake has not shown UMG published the impugned statements with actual malice. Mot. at 17-19.

Critically, courts in this District have emphasized that defamation defendants must be protected from unnecessary discovery to safeguard First Amendment protections. *See e.g., Dfinity Found. v. N.Y. Times Co.*, 702 F. Supp. 3d 167, 173 (S.D.N.Y. 2023) ("There is particular value in resolving defamation claims at the pleading stage, so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms.") (cleaned up); *Biro v. Condé Nast*, 963 F. Supp. 2d 255, 279 (S.D.N.Y. 2013) ("[I]n defamation cases, Rule 12(b)(6) … provides assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive."). A stay is therefore particularly warranted here given the untenability of Drake's defamation claim and the First Amendment rights at issue.[2]

The motion to dismiss similarly makes substantial arguments that Drake's claims for harassment and violation of the New York General Business Law § 349 are unfounded. As detailed in UMG's motion, Drake fails to state a claim for "Harassment in the Second Degree" because there is no private right of action to enforce this criminal law, and even if there were, he does not plead the requisite elements of the claim. See Mot. at 19-22. Likewise, Drake fails to state a claim under N.Y. G.B.L. § 349, as the "payola" allegations are conclusory and thus improperly pled, and because he does not allege any injury from "consumer-oriented" conduct, as required under the statute. Mot. at 22-25. Moreover, Drake has already conceded that the centerpiece of this claim, that UMG used "bots" to stream "Not Like Us," *see, e.g.*, Compl. ¶¶ 228, 233, is meritless and agreed to withdraw the utterly false allegations in the Complaint that support this cause of action—a harbinger of the decision on the merits of the claim more broadly.[3]

Because UMG's motion to dismiss "would dispose of the entire action," *Press*, 2022 WL 17736916, at *2, and is well founded in the law, this first factor weighs heavily in favor of a stay. *See*, *e.g.*, *Integrated Sys.*, 2009 WL 2777076, at *1 (motion to dismiss supported stay where it contained "multiple, independent arguments for dismissal and the motion appears not to be unfounded in the law") (cleaned up).

---

[2] *Giuffre v. Maxwell*, 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016), cited in the Court's March 4 Order, is inapposite. There, the defendant's motion to dismiss was based on technical pleading deficiencies and on defenses that, to the extent they were applicable at all (the plaintiff presented "strong arguments" they were not), could not be resolved on a motion to dismiss. This case has no bearing on this matter, in which UMG's motion presents substantive (and meritorious) issues that the Court is to resolve as a matter of law. In addition, and in any event, there is robust authority to the contrary of *Giuffre*, including as cited above.

[3] UMG notified Plaintiffs' counsel of the falsity of Plaintiff's allegations via a Rule 11 letter and accompanying Rule 11 motion. Plaintiff conceded the falsity and "agreed" to "withdraw…and correct" the meritless allegation; despite this concession, Plaintiff refused to amend the Complaint to withdraw the admittedly false allegation until after UMG filed its motion to dismiss.

**II. Drake's Discovery Requests Impose Undue Burden on UMG.**

A stay is also warranted here because Drake has requested broad discovery going to all of his claims and allegations. *See* Ex. A. These requests impose undue burden on UMG, particularly as discovery is likely to be rendered moot upon resolution of the motion to dismiss. Drake's first set of discovery requests consist of 18 items that would require costly collection and review of large swaths of hard-copy and electronic data sets, contracts and agreements, and communications. Drake's requests also seek production of confidential, proprietary, and highly commercially sensitive documents—including all contracts between UMG and Kendrick Lamar, documents showing "the executive compensation structure and annual incentive plans for Interscope Chief Executive Officer John Janick for the past five years," and "Interscope's 2024 executive incentive metrics, targets, projections, and performance used to determine annual incentive compensation for Interscope's executives and officers … for the past five years." *Id.* at 8 & 10. Drake appears poised to pursue further expansive discovery as he has already served four third-party subpoenas. A stay should be granted because it will likely "avoid the need for costly and time-consuming discovery." *Integrated Sys*, 2009 WL 2777076, at *1. Indeed, "because the disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in this case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendant." *Alapaha*, 2021 WL 1893316, at *2 (cleaned up). *See also Del Mar*, 2024 WL 1348501, at *2 (same).

**III. Drake Will Not Be Prejudiced by a Stay.**

Finally, a short delay in discovery does not pose any risk of prejudice, and any assertion otherwise by Drake is unfounded. *See*, *e.g.*, *Alapaha*, 2021 WL 1893316, at *3 ("[A] delay in discovery without more does not amount to unfair prejudice."). There is no potential for prejudice here since this matter is in its early stages and is being actively litigated. *See Negrete* 2015 WL 8207466, at *2; *see also HAHA Glob., Inc. v. Barclays,* 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (finding "that staying discovery would not unfairly prejudice plaintiff as the motions to dismiss already have been filed and, thus, any stay would last briefly.") (cleaned up). Furthermore, UMG has agreed to preserve potentially relevant documents and will provide initial disclosures. Accordingly, a stay of discovery is appropriate because it will not cause prejudice or undue delay.

Respectfully submitted,

*/s/ Rollin A. Ransom*
Rollin A. Ransom

*Attorney for UMG Recordings, Inc.*

cc: All counsel of record (via ECF)