**WILLKIE FARR & GALLAGHER** LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

March 20, 2025

**VIA ECF**

Honorable Jeanette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Graham v. UMG Recordings, Inc.*, 1:25-cv-399 (JAV)

Dear Judge Vargas:

Pursuant to Sections 3(A) and 6(B) of the Court's Individual Rules and Practices in Civil Cases, Plaintiff Aubrey Drake Graham ("Plaintiff") writes in opposition to Defendant UMG Recordings, Inc.'s ("UMG") letter motion to stay discovery. ECF No. 27 ("MTS").

"It is not the practice of this Court to routinely stay discovery pending the outcome of a motion to dismiss." ECF No. 21 (citing *Guiffre v. Maxwell*, 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016)). Federal Rule 26(c) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Good cause' is a significant element of the Rule," which courts analyze by application of three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Guiffre*, 2016 WL 254932, at *1 (cleaned up). The MTS fails on all three factors.

**I.    UMG Fails to Make a Strong Showing that Plaintiff's Claims Are Unmeritorious**

On a motion to stay discovery, the defendant must make a strong showing that plaintiff's claims "are so meritless as to warrant a stay." *Bennett v. Cuomo*, 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023). "[C]ourts have looked to whether the complaint is facially without merit[.]" *Id.* For example, a motion to stay was appropriate where "the defendant's motion [to dismiss] was directed to the federal court's jurisdiction, where jurisdiction could be determined readily from the face of the complaint, and where plaintiff was unable to cite any relevant authority in support of the existence of jurisdiction." *Cambridge v. Ruby*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021). But where "it is not clear that Defendant is correct," a stay cannot issue. *Id.* at *2-3.[1]

---

[1] UMG claims it need only show its Motion to Dismiss ("MTD") is "not unfounded in the law." MTS at 2. However, the balance of authority endorses a significantly higher standard. *See Bennett*,

UMG has failed to meet its burden. The MTS, like the MTD, ignores the vast majority of Plaintiff's well-pled factual allegations in the 237-paragraph Complaint.[2]

UMG's headline argument is that the Defamatory Material[3] is non-actionable opinion that no reasonable person would understand as a statement of fact. MTD at 11. This argument is doomed to fail, and is nowhere close to establishing that Plaintiff's defamation claim is "facially without merit." For one, UMG completely ignores the Complaint's allegations that millions of people, all over the world, *did* understand the Defamatory Material as a *factual assertion* that Plaintiff is a pedophile. *See generally* ¶¶ 167-87, 194 (detailing public statements). UMG also ignores allegations that the statements in question (and surrounding context) implied that the allegations were based on undisclosed evidence and the audience understood as much. *See, e.g.*, ¶¶ 58, 61, 69, 168; *Steinhilber v. Alphonse*, 501 N.E.2d 550, 552-53 (N.Y. App. Div. 1986) (opinion based on undisclosed facts is actionable). Indeed, UMG effectively concedes that it has no hope of defeating the sufficiency of the Complaint via its attempt to substitute the pleadings with its own factual narrative contained within a Request for Judicial Notice of **twenty-six exhibits**. ECF No. 25. UMG improperly asks the Court to accept many of these exhibits for the truth of the matters asserted therein. *See, e.g.*, MTD at 17, n.11 (relying on news article for the truth of statements made about the contested meaning of lyrics); *id.* at 16 (offering UMG's interpretation of the meaning of lyrics from another exhibit). None of this is appropriate at the motion-to-dismiss stage. *See Davis v. Banana Republic,* 2023 WL 5969597, at *8 (E.D.N.Y. Sept. 14, 2023).

UMG's reliance on *Rapaport v. Barstool Sports Inc.*, 2024 WL 88636, at *3 (2d Cir. Jan. 9, 2024) fails. MTS at 2. For one, *Rapaport* was decided on a summary judgment motion. And critically, in that case, there were no allegations that viewers of the defamatory allegations ***in fact believed*** them to be statements of fact. Nor did *Rapaport* involve allegations of pedophilia. *See* ¶ 191. And one of the statements deemed non-actionable disclosed the "evidence" on which it was based, evidence which actually refuted the veracity of the allegation. *Rapaport,* 2024 WL 88636, at *4.

