**April 2, 2025**

**To:**

**Michael J. Gottlieb**
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006
*Counsel for Plaintiff Aubrey Drake Graham*

**Sidley Austin LLP**
787 Seventh Avenue
New York, NY 10019
*Counsel for Defendant UMG Recordings, Inc.*

**Re: Amicus Curiae Submission – Drake v. UMG Recordings, Inc. (Case No. 25-00399)**

**Dear Counsel:**

This letter confirms that today I submitted my **Amicus Curiae Brief** (pro se, supporting neither party) to Judge Vargas in the above-referenced matter.

Enclosed is an exact copy of the brief and exhibits provided to the Court. Certified Mail tracking numbers confirming your receipt are:

- **Plaintiff's Counsel (Willkie Farr & Gallagher LLP)**:
  **9589 0710 5270 2368 5195 73**

- **Defendant's Counsel (Sidley Austin LLP)**:
  **9589 0710 5270 2368 5195 80**

Please direct all inquiries in writing via email. I am not available by phone and will not respond to voice calls.

Respectfully,

**Joseph Anthony Reyna**
Pro Se Amicus Curiae
Dreams Over Dollars™
5900 Balcones Dr. #16077
Austin, TX 78731
WhiteHat@JoeCattt.com | (956) 202-5580

**April 2, 2025**

**Hon. Judge Vargas**
**United States District Court**
**Southern District of New York**
**500 Pearl Street**
**New York, NY 10007**

**Re: Amicus Curiae Submission – Drake v. UMG Recordings, Inc. (Case No. 25-00399)**

**Your Honor,**

Enclosed please find my **Amicus Curiae Brief**, respectfully submitted pro se in the above-captioned matter. While unsolicited by the Court, this filing reflects over a decade of investigative research and advocacy regarding systemic exploitation and suppression in the music industry.

Identical copies were served to counsel for both parties via **Certified Mail** (tracking numbers: **9589 0710 5270 2368 5195 73** and **9589 0710 5270 2368 5195 80**) to maintain full transparency and meticulous procedural integrity.

This submission does not address the merits of the contractual dispute between the Plaintiff and Defendant. Instead, it provides documented context on broader issues—antitrust violations, selective enforcement, and algorithmic manipulation—that hold substantial historical significance beyond this litigation. As noted in **Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998)**, courts carry the duty not to remain silent when clear evidence of systemic harm enters the record.

Given Your Honor's commitment to fairness, procedural rigor, and moral clarity, I am confident in the Court's careful stewardship of these critical matters. Your willingness to recognize and record these systemic concerns will significantly impact artists, independent creators, and the public trust for years to come.

I remain available should the Court require any clarification or additional documentation.

**Joseph Anthony Reyna**
Pro Se Amicus Curiae
Founder, Dreams Over Dollars™
5900 Balcones Dr. #16077
Austin, TX 78731
WhiteHat@JoeCattt.com
(956) 202-5580

**Joseph Anthony Reyna**
Pro Se Amicus Curiae
Founder, Dreams Over Dollars™
WhiteHat@JoeCattt.com | (956) 202-5580
5900 Balcones Dr. #16077
Austin, TX 78731

**April 2, 2025**

**To Counsel of Record:**

**RE: Amicus Curiae Submission – *Drake v. UMG Recordings, Inc.*, Case No. 25-00399**
U.S. District Court – Southern District of New York

Dear Counsel,

Enclosed please find the **Amicus Curiae Brief** submitted in the above-captioned matter. Filed pro se by the undersigned, founder of Dreams Over Dollars™, this submission reflects more than twelve years of investigative, legal, and public-interest research into systemic exploitation within the modern music industry.

While I take no position regarding the parties' claims, this brief offers a **fact-based, evidentiary narrative of broader industry structures**—including antitrust violations, royalty misdirection, algorithmic suppression, and institutional complicity—that frame the legal and economic context in which this dispute now sits.

The brief cites and references:

- **DOJ Consent Decree materials** related to Live Nation/Ticketmaster

- **FOIA records** (including DOJ Tracking No. 2023-065194 and Washington State AG PRR-2025-0179 B1)

- **IRS Form 211 whistleblower disclosures** under 26 U.S.C. § 7623(b)

- **Whitepapers and sworn affidavits** on royalty manipulation, metadata suppression, and hedge fund-aligned content practices

- **Economic loss modeling** substantiating suppressed income, touring sabotage, and nonprofit shutdown resulting from the conduct described

For transparency and record integrity, I have also provided this submission to the following federal agencies:

- U.S. Department of Justice – Antitrust Division

- Federal Trade Commission – Bureau of Consumer Protection

- Securities and Exchange Commission – Enforcement Division

- U.S. Copyright Office

- Washington State Attorney General

A full **digital archive** has been enclosed on a certified USB flash drive accompanying this filing. This archive contains:

- Original affidavits

- Whitepapers and data analyses

- Public interview admissions (e.g., Chris Anokute, March 2024)

- Agency correspondence

- Venue and contract records confirming venue-level royalty suppression

All materials have previously been submitted to the above agencies and may be independently obtained via **FOIA under my name or nonprofit (Dreams Over Dollars™)**. For convenience, a full contents index has been included.

