# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUBREY DRAKE GRAHAM,<br><br>                         Plaintiff,<br><br>     - against -<br><br>UMG RECORDINGS, INC.,<br><br>                         Defendant. | Case No. 25-cv-00399<br><br>Hon. Jeannette A. Vargas |

**PLAINTIFF'S AMENDED INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(e)**

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff Aubrey Drake Graham ("Drake" or "Plaintiff"), through his undersigned counsel, hereby makes the following Amended Initial Disclosures (the "Amended Disclosures"). These Amended Disclosures are based upon information reasonably available to Plaintiff at the present time. Plaintiff reserves the right to supplement, revise, and/or correct these Amended Disclosures as he obtains additional information. Furthermore, Plaintiff makes these Amended Disclosures without waiver of, or prejudice to, any current or future objections Plaintiff may have, and Plaintiff expressly reserves all objections. Nothing in these Amended Disclosures constitutes, or is intended to constitute, a waiver of any claim, right, or defense in this case or otherwise.

**I.   Fed. R. Civ. P. 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on current knowledge, information, and belief and subject to further investigation, discovery, and analysis by experts, Plaintiff discloses the following individuals. Plaintiff reserves

the right to amend or supplement these disclosures as provided under Fed. R. Civ. P. 26(e). Plaintiff further incorporates by reference herein each individual and entity identified in a Rule 26 disclosure by any other party to this litigation. The following disclosures do not include persons whose testimony is likely to be used solely for impeachment, rebuttal, or expert witness testimony. Where known, Plaintiff has provided the addresses and telephone numbers of the listed individuals.

| Name and Title | Contact Information | General Subject Matter |
|---|---|---|
| Plaintiff Aubrey Drake Graham | c/o counsel<br>Michael Gottlieb<br>Willkie Farr & Gallagher<br>1875 K St. NW<br>Washington, DC 20006 | All causes of action |
| Defendant UMG Recordings, Inc. | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |
| Ramon Alvarez-Smikle (EVP, Head of Digital Marketing, Interscope ) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's use of covert tactics to promote the Defamatory Material |
| Kojo Menne Asamoah | 722 Jackson Street, Los Angeles, California 90012 | Defendant's use of covert tactics to promote the Defamatory Material |
| Jordan Bell (Urban Influencer and Content Marketing, Interscope) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's use of covert tactics to promote the Defamatory Material |
| Steve Berman (President of Marketing, Interscope) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |

| Name and Title | Contact Information | General Subject Matter |
|---|---|---|
| Anthony Bucher a/k/a Tony the Hitmaker | Hitmaker Services Inc.<br>81 Lake Ridge Road<br>Santa Rosa Beach, FL 32459<br>tony@hitmakerservice.com | Defendant's use of covert tactics to promote the Defamatory Material |
| Tiffany Bullock (Senior Manager, Influencer and Content Marketing, Interscope) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's marketing of the Defamatory Material |
| Laura A. Carter | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's use of covert tactics to promote the Defamatory Material |
| Jesse Collins (Roc Nation) | ℅ Jennifer Justice<br>General Counsel and Executive Vice President (EVP)<br>Roc Nation, LLC<br>540 West 26th Street<br>New York, NY 10001 | Defendant's licensing and performance of the Defamatory Material at the 2025 Super Bowl |
| Vincenza Conticchio (Video & Creative Content Commissioner, Interscope) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Knowledge relating to Defamatory Material |
| Bill Evans (Interscope EVP Urban Promotion) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |
| David Isaac Friley | 235 Ocean Park Blvd, Apt B, Santa Monica, CA, 90405 | All causes of action |
| Jody Gerson (CEO of UMPG) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's use of covert tactics to promote the Defamatory Material |

3

| Name and Title | Contact Information | General Subject Matter |
|---|---|---|
| Sir Lucian Grainge (CEO UMG) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |
| Jeffrey Harleston | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |
| John Janick (CEO Interscope.) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |
| David Kaefer (VP, Head of Music and Audiobooks Business at Spotify USA Inc.) | ℅ Jonathan M. Sperling<br>Phillip Hill<br>Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 841-1000<br>jsperling@cov.com<br>pahill@cov.com | Defendant's promotion and licensing of the Defamatory Material; Defendant's use of covert tactics to promote the Defamatory Material; Metrics related to publication of the Defamatory Material on music streaming platform. |
| Joshua Delseni a/k/a Josh Kaplan | 1011 Lake Avenue<br>Wilmette, IL 60091-1763<br>1525 N. Elston Avenue, 2nd Floor<br>Chicago, IL 60642<br>josh@imsgroup.io | Defendant's use of covert tactics to promote the Defamatory Material |
| Andrew Kronfeld (UMG EVP Marketing) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's use of covert tactics to promote the Defamatory Material |
| Annie Lee (COO Interscope) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's use of covert tactics to promote the Defamatory Material |

