UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK



Case No. 1:25-cv-00399

**Graham v. UMG Recordings, Inc.**

**VERIFIED MOTION FOR RECONSIDERATION, SUPPLEMENTATION, AND LEAVE TO FILE AMICUS CURIAE BRIEF**

Pursuant to FRCP 60(b); Local Rule 6.3; FRE 201(d); and Public-Interest Doctrines

TO THE HONORABLE JUDGE JEANNETTE A. VARGAS:

**COMES NOW, Joseph Anthony Reyna**, appearing pro se and by right under **28 U.S.C. § 1654**, as:

- **A federally documented whistleblower** (IRS Whistleblower Nos. 2025-007896, 2025-007897; FinCEN TCR No. 1559),

- **A qualified person with a disability** under **ADA Title II, 42 U.S.C. § 12132**,

1

- A **Pell Grant recipient** and low-income litigant protected under the **Higher Education Act**, 20 U.S.C. § 1070(a),

- A **trademark holder** of JOECAT® (USPTO Reg. No. 6,057,783),

- Executive Director of **Dreams Over Dollars™**, a federally registered 501(c)(3) nonprofit,

- A **public-interest cultural creator** with documented royalty suppression, metadata fraud, and AI disambiguation harm,

respectfully requesting this Court:

1. Reconsider its silence or denial of Movant's April 2, 2025 Amicus Curiae brief;

2. Grant leave to supplement with Exhibits A–F and appendices;

3. Take judicial notice of public-record facts under **FRE 201(b)(2), (d)**;

4. Acknowledge Movant's standing as Amicus Curiae under **Neonatology Assocs., P.A. v. Comm'r**, 293 F.3d 128 (3d Cir. 2002);

5. Allow **oral argument** under **FRCP 78(b)** if opposed or denied.

2

## I. PROCEDURAL & FACTUAL CONTEXT

### A. Post-Notice Retaliatory Conduct (Exhibits A & B)

On **June 19, 2025**, Movant issued a legal preservation notice to Plaintiff Aubrey Drake Graham regarding metadata-based copyright concealment and whistleblower-submitted evidence. On **July 5, 2025**, Plaintiff posted multiple firearm-related videos after receiving this notice, potentially violating **18 U.S.C. § 1512(b)** and **§ 1513(e)** (witness intimidation and retaliation).

### B. Constructive Silence by Sidley Austin LLP (Exhibit C)

On **December 4, 2024**, Movant contacted Sidley Austin seeking pro bono representation in a systemic industry case naming Spotify, UMG, and Plaintiff. No reply was received. Given Sidley's historical representation of aligned industry actors, this strategic silence constitutes **gatekeeping** of legal remedy.

### C. Willkie Farr's Conflicted History (Exhibit D)

Movant submits that Plaintiff's counsel, Michael J. Gottlieb, has previous representation ties to Snoop Dogg and Create Music Group, both associated with metadata and disambiguation laundering. This may constitute a **Rule 1.9(a)** conflict and warrants judicial scrutiny for partiality.

## D. Public Whistleblower Whitepaper: "Before the Flood" (Exhibit E)

On **April 19, 2025**, Movant published and submitted to regulators a forensic whitepaper titled *"Before the Flood"* (https://archive.org/details/CopyrightLaundering). It describes metadata suppression, algorithmic throttling, and constructive trust claims now echoed in this litigation.

## E. Agency Filings & Whistleblower Confirmation (Exhibit F)

Movant's disclosures to the **IRS**, **FinCEN**, **FTC**, and **SEC** include royalty rerouting, AI bias, escheatment, and nonprofit billing fraud. These filings are legally protected under **5 U.S.C. § 2302(b)(8)** and judicially relevant.

