```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                            :
AUBREY DRAKE GRAHAM,                        :
                                            :
                        Plaintiff,          :        25-CV-0399 (JAV)
                                            :
            -v-                             :        MEMORANDUM
                                            :        OPINION AND ORDER
UMG RECORDINGS, INC.,                       :
                                            :
                        Defendant.          :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

On July 14, 2025, Plaintiff filed a letter motion for leave to serve a Rule 45 Subpoena (the "Subpoena") on Kojo Menne Asamoah, a third party to this litigation, through alternative means pursuant to Federal Rules of Civil Procedure 4(e)(1)-(2) and 45. ECF Nos. 66-68. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

Plaintiff's Amended Complaint alleges that Defendant UMG Recordings, Inc. ("UMG") published and promoted defamatory material concerning Plaintiff, which includes a defamatory recording (the "Recording"). *See* ECF No. 41. Plaintiff further avers that Defendant "engaged in deceptive acts and practices . . . by covertly financially incentivizing third parties to play, stream, and promote" the defamatory material. ECF No. 67 at 1. Plaintiff identifies Mr. Asamoah as a relevant witness for the claim of deceptive business practices and has listed him in Plaintiff's initial disclosures. *Id.* Plaintiff alleges that Mr. Asamoah "possesses

knowledge relating to UMG's use of covert tactics to promote the Defamatory Material, including because Plaintiff believes that Mr. Asamoah was involved in directing payments and/or financial incentives from UMG to third parties involved in online botting for the purpose of artificially inflating the streaming numbers of the Recording." *Id.* at 1-2.

Plaintiff has described the efforts undertaken by counsel to serve Mr. Asamoah at numerous locations over the course of several weeks. ECF No. 68, ¶¶ 7-9; *see also* ECF No. 67 at 2-5. To assist with service attempts, Plaintiff engaged a process server and a private investigative firm, and these efforts resulted in considerable cost for Plaintiff. ECF No. 68, ¶¶ 7-9. The process server's affidavit states that the agent attempted eleven times to serve Mr. Asamoah at various addresses on different dates and at varying times of the day. *See* ECF No. 68, Ex. 4. The affidavit of the Managing Director and Chief Security Officer of Plaintiff's hired private investigative firm describes the extensive efforts taken to research and confirm the numerous addresses and locations of Mr. Asamoah, his family members, and his business ventures. *See* ECF No. 68, Ex. 5. Despite several days of surveillance, the investigative firm was unable to personally identify Mr. Asamoah, and Plaintiff incurred over $75,000 in costs in connection with the firm's work to conduct surveillance and locate Mr. Asamoah. *Id.* ¶¶ 45-46.

Plaintiff now requests that he be permitted to send the Subpoena both by certified mail and to affix the Subpoena to the doors at the five physical addresses believed to be associated with Mr. Asamoah, his family, and his business. ECF No.

67 at 9-10. Further, Plaintiff asks to send the Subpoena by email to three email addresses connected to Mr. Asamoah and his business ventures. *Id.* at 10. Plaintiff's counsel confirms that these email addresses remain operative. *Id.*

## DISCUSSION

Under Rule 45, "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Delivery to the named person—not anyone else—is meant to "ensure receipt, so that notice will be provided to the recipient, and enforcement of the subpoena will be consistent with the requirements of due process." *Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, Nos. 06-CV-7764 (CS)(THK), 06-CV-13516 (VM)(THK), 2008 WL 3833238, at *2 (S.D.N.Y. 2008) (quotations and citations omitted). Courts in this Circuit have interpreted Rule 45's personal service requirement liberally as long as the service method provided "timely actual notice." *Sec. & Exch. Comm'n v. Pence,* 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (quoting *Tube City IMS, LLC v. Anza Cap. Partners*, No. 14-CV-1783 (PAE), 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014)); *see also Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 304 (S.D.N.Y. 2009) (collecting cases). Thus, "under appropriate circumstances," Rule 45 allows for the service of subpoenas by alternative means, including through email to known email addresses of the witness. *Pence,* 322 F.R.D. at 454-55 (allowing alternative service of process for a subpoena by sending to three known email addresses of the witness).

Further, courts have allowed alternative service of a subpoena by certified mail because the method "is reasonably calculated under the circumstances to

3

provide [the recipient] with both notice and an opportunity to present objections."
*Cordius Trust v. Kummerfeld*, No. 99 Civ. 3200(DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000).  The same conclusion applies to service by attaching the subpoena to the door of the non-party.  *See Knopf v. Esposito*, No. 17-CV-5833 (DLC), 2020 WL 6589593, at *1 (S.D.N.Y. Nov. 11, 2020); *Tube City IMS*, 2014 WL 6361746, at *3.

The evidence submitted in support of the motion sufficiently establishes that Plaintiff has unsuccessfully attempted personal service on Mr. Asamoah numerous times at various addresses.  *See Aristocrat Leisure Ltd.*, 262 F.R.D. at 304 (allowing alternative service after Plaintiff showed that it attempted personal service several times); *JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, No. 08-CV-9116 (PGG), 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (same).  The Court finds that the alternative service is appropriate in this case, in a manner that will provide timely actual notice to Mr. Asamoah.

Accordingly, the Court directs that the following methods of service will be deemed proper service of a subpoena on Mr. Asamoah:

(1) Mailing a copy of the subpoena by certified mail and affixing the Subpoena to the door at the five physical addresses listed in Plaintiff's memorandum of law.  ECF No. 67 at 9-10.

(2) Emailing the subpoena to the three email addresses listed in Plaintiff's memorandum of law.  ECF No. 67 at 6.

4

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for alternate service on Mr. Asamoah is GRANTED. The Clerk of Court is directed to terminate ECF No. 66.

SO ORDERED.

Dated: August 6, 2025
      New York, New York

                                                      JEANNETTE A. VARGAS
                                                   United States District Judge