The only other element of defamation UMG challenges is actual malice. MTS at 3. UMG suggests that Plaintiff cannot plead actual malice because the statements were not "statements of fact," MTD at 18, but that is just a repackaging of its failed "opinion" argument. UMG also misstates the pleading standard for actual malice. Relying on a case from the Ninth Circuit at the summary judgment stage—*Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188 (9th Cir. 1989)—UMG suggests

---

2023 WL 2021560, at *2; *Brawer v. Egan-Jones*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025); *Nielsen v. TVSquared*, 2023 WL 4363005, at *2 (S.D.N.Y. July 6, 2023). In any event, as set forth below, the MTD is unfounded.

[2] While Plaintiff is evaluating potential amendment of the Complaint, he does not anticipate withdrawing or materially altering the current causes of action. Thus, any amendment is highly unlikely to change the Court's view of the merits of the MTS. Plaintiff therefore submits the Court should hear the MTS on April 2 as contemplated (*see* ECF No. 21). Moreover, pleadings are routinely amended after discovery. *See, e.g.*, Fed. R. Civ. P. 15(a)(2).

[3] All capitalized terms not defined herein have the meaning set forth in the Complaint (ECF No. 1). All citations to "¶ __" are to the Complaint.

that Plaintiff must allege UMG "subjective[ly]" "intended to convey" a defamatory message. MTD at 18-19. In this Circuit, however, the pleading standard for actual malice requires allegations that the statements at issue were made "with knowledge that the statements were false or with reckless disregard as to their falsity." *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Here, the Complaint adequately pleads that UMG knew or had reason to know that the allegations in the Defamatory Material were false, ¶¶ 20, 70, 90, 209, and UMG concedes that the allegations are not true. MTD at 15-18. And even if Plaintiff were required to plead intent to defame, he does so. UMG brazenly continued to publish and promote the Defamatory Material even after Plaintiff's home was attacked by a gunman, after his businesses were defaced, after Plaintiff made UMG aware of the falsity of the allegations (and the harm they were causing), and after UMG knew that the public believed the allegations to be true statements of fact. ¶¶ 153-165.[4]

UMG also fails to make a strong showing that Plaintiff's two remaining causes of action are unmeritorious. UMG contends there is no private right of action for harassment. MTD at 19-20. But numerous courts have long recognized a private cause of action for harassment under New York law. *See, e.g.*, *Baiqiao Tang v. Wengui Guo*, 2019 WL 6169940, at *6 (S.D.N.Y. Nov. 20, 2019); *Daniel v. Safir*, 175 F. Supp. 2d 474, 481 (E.D.N.Y. 2001); *Prignoli v. City of New York*, 1996 WL 340001, at *6 (S.D.N.Y. June 19, 1996). As to Plaintiff's claim under N.Y. G.B.L. § 349, the Complaint pleads a number of "deceptive acts and practices" through which UMG "covertly financially incentiviz[ed] third parties to play, stream, and promote the Recording," including covert payments to a popular podcast (¶ 139); "payola" payments to radio stations (¶ 133-34); and charging below-market license rates to Spotify (¶ 135). The fact that Plaintiff has agreed to withdraw and correct a discrete set of allegations concerning alleged payments to ***one specific third party*** (MTS at 3) does nothing to strengthen Defendant's MTD.

## II. UMG Fails to Show that Discovery Will Impose an Undue Burden on UMG

UMG fails to articulate any undue burden in responding to Plaintiff's 18 Requests for Production. UMG has the burden to "present[] specific facts as to burden." *Brawer*, 348 F.R.D. at 186-87 (denying motion to stay where movant argued that "responding will be burdensome because she will have to spend time and incur legal fees in order to review and evaluate the request").