Finally, in the spirit of transparency and public oversight, this submission has also been provided to press outlets with a documented history of reporting on antitrust, digital rights, and cultural suppression—including *Rolling Stone*, *Billboard*, *Pitchfork*, *Law360*, and *The Intercept*.

Should you or your firm wish to review any portion of the digital archive, cross-reference agency submissions, or discuss specific legal elements of the brief, I am available at your convenience.

Respectfully,
**Joseph Anthony Reyna**
Pro Se Amicus Curiae
Founder, Dreams Over Dollars™

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Case No. 25-00399

AUBREY "DRAKE" GRAHAM, Plaintiff,

v.

UMG RECORDINGS, INC., Defendant.

BRIEF OF AMICUS CURIAE JOSEPH ANTHONY REYNA IN SUPPORT OF NEITHER PARTY Preserving the Public Interest in a Case with Systemic Implications

TABLE OF CONTENTS TABLE OF AUTHORITIES

STATEMENT OF INTEREST

SUMMARY OF ARGUMENT

LEGAL ARGUMENT A. Vertical Integration & Monopoly Abuse B. Algorithmic Suppression & Digital Payola C. Constitutional Violations & Selective Enforcement D. Cultural Exploitation, Investor Collusion & ESG Contradictions E. Whistleblower Standing, Regulatory Inaction & Historical Retaliation

FOIA ACCESSIBILITY & RECORD PRESERVATION

JUDICIAL ETHICS & HISTORICAL MEMORY

RELIEF SOUGHT

USB FLASH DRIVE SUMMARY (CERTIFIED MAIL)

APPENDIX LIST (Date Submitted: April 1, 2025)

CONCLUSION

CERTIFICATE OF SERVICE

TABLE OF AUTHORITIES

Statutes & Regulations Sherman Antitrust Act, 15 U.S.C. §§ 1–2 Federal Trade Commission Act, 15 U.S.C. § 45 Lanham Act, 15 U.S.C. § 1125(a) 47 U.S.C. § 317 FOIA, 5 U.S.C. § 552 IRS Whistleblower Program, 26 U.S.C. § 7623(b) RICO Act, 18 U.S.C. §§ 1961–1968 U.S. Constitution: First, Fifth, and Fourteenth Amendments

Cases United States v. Paramount Pictures, Inc., 334 U.S. 131 (1948) United States v. Microsoft Corp., 253 F.3d 34 (D.C. Cir. 2001) City of Gary v. Smith & Wesson Corp., 801 N.E.2d 1222 (Ind. App. 2003) Yick Wo v. Hopkins, 118 U.S. 356 (1886) Packingham v. North Carolina, 137 S. Ct. 1730 (2017)

Other Authorities DOJ Consent Decree Records (WA AG PRR-2025-0179 B1) IRS Form 211 Whistleblower Filings (Tracking No. 2022-TX-MSP-4479) DOJ FOIA Request (Tracking No. DOJ-2023-065194)

Whitepapers Exposing Corporate Silence and Exploitation Across Industries The Fraud Factory Beyond the Algorithm Streaming Under Siege Predators' Playbook Record Labels & The Firearms Industry

STATEMENT OF INTEREST Amicus Curiae Joseph Anthony Reyna is the founder of Dreams Over Dollars™, a Texas-based nonprofit dedicated to restoring economic equity in the music industry. Amicus has submitted FOIA filings and whistleblower disclosures to DOJ, FTC, IRS, SEC, and multiple state attorneys general concerning systemic exploitation, revenue misdirection, and digital content suppression. Amicus seeks to assist the Court in recognizing that this case implicates broader systemic concerns beyond the specific contractual dispute.

SUMMARY OF ARGUMENT While the case involves contractual disputes between an artist and a label, the surrounding ecosystem includes vertical consolidation, algorithmic favoritism, and disproportionate enforcement. Amicus urges the Court to allow robust discovery and record preservation to ensure the broader public interest is not lost.

LEGAL ARGUMENT

A. Vertical Integration & Monopoly Abuse UMG maintains financial and strategic ties to streaming platforms such as Spotify. This enables simultaneous control over artist output, distribution, and promotion—raising concerns under the Sherman Act. Prior cases such as Paramount Pictures (1948) recognized this vertical arrangement as a restraint on market entry and innovation.

B. Algorithmic Suppression & Digital Payola The modern equivalent of payola occurs through algorithms. Spotify's "Discovery Mode" program requires royalty concessions in exchange for visibility, obscuring what is truly curated versus promoted. This may implicate 47 U.S.C. § 317 and constitutes structural harm to independent creators.

C. Constitutional Violations & Selective Enforcement There is a pattern of heightened scrutiny and punitive action toward artists challenging corporate power, while major-label anomalies go unchecked. This raises Fourteenth Amendment equal protection issues and may chill protected speech under the First Amendment.

D. Cultural Exploitation, Investor Collusion & ESG Contradictions Asset management firms such as BlackRock and Vanguard hold equity in both entertainment and controversial industries (e.g., firearms, private prisons). These cross-holdings raise moral contradictions between ESG commitments and real-world outcomes, particularly in the monetization of violent content.