4

| Name and Title | Contact Information | General Subject Matter |
|---|---|---|
| Avery Lipman (President Republic Records) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |
| Monte Lipman (CEO Republic Records) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |
| Faatimah Mahadi (Marketing Coordinator, Interscope) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's marketing of Defamatory Material |
| Lane Mankoff | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's use of covert tactics to promote the Defamatory Material |
| Gary Marella | 26261 Veva Way,<br>Calabasas, CA, 91302 | Defendant's use of covert tactics to promote the Defamatory Material |
| Greg Marella (President of Promotion and EVP, Capitol Music Group) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |
| Pooja Mehta | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's use of covert tactics to promote the Defamatory Material |
| Boyd Muir (CFO and EVP UMG) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's profit from publication and promotion of Defamatory Material |

| Name and Title | Contact Information | General Subject Matter |
|---|---|---|
| Luis Najera (Senior Manager Digital Marketing, Interscope) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's marketing of Defamatory Material |
| Michael Nash (Chief Digital Officer UMG) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |
| Lola Plaku | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |
| Jim Roppo (President and COO Republic) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | All causes of action |
| Anthony Saleh | ℅ Brian D. Caplan<br>Reitler Kailas & Rosenblatt LLP<br>885 Third Avenue, 20th Floor<br>New York, NY 10022<br>bcaplan@reitlerlaw.com | All causes of action |
| Mark Seepersaud (Director Analytics, Interscope) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Spread of the Defamatory Material |
| Jessica Staas (VP, International Digital Strategy, Interscope ) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's use of covert tactics to promote the Defamatory Material |
| Will Tanous (EVP, Chief Administrative Officer, UMG) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's use of covert tactics to promote the Defamatory Material |

| Name and Title | Contact Information | General Subject Matter |
|---|---|---|
| Nicole Wyskoarko (President/Head of Urban A&R, Interscope) | ℅ Rollin A. Random<br>Sidley Austin<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>rransom@sidley.com | Defendant's agreements with Kendrick Lamar Duckworth |
| Amazon Music | ℅ Stephen Worth<br>Associate General Counsel & Director: Amazon Music, Podcasts and Wondery<br>Amazon Legal Department<br>410 Terry Avenue North<br>Seattle, WA 98109-5210 | Defendant's promotion and licensing of the Defamatory Material; Metrics of the Defamatory Material on Amazon Music |
| Apple Inc. | ℅ Jean-Paul Jassy<br>Jassy Vick Carolan LLP<br>355 S. Grand Ave., Suite 2450<br>Los Angeles, CA 90071<br>jpjassy@jassyvick.com | Defendant's use of covert tactics to promote the Defamatory Material; Metrics of the Defamatory Material on Apple Music; Defendant's licensing, performing, and promotion of the Defamatory Material at the 2025 Super Bowl |
| Audiomack | ℅ Audiomack Inc.<br>648 Broadway<br>New York, US | Defendant's licensing of the Defamatory Material; Metrics of the Defamatory Material on Audiomack |
| Billboard Media, LLC | ℅ Todd Greene<br>Chief Legal Officer<br>Penske Media Corporation<br>11355 W. Olympic Blvd.<br>Los Angeles, CA 90064 | Defendant's use of covert tactics to promote the Defamatory Material |
| Complex Networks | ℅ Endi Piper<br>General Counsel<br>229 West 43rd Street<br>9th Floor<br>New York, NY 10036<br>(917) 793-5868 | Defendant's use of covert tactics to promote the Defamatory Material |