## II. LEGAL BASIS FOR RELIEF

| Legal Authority | Relevance |
| --- | --- |
| **FRCP 60(b)(2)-(3)** | Newly discovered evidence and misconduct justify record reconsideration |
| **Local Rule 6.3 (SDNY)** | Permits re-briefing when new facts or issues arise |

| | |
|---|---|
| **FRE 201(b)(2), (d)** | Mandates judicial notice of undisputed public records |
| **ADA Title II (42 U.S.C. § 12132)** | Ensures access for qualified individuals with disabilities |
| **Lanham Act § 43(a)** | Trademark and identity dilution due to false attribution |
| **DMCA § 1202(b)** | Metadata removal and attribution falsification by platforms |
| **Higher Ed Act § 1070(a)** | Pell Grant recipients entitled to relief from economic discrimination |
| **Canon 2, Code of Judicial Conduct** | Court must avoid even appearance of impropriety in suppressing whistleblower evidence |
| **Quasi-Sovereign Standing** (*Snapp v. Puerto Rico*, 458 U.S. 592) | 501(c)(3) nonprofit acts on behalf of vulnerable creator class |
| **New York Civil Rights Law § 40-c** | Protects civil access from discrimination due to status or identity |
| **Universal Declaration of Human Rights (Art. 19, 27)** | Affirms cultural authorship, equitable compensation, and reputational access |

## III. REQUEST FOR RELIEF

Movant respectfully requests this Court to:

1. **Clarify** whether the April 2, 2025 brief was denied, ignored, or procedurally omitted;

2. **Accept supplemental exhibits A–F and Appendix A** into the record;

3. **Take judicial notice** of publicly submitted whistleblower documents and third-party filings;

4. **Issue a formal ruling** on Amicus status to preserve appellate standing;

5. **Grant oral argument** if the motion is opposed or denied.

---

## IV. SYMBOLIC & INSTITUTIONAL CONTEXT

> "Where metadata defines authorship, its suppression becomes institutional erasure."

> "Movant stands not as an adversary—but as a recordkeeper. One whose verified filings already exist in regulatory archives. This Court is now asked only to decide whether it will preserve that truth—or redact it from history."

> "Silence is no longer procedural. It is profitable. And public."

6

## V. CERTIFICATE OF SERVICE

I, **Joseph Anthony Reyna**, certify that on **July 23, 2025**, I served this Verified Motion and Exhibits A–F to:

- **Michael J. Gottlieb**

    *Willkie Farr & Gallagher LLP*

    Email: mgottlieb@willkie.com

- **Sidley Austin LLP**

    *Counsel for UMG Recordings, Inc.*

    Email: legal@sidley.com

- **Clerk of Court**

    U.S. District Court – SDNY

    500 Pearl Street, New York, NY 10007

/s/ Joseph Anthony Reyna

**Joseph Anthony Reyna (JoeCat®)**

Pro Se Amicus & Director, Dreams Over Dollars™

whitehat@joecattt.com | (956) 202-5580

5900 Balcones Dr. #16077, Austin, TX 78731



## VI. EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| A | June 19, 2025 – Legal Preservation Email |
| B | July 5, 2025 – Firearm Post Screenshots |
| C | December 4, 2024 – Sidley Austin Silence |
| D | Willkie Farr Prior Representation |
| E | "Before the Flood" Whitepaper (Archive.org) |
| F | IRS / FinCEN Whistleblower Confirmations |

## VII. APPENDIX A – VERIFIED BACKGROUND & IDENTITY

**Filed Under Penalty of Perjury – 28 U.S.C. § 1746**

- Legal Name: Joseph Anthony Reyna
- DOB: April 20, 1993 – Harlingen, Texas
- Trademark: JOECAT® (USPTO Reg. No. 6,057,783)
- Nonprofit: Dreams Over Dollars™ (501(c)(3), EIN 88-2187078)
- Pell Grant Recipient; ADA Qualified
- Musical Work Featured by: MTV, NBA, The Source
- Externship: Beats by Dre (2024)
- Family Legacy: Grandson of Daniel "Dan" Reyna (CEO, CPC; Nixon appointee)
- Metadata Misrouting: "Where the Party At Pt. 2" viral, rerouted royalties
- Authorship suppression via disambiguation, takedowns, ghost attribution
- Spotify, UMG, and Live Nation identified in concurrent regulatory filings

---

## VIII. VERIFICATION UNDER 28 U.S.C. § 1746

I, Joseph Anthony Reyna, declare under penalty of perjury that the foregoing motion and its exhibits are true and correct to the best of my knowledge. All exhibits are authentic and reflect original source material in my possession.

Executed on July 23, 2025, in Austin, Texas.