UMG claims that complying with Plaintiff's discovery requests would "require costly collection and review of large swaths of hard-copy and electronic data sets, contracts and agreements, and communications." MTS at 4. But UMG has been on notice of Plaintiff's claims since July of 2024, at which point UMG was obliged to preserve all relevant communications—it seems unlikely that UMG would not have ***collected or reviewed*** any of that electronic data in the intervening ***eight months***, and to the extent that UMG has not done so, staying discovery would

---

[4] It is difficult to understand how UMG can seriously suggest that discovery must be stayed to avoid "chill[ing]" its freedom of expression. MTS at 3. This lawsuit has not "chilled" UMG, which has continued to publish the Defamatory Material, including permitting it to be broadcast to over 100 million viewers during the Super Bowl. And UMG is not a newspaper in the business of "check[ing] the impulses of government" or "serv[ing] the community well"—*see Condé Nast*, 883 F. Supp. 2d at 457, n.5; MTS at 3 (citing *Condé Nast*)—it is in the business of making money.

only incentivize further delay of an investigation UMG should have undertaken long ago. Taking UMG's claim of burden at face value, it does not come close to demonstrating an ***undue*** burden as the "burden" of collection and review is present in every case. *See Brawer*, 348 F.R.D. at 186-87. For example, UMG "has not stated how long it expects discovery to take, the costs associated with discovery, or any other indicator that might demonstrate why discovery will be overly burdensome." *Nielsen Co.*, 2023 WL 4363005, at *2. Nor does UMG "object to the scope of any specific requests." *Brawer*, 348 F.R.D. at 186. While UMG claims that certain requests call for proprietary information, Plaintiff has already sent a draft protective order—the Court's preferred form—which affords confidentiality protections for both parties.[5]

### III.     UMG Fails to Show that Plaintiff Will Not Suffer Prejudice

UMG fails to show that "no prejudice will attend" to Plaintiff. *Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016). For one, UMG does not even address the ongoing harm to Plaintiff, as detailed in the Complaint. ¶¶ 192-201. Plaintiff's injuries accrue by the day, and Plaintiff has sought injunctive relief. Beyond that, Plaintiff has serious concerns about not just UMG's preservation of documents, but preservation by third parties as well, including with respect to categories of electronically stored information that are not always subject to regular business recordkeeping practices, such as mobile data.

For these reasons, the MTS should be denied.[6]

Respectfully submitted,

/s/ *Michael J. Gottlieb*

cc: All counsel of record via ECF

---

[5] 16 of Plaintiff's Requests for Production cover a less than one-year time period. MTS Ex. A. And seven of the requests are qualified by "sufficient to show." *Id.* at Requests 7, 10–13, 17, 18.

[6] UMG cites cases where courts have "adjourn[ed] initial conferences" or granted stays pending motions to dismiss. MTS at 1–2. Many of these cases are unpublished and distinguishable. *See Brady v. NYP*, No. 21-CV-3482, (S.D.N.Y. May 18, 2021), ECF No. 14 (rescheduling initial conference where pro se serial litigant's complaint appeared to violate a filing injunction); *Press v. Primavera*, 2022 WL 17736916, at *1 (S.D.N.Y. Dec. 16, 2022) (motion to dismiss invoked absolute immunity defense); *Integrated v. Honeywell*, 2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009) (discovery requests covered six-year period and multiple distributors); *Negrete v. Citibank*, 2015 WL 8207466 (S.D.N.Y. Dec. 7, 2015) (discovery required production of records related to thousands of transactions over a six-year period); *Boustead v. Leaping*, No. 20-CV-3749, (S.D.N.Y. July 30, 2020), ECF No. 32 (parties consented to postponing initial conference); *Krentsel v. JPMorgan*, No. 20-CV-2407, (S.D.N.Y. June 9, 2020), ECF No. 22 at 1 (same).