E. Whistleblower Standing, Regulatory Inaction & Historical Retaliation Amicus has submitted IRS Form 211 filings and received no meaningful response. Independent artists report retaliation including metadata tampering and unexplained deplatforming. Without judicial recognition, these patterns risk normalizing silent suppression.

FOIA ACCESSIBILITY & RECORD PRESERVATION Amicus urges the Court to permit discovery into relevant agency documents and accept judicial notice of submitted FOIA filings to ensure this matter's full scope remains preserved.

JUDICIAL ETHICS & HISTORICAL MEMORY Citing Yick Wo, the Court must guard against becoming an inadvertent instrument of institutional exclusion. Even if the Court declines to act substantively on these matters, maintaining the record ensures that future inquiry is not foreclosed.

RELIEF SOUGHT Amicus requests the Court:

- Accept this brief and attached materials into the record
- Permit robust discovery into financial and algorithmic conduct
- Refer any findings of systemic abuse to appropriate regulators
- Preserve the sealed USB evidence and appendix for future review

USB FLASH DRIVE SUMMARY (CERTIFIED MAIL) The sealed USB includes:

- FOIA logs and responses
- Metadata and royalty audit files
- Sworn affidavits from impacted artists
- Select whitepapers cited herein

APPENDIX LIST (Date Submitted: April 1, 2025)

- DOJ/FTC/IRS FOIA Logs
- WA AG Consent Decree Materials
- IRS Form 211 Records
- Royalty & Metadata Audit Samples
- ESG Investment Conflict Matrix

CONCLUSION This case is more than a dispute between an artist and label. It reflects a deeper issue of systemic control and public accountability. By accepting this brief, the Court ensures that the record reflects the magnitude of what is at stake.

CERTIFICATE OF SERVICE I, Joseph Anthony Reyna, hereby certify that on April 1, 2025, a true and correct copy of this Brief of Amicus Curiae was served via ECF or email on all counsel of record.

Respectfully Submitted,

_____

**Joseph Anthony Reyna**
Amicus Curiae / Researcher & Artist Advocate
Founder, Dreams Over Dollars™
WhiteHat@JoeCattt.com | (956) 202-5580
5900 Balcones Dr. #16077 | Austin, TX 78731

**Dated**: 04/02/25

**STATE OF TEXAS**
**COUNTY OF HAYS**

---

**AFFIDAVIT OF JOSEPH ANTHONY REYNA**

BEFORE ME, the undersigned authority, on this day personally appeared **Joseph Anthony Reyna**, who, being first duly sworn, upon oath deposed and stated as follows:

1. **"My name is Joseph Anthony Reyna.** I am over the age of eighteen (18), of sound mind and body, and otherwise fully competent to make this affidavit. All statements contained herein are based on my personal knowledge and are true and correct to the best of my knowledge, understanding, and belief."

2. **"I am the Founder and Executive Director of Dreams Over Dollars™**, a nonprofit public-interest research and education organization incorporated in the State of Texas. Our mission is to advocate for transparency, constitutional protections, and equitable treatment in the entertainment and creative industries, particularly on behalf of independent creators and underserved communities."

3. **"In my professional capacity and through personal lived experience**, I have conducted multi-year investigations into systemic misconduct by major record labels, streaming platforms, venue monopolies, and associated institutional investors. These practices include but are not limited to:

   - Algorithmic suppression of artist visibility

   - Unjust enrichment and royalty misallocation

   - Nontransparent bundling of subscription revenue

   - Pay-for-play promotional schemes

   - Racially discriminatory enforcement and cultural commodification

   - Retaliatory economic exclusion"

4. **"These practices, in my belief and according to documentary evidence, constitute violations of**:

- **The Sherman Antitrust Act** (15 U.S.C. §§ 1–2)

- **The Federal Trade Commission Act** (§ 5, 15 U.S.C. § 45)

- **The Lanham Act** (15 U.S.C. § 1125(a))

- **The Racketeer Influenced and Corrupt Organizations Act** (18 U.S.C. §§ 1961–1968)

- **The First, Fifth, and Fourteenth Amendments to the United States Constitution**

- **Whistleblower Protection laws**, including 26 U.S.C. § 7623(b) and related federal protections"

5. **"As part of these efforts, I have submitted more than thirty (30) Freedom of Information Act (FOIA) requests—accompanied by whistleblower disclosures, affidavits, and legal memoranda—to numerous federal and state agencies, including but not limited to:**

   - U.S. Department of Justice (DOJ) and DOJ OIG

   - Federal Trade Commission (FTC)

   - Securities and Exchange Commission (SEC)

   - Internal Revenue Service (IRS) – Form 211 submissions

   - Department of Education

   - U.S. Copyright Office

   - Washington State Attorney General (Public Record Request PRR-2025-0179 B1)"

6. **"The Washington State Attorney General's response included over 500 pages of records**, confirming internal recognition of vertical monopolies, anticompetitive live venue contracts, and potential violations of the DOJ Consent Decree related to Live Nation and Ticketmaster, supporting precedent set in *United States v. Paramount Pictures*, 334 U.S. 131 (1948), and more recently *United States v. Live Nation*

*Entertainment Inc.*, 1:10-cv-00187 (D.D.C.)."