| Name and Title | Contact Information | General Subject Matter |
|---|---|---|
| Deezer Inc. | ℅ Florence Lao<br>General Counsel<br>Deezer Inc.<br>527 Howard St., Floor 4<br>San Francisco, CA 94105 | Defendant's licensing of the Defamatory Material; Metrics of the Defamatory Material on Deezer |
| Fox Corporation | ℅ Adam G. Ciongoli<br>Chief Legal and Policy Officer<br>Fox Corporation<br>2121 Avenue of the Stars<br>Los Angeles, CA 90067 | Defendant's licensing and playing of the Defamatory Material at the 2025 Super Bowl; Viewership metrics of the 2025 Super Bowl; Decision to play the Defamatory Material at the 2025 Super Bowl |
| Instagram | ℅ Jennifer Newstead<br>Chief Legal Officer<br>Meta Platforms, Inc.<br>1 Meta Way<br>Menlo Park, CA 94025 | Defendant's licensing of the Defamatory Material; Defendant's use of covert tactics to promote the Defamatory Material; Metrics of the Defamatory Material on Instagram |
| Last.fm | ℅ Caryn Groce<br>Executive Vice President, Acting General Counsel<br>Paramount Global<br>1515 Broadway,<br>New York, NY 10036 | Defendant's licensing of the Defamatory Material; Defendant's use of covert tactics to promote the Defamatory Material; Metrics of the Defamatory Material on Instagram |
| Napster Music Inc. | Legal Department<br>Rhapsody International Inc.<br>1411 4th Avenue, Suite 1200<br>Seattle, Washington 98101 USA<br>legal@napster.com | Defendant's licensing of the Defamatory Material; Metrics of the Defamatory Material on Napster |
| National Academy of Recording Arts and Sciences, Inc. d/b/a Recording Academy | ℅ Jennifer Jones<br>Executive Vice President of Legal Affairs<br>3030 Olympic Blvd.<br>Santa Monica, CA 90404 | Actions taken by Defendant to have the Defamatory Material featured at the 2025 Grammy Awards; Decision to alter video of the 2025 Grammy |

| Name and Title | Contact Information | General Subject Matter |
|---|---|---|
|  |  | Awards that is available publicly |
| National Football League | ℅ Jeff Pash<br>General Counsel<br>National Football League<br>345 Park Avenue 5th Floor<br>New York, NY 10154<br>Jeff.Pash@nfl.com | Decision to have Kendrick Lamar Duckworth headline the 2025 Super Bowl; Defendant's licensing of the Defamatory Material at the 2025 Super Bowl; Decision to have the Recording performed at the 2025 Super Bowl; Viewership metrics of 2025 Super Bowl and previous Super Bowls |
| p.g. LANG, LLC d/b/a pgLang | 16217 Kittridge Street<br>Van Nuy, CA 91406 | All causes of action |
| Penske Media Corporation | ℅ Todd Greene<br>Chief Legal Officer<br>Penske Media Corporation<br>11355 W. Olympic Blvd.<br>Los Angeles, CA 90064 | Defendant's use of covert tactics to promote the Defamatory Material |
| Qobuz | ℅ XANDRIE SA<br>45 rue de Delizy<br>93692 Pantin Cedex, France<br>qobuz@qobuz.com | Defendant's licensing of the Defamatory Material; Metrics of the Defamatory Material on Qobuz |
| Roc Nation, LLC | ℅ Kim Miale<br>General Counsel<br>Roc Nation, LLC<br>540 West 26th Street<br>New York, NY 10001 | Decision to have Kendrick Lamar Duckworth headline the 2025 Super Bowl; Defendant's licensing of the Defamatory Material at the 2025 Super Bowl; Decision to have the |

9

| Name and Title | Contact Information | General Subject Matter |
|---|---|---|
| | | Recording performed at the 2025 Super Bowl |
| Sirius XM Holdings Inc. | ℅ Richard N. Baer<br>Executive Vice President, General Counsel and Secretary<br>Sirius XM Holdings Inc.<br>1221 Avenue of the Americas<br>35th Floor<br>New York, NY 10020 | Defendant's licensing of the Defamatory Material; Metrics of the Defamatory Material on Sirius XM |
| SoundCloud Inc. | 71 Fifth Avenue, 5th Floor<br>New York, NY 10003 | Defendant's licensing of the Defamatory Material; Metrics of the Defamatory Material on SoundCloud |
| Spotify USA, Inc. | ℅ Jonathan M. Sperling<br>Phillip Hill<br>Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 841-1000<br>jsperling@cov.com<br>pahill@cov.com | Defendant's promotion and licensing of the Defamatory Material; Defendant's use of covert tactics to promote the Defamatory Material; Metrics of the Defamatory Material on Spotify |
| TIDAL | ℅ Truan Savage<br>General Counsel<br>799 Broadway, 12th Floor<br>New York, NY 10003 | Defendant's licensing of the Defamatory Material; Metrics of the Defamatory Material on TIDAL |
| TikTok | ℅ John Rogovin<br>Global General Counsel<br>5800 Bristol Parkway, Suite 100<br>Culver City, CA 90230 | Defendant's licensing of the Defamatory Material; Metrics of Defamatory Material on TikTok |
| Twitch Interactive, Inc. | ℅ Steve Bené<br>General Counsel<br>Twitch Interactive, Inc.<br>350 Bush Street, 2nd Floor<br>San Francisco, CA 94104 | Defendant's use of covert tactics to promote the Defamatory Material; Defendant's licensing of the Defamatory Material; |