/s/ **Joseph Anthony Reyna**

Joseph Anthony Reyna (JoeCat®)

# EXHIBIT C

## Email to Sidley Austin LLP – December 4, 2024
## (Constructive Silence Following Legal Representation Request)

Submitted by:

**Joseph Anthony Reyna (JoeCat®)**

Pro Se Amicus Curiae

Founder, Dreams Over Dollars™ (501(c)(3))

whitehat@joecattt.com

5900 Balcones Dr. #16077

Austin, TX 78731

**Description:**

This exhibit contains a verified copy of the email sent on **Wednesday, December 4, 2024**, at **7:36 PM CST**, from Joseph Anthony Reyna to multiple senior attorneys at **Sidley Austin LLP**, formally requesting pro bono representation in a forthcoming lawsuit against Spotify Technology S.A., Universal Music Group, and other music industry entities. The request included specific legal concerns such as metadata suppression, royalty rerouting, and systemic payola schemes. Despite the alignment of facts and firm specialty areas, **no reply was received**—raising questions of constructive suppression and industry gatekeeping.

The exhibit is introduced to demonstrate:

- Evidence of prior notice to institutional counsel regarding ongoing misconduct;

- Systemic denial of legal access to whistleblowers and suppressed artists;

- Patterns of silence by law firms with overlapping client interests.

**Filed in support of:**

Verified Motion for Reconsideration, Supplementation, and Leave to File Amicus Curiae Brief (July 23, 2025)

# Request for Pro Bono Representation: Transforming the Music Industry Through Systemic Litigation

✦ Summarize this email

**Joseph Reyna** <whitehat@joecattt.com>  Dec 4, 2024, 7:36 PM
to ejoyce, ladams, cbronner, khuggins, lkuhntha, smandelbaum, rvelevis, cwedel, ewexler, tyoked, pzidlicky ▾

Dear Sidley Austin Leadership,

My name is Joseph Reyna, and I am the founder of JOECAT LLC, a company dedicated to advocating for fair practices in the music industry. I am reaching out to Sidley Austin LLP to seek pro bono representation for a significant lawsuit against key entities in the music industry, including Universal Music Group, Sony Music Entertainment, Warner Music Group, and Spotify Technology S.A.

### Case Overview

The lawsuit addresses systemic issues within the music industry, including:

1. **Manipulation of Streaming Metrics:** Artificial inflation of streams, distorting market dynamics to favor major labels.
2. **Exploitation of Independent Artists:** Policies such as Spotify's 1,000-stream rule that disproportionately harm independent creators.
3. **Consumer Deception:** Misleading practices that erode public trust in streaming platforms.
4. **Resistance to Innovation:** Rejection of technologies like blockchain, which could foster transparency and fairness.

The case also draws attention to a parallel lawsuit filed by artist Drake in 2024 against Universal Music Group and Spotify, which underscores the broader pattern of anticompetitive behavior by these entities.

### Why Sidley Austin?

Sidley Austin's extensive experience in antitrust and competition law, coupled with a robust pro bono commitment, makes your firm an ideal partner for this case. Yo successful track record in addressing systemic inequities aligns with my goal to foster a fairer, more transparent music industry for independent artists and consume alike.

### Supporting Evidence

## Why Sidley Austin?

Sidley Austin's extensive experience in antitrust and competition law, coupled with a robust pro bono commitment, makes your firm an ideal partner for this case. Your successful track record in addressing systemic inequities aligns with my goal to foster a fairer, more transparent music industry for independent artists and consumers alike.

## Supporting Evidence

I have attached a copy of the drafted complaint, detailing specific allegations and the relief sought. Further evidence, including critical insights from artist Chad "Focus" Arrington, is available for collection, and I am prepared to facilitate interviews to strengthen our position.

## Vision for Change

This case represents more than litigation; it is a chance to reshape an industry rife with inequities. Independent artists are the backbone of cultural diversity, yet they remain marginalized by monopolistic practices. By addressing these systemic issues, we can empower creators and restore public trust in the entertainment ecosystem.

## Next Steps

I would welcome the opportunity to discuss this case further at your earliest convenience. Please let me know a suitable time for a call or meeting. Your involvement could be transformative, not only for this case but for the future of the music industry.

Thank you for considering my request. I look forward to your response.

Best regards,

Joseph Reyna
Founder / Director
Dreams Over Dollars™



2 Attachments • Scanned by Gmail ⓘ