7. **"I have authored multiple whitepapers and public reports**, including:

   ○ *How Spotify Hides Money*

   ○ *Streaming Under Siege*

   ○ *Exposing Corporate Silence and Exploitation Across Industries*

   ○ *The Fraud Factory*

   ○ *Record Labels & The Firearms Industry*

   ○ *Predators' Playbook*

   ○ *Beyond the Algorithm: A Legal and Moral Analysis*"

8. **"I have personally suffered quantifiable and reputational harm**, including:

   ○ Withheld royalties and algorithmic downgrading (Spotify "1,000-stream rule")

   ○ Touring exclusion via Live Nation-controlled venues

   ○ Closure of a nonprofit facility (1402 Hildebrand Ave., San Antonio, TX) due to financial sabotage

   ○ Harassment and targeted deplatforming following protected speech and whistleblower activity"

9. **"These events and documented retaliatory patterns reflect systemic institutional failures** to protect whistleblowers and maintain regulatory integrity, and in my view, constitute **constructive violations of my constitutional rights** under the First Amendment (retaliation and access to redress), Fifth Amendment (due process and takings), and Fourteenth Amendment (equal protection)."

10. **"This affidavit is submitted under penalty of perjury as a matter of judicial record preservation**, and not on behalf of or against any litigant. It is intended solely to establish that the allegations raised in related filings are part of a wider documented pattern of misconduct, agency inaction, and systemic bias—one that implicates

regulatory, judicial, and constitutional oversight."

11. **"All evidence referenced herein is traceable, verifiable, and has been submitted through formal channels.** I am prepared to produce said materials under subpoena or at the request of a court of competent jurisdiction."

---

**FURTHER AFFIANT SAYETH NOT.**

Signed this ___ day of _____, 2025.

_____

**Joseph Anthony Reyna**
Pro Se Amicus Curiae
Founder, Dreams Over Dollars™

---

**SWORN TO AND SUBSCRIBED** before me, the undersigned authority, on this ___ day of _____, 2025, in Hays County, Texas.

_____

Notary Public, State of Texas
My Commission Expires: _____

_____

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF NEW YORK

**Case No. 25-00399**

AUBREY "DRAKE" GRAHAM,
 Plaintiff,
 v.
 UMG RECORDINGS, INC.,
 Defendant.

---

**AMICUS CURIAE SUBMISSION**

**COVER LETTER**

**Date:** April 2, 2025
 **To:** Counsel of Record
 **Re:** *Amicus Curiae Submission – Drake v. UMG Recordings, Inc., Case No. 25-00399 (S.D.N.Y.)*

Dear Counsel:

Enclosed please find the *Amicus Curiae* Brief of **Joseph Anthony Reyna**, submitted in the above-captioned matter. I am proceeding **pro se** as founder of Dreams Over Dollars™, a nonprofit public-interest research and advocacy organization focusing on equitable treatment and transparency in the music industry.

This Brief is offered in support of **neither party** but is submitted to contextualize broader systemic dynamics relevant to the Court's review, including alleged antitrust violations, royalty misdirection, algorithmic suppression, and institutional inaction.

**Overview of Materials**

1. **Amicus Curiae Brief** (attached):

   ○ **Scope**: Outlines alleged vertical integration, digital payola, and royalty manipulation.

   ○ **Legal References**: Cites the Sherman Act, Federal Trade Commission Act, IRS Whistleblower Program (26 U.S.C. § 7623(b)), FOIA (5 U.S.C. § 552), and the

Administrative Procedure Act (5 U.S.C. § 702) for claims of regulatory inaction.

2. **Affidavit of Joseph A. Reyna** (attached):

   ○ **Personal Knowledge**: Summarizes my investigations and whistleblower disclosures.

   ○ **Documentary Evidence**: Clarifies which claims are supported by direct exhibits, FOIA logs, or prior agency correspondence.

3. **Sealed USB Flash Drive** (submitted via Certified Mail to Clerk and relevant agencies):

   ○ **Contents**:

      ■ FOIA logs and responses (e.g., DOJ Tracking No. 2023-065194; Washington State AG PRR-2025-0179 B1)

      ■ IRS Form 211 submissions under 26 U.S.C. § 7623(b)

      ■ Whitepapers on royalty manipulation, metadata suppression, and investor collusion

      ■ Additional affidavits from affected artists

## Disclaimers for Accuracy & Credibility

- **Documentary Support**: All case-number references, FOIA logs, and regulatory filings cited herein can be independently verified. Claims referencing royalties, metadata, or specific antitrust inquiries are supported by documented submissions or publicly available records.

- **No Causal Inference on "Suspicious Deaths"**: While the attached brief mentions certain artists' deaths or circumstances, no direct causal connection is alleged, implied, or proven. These references serve **only** to illustrate perceived industry pressure or chilling effects—**not** to assert wrongdoing absent evidence.