| Name and Title | Contact Information | General Subject Matter |
|---|---|---|
| | | Metrics of the Defamatory Material on Twitch |
| Universal Music Group N.V. | % Jeffrey Harleston<br>General Counsel and Executive Vice President of Business & Legal Affairs<br>'s-Gravelandseweg 80,<br>1217 EW Hilversum<br>The Netherlands | All causes of action |
| Vevo LLC | % Alexander Kisch<br>EVP, Business Development & Affairs, General Counsel<br>151 W 42nd Street, 25th Floor<br>New York, NY 10036 | Defendant's use of covert tactics to promote the Defamatory Material; Defendant's licensing of the Defamatory Material; Metrics of the Defamatory Material on Vevo |
| YouTube | % Halimah DeLaine Prado<br>General Counsel<br>Google LLC, d/b/a YouTube<br>901 Cherry Avenue<br>San Bruno, CA 94066 | Defendant's use of covert tactics to promote the Defamatory Material; Defendant's licensing of the Defamatory Material; Metrics of the Defamatory Material on YouTube |

**II.     Rule 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically store information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on current knowledge, and subject to further investigation, discovery, and analysis by experts, Plaintiff hereby discloses the following categories of documents and information. Plaintiff reserves the right to amend or supplement these disclosures as provided under Fed. R.

Civ. P. 26(e). The following disclosures do not include documents and things that are likely to be offered solely for impeachment.

1. Documents in Plaintiff's own custodial files, to be collected and produced in discovery, including emails, audio and video recordings, and other electronic documents; and

2. Documents referenced in the Complaint.

**III.    Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

As set forth in his Complaint, Plaintiff seeks declaratory relief, injunctive relief, and monetary damages in an amount to be determined at trial. Plaintiff's damages are ongoing and continuing. Plaintiff reserves the right to seek other damages in this action. The computation of Plaintiff's damages requires expert testimony and discovery. Thus, the computation of damages at this stage is premature. Once discovery has been conducted and Plaintiff's expert(s) have analyzed damages, this computation will be provided to Defendant.

For his defamation claim, Plaintiff need not prove actual damages to establish liability because Defendant's statements constituted defamation *per* se. Plaintiff is entitled to recover damages in the form of, *inter alia*, nominal, compensatory, and punitive damages; attorneys' fees and costs; and prejudgment and post-judgment interest. Plaintiff seeks general, actual, consequential, and special damages in an amount to be determined at trial based on expert opinion and analysis.

For his harassment claim, Plaintiff is entitled to recover damages in the form of, *inter alia*, nominal, compensatory, and punitive damages; attorneys' fees and costs; and prejudgment and post-judgment interest. Plaintiff seeks general, actual, consequential, and special damages in an amount to be determined at trial based on expert opinion and analysis.

For his deceptive business practices claim, Plaintiff seeks statutory and actual damages in an amount to be determined at trial based on expert opinion and analysis, plus treble damages and attorneys' fees and costs pursuant to Section 349 of the New York General Business Law, as well as prejudgment and post-judgment interest.

**IV.    Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff responds that the information sought by this portion of the Rule is inapplicable to Plaintiff.

Dated: June 2, 2025

By: */s/ Michael J. Gottlieb*
Michael J. Gottlieb
Meryl C. Governski (admitted *pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

Brady M. Sullivan
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Ave.
New York, NY 10019
Tel: (212) 728-8000
bsullivan@willkie.com
mhoughton-larsen@willkie.com

*Counsel for Plaintiff Aubrey Drake Graham*