- **Statutory vs. Constitutional Claims**: Where claims concern alleged regulatory inaction (IRS, FTC, FCC), this filing invokes **26 U.S.C. § 7623(b)** (IRS Whistleblower Program) and the **Administrative Procedure Act (5 U.S.C. § 702)**. No argument is made under

*Bivens*; allegations of "failure to act" focus on agencies' statutory or regulatory duties.

- **Conspiratorial Themes**: Any mention of broad industry collusion is supported by *factual or documentary records* (e.g., live venue contracts, investor disclosures). Speculative or anecdotal statements are not offered as proof of conspiracy but merely to provide **context** on systemic patterns.

## Distribution & Press Transparency

Out of a commitment to public integrity and thoroughness, this submission—including the sealed digital archive—has been provided to the following agencies and press outlets known to cover antitrust, cultural, and digital-rights issues:

- **U.S. Department of Justice – Antitrust Division**

- **Federal Trade Commission – Bureau of Consumer Protection**

- **Internal Revenue Service – Whistleblower Office**

- **Washington State Attorney General**

- **Rolling Stone, Billboard, Pitchfork, Law360,** and **The Intercept**

Thank you for your consideration. I remain available should you or your firm wish to review any digital archives, cross-reference agency materials, or discuss specific legal elements raised.

**Respectfully submitted,**
/s/ **Joseph Anthony Reyna**
Pro Se Amicus Curiae
Founder, Dreams Over Dollars™
WhiteHat@JoeCattt.com | (956) 202-5580
5900 Balcones Dr. #16077
Austin, TX 78731

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF NEW YORK

**Case No. 25-00399**

AUBREY "DRAKE" GRAHAM,
 Plaintiff,
 v.
 UMG RECORDINGS, INC.,
 Defendant.

---

**BRIEF OF AMICUS CURIAE**

**JOSEPH ANTHONY REYNA**

**IN SUPPORT OF NEITHER PARTY**

**Preserving the Public Interest in a Case with Systemic Implications**

---

**TABLE OF CONTENTS**

1. **Table of Authorities**

2. **Preliminary Acknowledgment & Procedural Note**

3. **Statement of Interest**

4. **Summary of Argument**

5. **Legal Argument**

   ○ A. Vertical Integration & Monopoly Abuse

   ○ B. Algorithmic Suppression & Digital Payola

○ C. Constitutional vs. Statutory Violations & Selective Enforcement

○ D. Cultural Exploitation, Investor Collusion & ESG Contradictions

○ E. Whistleblower Standing, APA Claims & Regulatory Inaction

6. **Parallel Harms – Named Artist Case Studies**

7. **FOIA Accessibility & Record Preservation**

8. **Judicial Ethics & Historical Memory**

9. **Relief Sought**

10. **USB Flash Drive Summary (Certified Mail)**

11. **Appendix List**

12. **Conclusion**

13. **Certificate of Service**

---

## TABLE OF AUTHORITIES

**Statutes & Regulations**

- **Sherman Antitrust Act**, 15 U.S.C. §§ 1–2

- **Federal Trade Commission Act**, 15 U.S.C. § 45

- **Lanham Act**, 15 U.S.C. § 1125(a)

- **FCC Payola Disclosure Requirement**, 47 U.S.C. § 317

- **Freedom of Information Act (FOIA)**, 5 U.S.C. § 552

- **Administrative Procedure Act (APA)**, 5 U.S.C. § 702

- **IRS Whistleblower Program**, 26 U.S.C. § 7623(b)

- **RICO Act**, 18 U.S.C. §§ 1961–1968

**Cases**

- *United States v. Paramount Pictures, Inc.*, 334 U.S. 131 (1948)

- *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001)

- *Yick Wo v. Hopkins*, 118 U.S. 356 (1886)

- *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017)

- *City of Gary v. Smith & Wesson Corp.*, 801 N.E.2d 1222 (Ind. App. 2003)

**Other Authorities**

- **DOJ Consent Decree Records** (Washington State AG PRR-2025-0179 B1)

- **IRS Form 211 Whistleblower Filings**

- **DOJ FOIA Request** (Tracking No. 2023-065194)

---

## PRELIMINARY ACKNOWLEDGMENT & PROCEDURAL NOTE

Respecting the Court's limited resources, Amicus Curiae has consolidated supporting documentation onto a sealed USB drive. This approach is consistent with judicial economy and ensures the Court's ability to verify records without undue paper filings. This Brief supports **neither party**, in line with the Court's practice of permitting relevant public-interest insights.

---

## STATEMENT OF INTEREST

Amicus Curiae **Joseph A. Reyna** founded **Dreams Over Dollars™**, a Texas-based nonprofit dedicated to transparency, equitable treatment, and constitutional protections in the entertainment

industry. Through direct whistleblower submissions (e.g., IRS Form 211 under **26 U.S.C. § 7623(b)**; FOIA filings under **5 U.S.C. § 552**), Amicus has documented alleged systemic abuses affecting independent artists.

Amicus appears solely as a researcher, whistleblower, and music professional with firsthand experience of alleged retaliatory structures—**not** as counsel to any litigant.

---

## SUMMARY OF ARGUMENT

While this case involves a specific contractual or royalty dispute between an artist and label, the legal and economic matrix reveals:

1. **Vertical Integration & Monopoly Abuse**

   ○ Major label–DSP–venue consolidation potentially violates the Sherman Act.

2. **Algorithmic Suppression & Digital Payola**

   ○ Covert "Discovery Mode" royalties trades and promotional pay-to-play mirror historical payola.

3. **Disparate or Selective Enforcement**

   ○ Independent or minority creators often endure heightened scrutiny, implicating due process and fairness under statutory frameworks.

4. **Investor Collusion & ESG Contradictions**

   ○ Cross-holdings in entertainment, firearms, and private prisons raise moral and potentially legal questions.

5. **Whistleblower Standing & Regulatory Failures**

   ○ Despite FOIA logs and IRS submissions, no meaningful agency response has occurred, raising *failure-to-act* implications under the APA (5 U.S.C. § 702).

Amicus urges the Court to acknowledge that these issues transcend the individual parties, justifying broader discovery and record preservation.

## LEGAL ARGUMENT

### A. Vertical Integration & Monopoly Abuse

**UMG, Live Nation, and Spotify** exhibit vertical integration, similar to the "content–distribution–exhibition" arrangement struck down in *United States v. Paramount Pictures* (1948). Evidence, including Live Nation's near-monopoly on major venues and UMG's equity in Spotify, suggests potential restraint of trade, limiting market entry for independents—an outcome disfavored under *United States v. Microsoft Corp.* (D.C. Cir. 2001).

### B. Algorithmic Suppression & Digital Payola

Modern payola thrives in algorithmic contexts. **Spotify's "Discovery Mode"** compels artists to accept lower royalties for better placement, arguably violating:

- **47 U.S.C. § 317** (Payola Disclosure)

- **15 U.S.C. § 45** (FTC deceptive practice standards)

- **15 U.S.C. § 1125(a)** (misrepresentation under the Lanham Act)

Such systematic manipulation conceals promotional content behind "organic" curation, harming independent creators who refuse these terms.

### C. Constitutional vs. Statutory Violations & Selective Enforcement

Amicus does **not** advance a *Bivens* claim but emphasizes selective enforcement under relevant statutes. Heightened scrutiny of independent creators, alongside minimal oversight of major-label deals, may breach fairness principles recognized in *Yick Wo v. Hopkins* (1886). Moreover, *Packingham v. North Carolina* (2017) recognized digital spaces akin to public forums; manipulative deplatforming or disproportionate promotional control might imperil free expression and due process in an **administrative** sense.

### D. Cultural Exploitation, Investor Collusion & ESG Contradictions

Large fund managers (BlackRock, Vanguard) hold cross-industry stakes spanning music, firearms, and private prisons—raising moral and potential **RICO** implications. While these are not direct "constitutional" claims, the business structure fosters contradictory ESG statements and underscores a profit cycle that benefits from violent or exploitative content.

**E. Whistleblower Standing, APA Claims & Regulatory Inaction**

1. **26 U.S.C. § 7623(b) Filings**

   ○ Amicus filed multiple IRS Form 211 whistleblower disclosures, detailing alleged royalty misdirection. Despite **documented** harm, formal responses remain absent.

2. **APA (5 U.S.C. § 702) Failure-to-Act**

   ○ The **FTC**, **FCC**, and **IRS** have statutory mandates to address payola, deceptive practices, and unreported income. Yet repeated FOIA responses indicate minimal substantive inquiry, suggesting an unaddressed *failure to act* under the APA.

3. **Disclaimers on Suspicious Deaths**

   ○ While some public figures' untimely passings are referenced in public discourse about systemic pressures, **no causal link** is alleged here. These references serve only to illustrate the broader climate wherein whistleblowers or critical voices perceive potential risks.

---

## PARALLEL HARMS – NAMED ARTIST CASE STUDIES

Below are examples featuring direct **documentary evidence** of systemic or retaliatory dynamics. (See **Appendix I** for detailed support.)

1. **Tory Lanez**

   ○ **Direct Documentary Support**: FOIA records on NFT-based music distribution faced abrupt algorithmic throttling.

2. **Chad "Focus" Arrington**

   ○ **Federal Conviction** for practices mirroring major-label "stream boosting" strategies rarely prosecuted at higher levels.

3. **Fetty Wap**

- **Documented** withheld royalty statements during incarceration; major platforms continued benefiting from streams.

4. **Jay Rock**

   - **Removal from DSP Playlists** lacking public justification. Agency FOIA requests (FTC FOIA-2025-01357) confirm payola disclaimers hidden from consumers.

5. **(Deceased Artists)**

   - Mentioned solely for context regarding stigma and fear. **No direct evidence** of a causal relationship or conspiracy is alleged.

These vignettes collectively demonstrate how advanced consolidation, selective enforcement, and unclear payola practices harm independent or lesser-resourced creators.

---

## FOIA ACCESSIBILITY & RECORD PRESERVATION

Amicus has systematically pursued FOIA requests—*e.g.*, DOJ Tracking No. **2023-065194**, WA AG PRR-2025-0179 B1—for clarity on government oversight of antitrust and fraudulent royalty practices. Prolonged or incomplete responses underscore the necessity of **judicial notice** or limited **in-camera** review to ensure relevant facts are preserved.

---

## JUDICIAL ETHICS & HISTORICAL MEMORY

Per *Yick Wo*, the Court must avoid inadvertently endorsing selective enforcement or ignoring credible documentary evidence. Even if the Court does not reach these systemic issues directly, it can preserve the record for future legislative or regulatory attention.

---

## RELIEF SOUGHT

Amicus respectfully requests:

1. **Acceptance of Brief & Exhibits**

○ Recognize all attached materials (including the sealed USB) to ensure **documentary** clarity.

2. **Permission for Limited Discovery**

   ○ Allow or encourage targeted discovery on DSP–label relationships, including royalty audits and "Discovery Mode" deals.

3. **Consideration of APA & Whistleblower Issues**

   ○ Note the references to **26 U.S.C. § 7623(b)** (IRS Whistleblower Program) and potential failure-to-act claims under the **APA (5 U.S.C. § 702)**, directing relevant agencies to address potential statutory violations.

4. **Referral to Regulators**

   ○ Should evidence of systemic misbehavior surface, refer findings to the **DOJ Antitrust Division**, **FTC**, **IRS**, or **FCC** for further investigation.

5. **Record Preservation**

   ○ Maintain the sealed USB and related materials under protective seal, ensuring future access if further inquiry is warranted.

---

## USB FLASH DRIVE SUMMARY (CERTIFIED MAIL)

A sealed USB was provided to:

- **Clerk, U.S. District Court (SDNY)**

- **U.S. DOJ – Antitrust Division**

- **FTC – Bureau of Consumer Protection**

- **IRS Whistleblower Office**

- **Washington State AG**

**Contents**:

- FOIA correspondence logs, official agency letters

- Royalty audits and metadata evidence

- Sworn affidavits from impacted artists

- Whitepapers on systemic royalty manipulation

- Relevant investor disclosures and ESG analyses

---

**APPENDIX LIST**

1. **Appendix A** – DOJ/FTC/IRS FOIA Logs

2. **Appendix B** – Washington State Consent Decree Materials

3. **Appendix C** – IRS Form 211 Records (26 U.S.C. § 7623(b))

4. **Appendix D** – Royalty & Metadata Audit Samples

5. **Appendix E** – ESG Investment Conflict Matrix

6. **Appendix F** – Affidavits of Independent Artists (Sworn)

7. **Appendix G** – Whitepapers on Algorithmic Suppression and Digital Payola

8. **Appendix H** – Public Statements of Chris Anokute (March 2024)

9. **Appendix I** – Artist Case Studies (Documentary Evidence)

10. **Appendix J** – Economic Suppression Model

---

**CONCLUSION**

"A memory entered into the judicial record becomes impervious to erasure. Once documented here, neither algorithms nor institutional inertia can obscure the truths preserved."

---

## I. DOCUMENTED STRUCTURAL EXPLOITATION

Amicus has presented clear evidence of industry-wide practices systematically disadvantaging independent creators. Publicly touted "exponential" streaming growth frequently defies statistical norms, suggesting algorithmic manipulation rather than purely organic engagement.

These observations do not allege isolated wrongdoing, but rather highlight a **systemic architecture** designed to concentrate power. Artists who challenge contract terms or industry controls often experience abrupt declines in visibility and earnings, indicating possible algorithmic suppression. Past cases—spanning Prince, TLC, Kesha, and Michael Jackson—demonstrate that today's digital issues merely extend longstanding patterns of structural exploitation.

---

## II. CONFLICT OF INTEREST: WILLKIE FARR & GALLAGHER

Willkie Farr & Gallagher LLP's dual roles as counsel to major industry figures and a financial participant in platform transactions underscore potential conflicts warranting judicial scrutiny. While this brief does not allege intentional misconduct, transparency under **Canon 2** of the Judicial Code and **28 U.S.C. § 455** is essential to maintaining public trust in the Court's impartiality.

---

## III. HISTORICAL CONTEXT & MORAL INTEGRITY

In **Steel Co. v. Citizens for a Better Environment**, 523 U.S. 83 (1998), the Supreme Court held that documented harm cannot be dismissed through procedural inaction alone. History will measure the response to such evidence as either an act of courage or an endorsement by silence. In placing this record before the Court, Amicus underscores that judicial acknowledgment—however measured—carries profound historical implications.

---

## IV. THE DRAKE–UMG EXAMPLE IN CONTEXT

Ongoing claims of "organic" exponential growth among marquee artists under major labels often appear statistically improbable, echoing the structural disadvantages already described. The juxtaposition of industry-favored stars with systematically marginalized creators illuminates the precarious dependency of even top-tier artists on corporate gatekeepers. Far from a simple matter of taste or popularity, these patterns reflect deeper systemic forces at play.

---

## V. REQUEST FOR JUDICIAL ACKNOWLEDGMENT

Respectfully, Amicus asks this Court to:

1. **Include** this brief and supporting documentation in the official judicial record, preserving the information for posterity.

2. **Take Judicial Notice** pursuant to **Federal Rule of Evidence 201(b)(2)** of the verifiable materials provided.

3. **Review & Acknowledge** potential conflicts under **28 U.S.C. § 455**, ensuring continued public confidence in impartial proceedings.

4. **Preserve** the record so that future stakeholders—regulatory bodies, litigants, historians—cannot claim ignorance of these documented patterns.

This submission does not demand immediate remedies but respectfully entrusts the **responsibility of recognition** to Your Honor's known integrity, prudence, and historical awareness.

---

## FINAL WORD

"A single act of judicial acknowledgment can fracture the silence on which systemic harm thrives. Let this brief be that act."

**Respectfully and Humbly Submitted,**


/s/ **Joseph Anthony Reyna**
**Joseph Anthony Reyna**
Pro Se Amicus Curiae

Founder, Dreams Over Dollars™
WhiteHat@JoeCattt.com | (956) 202-5580
5900 Balcones Dr. #160771
Austin, TX 78731

**Dated:** April 2, 2025

---

## VII. CERTIFICATE OF SERVICE

I, **Joseph A. Reyna**, hereby certify that on April 2, 2025, I served the foregoing *Amicus Curiae Brief* and accompanying exhibits, via **ECF (where permissible)** or **electronic mail**, upon all counsel of record:

- **UMG Recordings, Inc. Counsel**

- **Counsel for Plaintiff Aubrey "Drake" Graham**

Additionally, courtesy copies were furnished via Certified Mail (Return Receipt Requested) to:

- **U.S. Department of Justice – Antitrust Division**

- **FTC – Bureau of Consumer Protection**

- **IRS Whistleblower Office**

- **Securities and Exchange Commission – Enforcement Division**

- **Washington State Attorney General's Office**

**Respectfully Submitted,**

---

/s/ **Joseph Anthony Reyna**
**Joseph Anthony Reyna**
Amicus Curiae / Researcher & Artist Advocate
Founder, Dreams Over Dollars™
WhiteHat@JoeCattt.com | (956) 202-5580
5900 Balcones Dr. #160771 | Austin, TX 78731

**Dated:** March 31, 2025

---

## VIII. EXHIBIT INDEX

**Folder 1: Industry Documents & Case Evidence**

1. **Songwriter Compensation**

2. **Streaming Under Siege**

3. **Super Bowl Case Study**

4. **The Devaluation of Music**

5. **The Indie Facade**
6. **Entertainment Corporations & Private Prisons**

7. **TikTok Paradox**

8. **Video Game Music Licensing**

9. **WA AG Records PRR-2025-0179 B1**

10. **Withholding Practices in the Music Industry**

11. **How Spotify Hides Money**

12. **LUMINATE 2024 REPORT** (systemic bias in streaming)

13. **Music Promo Today** (influencer payments & undisclosed payola)

14. **Catalog Inflation**

15. **Pay-to-Play Practices (Payola Study)**

16. **Predators' Playbook** (child exploitation & regulatory failures)

17. **RIAA Systemic Issues**

18. **University of Illinois FOIA 25-409**

19. **Amazon Music: Dark Pattern Economics**

20. **Billboard Chart Methodologies**

21. **Consumer Overpayment & Artist Marginalization**

22. **Drake vs. UMG Recordings Lawsuit**

23. **Corporate Silence & Exploitation Across Industries**

24. **Spotify Whistleblower Evidence (Glenn Communications)**

25. **Government Inaction & Youth Exploitation in Hip-Hop Media**

26. **Jukeboxes, DJs, Algorithms & Cultural Suppression**

**Folder 2: Timeline of FOIA Responses & Whistleblower Evidence**

1. DOJ Antitrust FOIA ATFY25-320-06

2. SEC FOIA 25-01588

3. FBI/DOJ (IC3) Complaint

4. SEC FOIA 25-01946 (PPP Fraud)

5. SEC FOIA 25-01915 (Ownership Data)

6. SEC FOIA 25-01916 (Spotify IPO)

7. IRS – FOIA Appeals Letter (Lobbying Disclosure)

8. SEC FOIA 25-01923 (YouTube Music Streaming)

9. DOJ Antitrust FOIA 25-351 (Prosecutorial Ties)

10. SEC FOIA 25-01799 (UMG Influencer Payments)

11. FCC FOIA 2025-620 (Metadata Fraud)

12. FTC FOIA 2025-01372 (Tory Lanez Prosecution)

13. Constitutional Affidavit (Texas Legislature)

14. Federal Whistleblower Affidavit (March 25)

15. Whistleblower Report (COI – Nelnet/DOE)

16. Congressional Oversight Letter

17. Affidavit March 15 (Certified, March 17)

18. DOJ Antitrust FOIA ATFY25-359-05 (Chad Arrington)

19. SEC FOIA 25-01962 (PPP Loans)

20. SEC FOIA 25-01981 (Revolving Door & Citigroup)

---

**End of Filing**

**Respectfully submitted,**
 /s/ **Joseph Anthony Reyna**
 **Pro Se Amicus Curiae**