# EXHIBIT 3

Case 1:25-cv-00399-JAV    Document 79-3    Filed 08/12/25    Page 1 of 4

**WILLKIE FARR & GALLAGHER** LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

May 13, 2025

**VIA ELECTRONIC MAIL**

Nicholas P. Crowell
Katelin Everson
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
(212) 212-839-5449
Ncrowell@sidley.com
Keverson@sidley.com

Re:   *Graham v. UMG Recordings, Inc.*, No. 1:25-cv-00399-JAV (S.D.N.Y.)

Dear Counsel,

We write in response to UMG's stated position that it will not collect, review, or produce documents from certain UMG employees on the basis that those employees are so-called "apex custodians." Specifically, during our telephonic meet and confer on May 2, 2025, you explained that it was UMG's position that it would not collect, review, or produce discovery for the following custodians requested by Plaintiff because they are "apex" custodians: Annie Lee; Avery Lipman; Boyd Muir; John Janick; Lucian Grainge; Monte Lipman; and Steve Berman (together, the "Contested Custodians").[1] Your "apex" objection is unsupported by law and inconsistent with Plaintiff's allegations. We request that you promptly confirm that UMG will collect, review, and produce relevant discovery from the Contested Custodians.

In this circuit, there is "no blanket prohibition on taking discovery from high-level executives." *Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011); *see also e.g.*, *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *16 (S.D.N.Y. Feb. 16, 2016); *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015); *Retail Brand All., Inc. v. Factory Mut. Ins. Co.*, 2008 WL 622810, at *5 (S.D.N.Y. Mar. 7, 2008); *Bouchard v. New York Archdiocese*, 2007 WL 2728666, at *3 (S.D.N.Y. Sept. 19, 2007). We have been unable to locate any case law in this Circuit suggesting that executives are exempted from document discovery by virtue of their job title, and you have not provided any.

---

[1] It was unclear whether UMG is objecting to Annie Lee or Steve Berman because they are "apex custodians." This letter assumes you are, but if that is not the case, please advise.

As we previously explained on our May 2, 2025 telephonic meet and confer and again by letter correspondence on May 7, 2025, each of the Contested Custodians is likely to have discovery relevant to Plaintiff's claims, such that discovery of their documents is appropriate under the liberal standard set by Federal Rule of Civil Procedure 26(b)(1).  Fed. R. Civ. P. 26(b)(1); *see also Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 2010 WL 5158183, at *3 (S.D.N.Y. Dec. 9, 2010) (explaining that the "scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.") (citations omitted).[2]  As just a few examples:

- As alleged in the Amended Complaint, Lucian Grainge and John Janick were involved in the initial publication of the Recording[3] and Image, while Avery and Monte Lipman, as the President/COO and CEO of Drake's label Republic Records, failed to prevent their publication. ECF No. 41 at ¶ 69.

- The Amended Complaint alleges that each of Lucian Grainge, John Janick, and Avery and Monte Lipman were involved in the initial publication of the Video, either in directing or approving the publication and/or in failing to prevent its publication.  *Id*. at ¶ 112.

- As high-ranking executives at UMG and Interscope, it is our understanding that Annie Lee, Lucian Grainge, John Janick, and Steve Berman were involved in the ongoing decision to approve the publication and promotion of the Defamatory Material after learning that the public believed the Defamatory Material to be communicating statements of fact and after learning that Drake was being harmed by the publication and promotion.  As UMG argues in its motion to dismiss, the state of mind of decision-makers at UMG and Interscope is relevant to actual malice. ECF No. 43 at 19.

- The Amended Complaint further alleges that John Janick is particularly relevant to UMG's decision to publish and promote the Defamatory Material because he was financially incentivized both to have Interscope surpass its annual projections and to have Interscope outperform vis-à-vis Republic.  ECF No. 41 at ¶¶ 48, 49, 214.

- As senior executives at UMG, Interscope, and Republic, it is highly likely that Annie Lee, Lucian Grainge, John Janick, Steve Berman, Avery Lipman, and Monte Lipman were involved in contract negotiations with Kendrick Lamar and Drake and in conversations about increasing leverage for future contract negotiations with Drake.  *See id.* at ¶¶ 51-54, 213

- As the highest-ranking officers at Republic, Avery and Monte Lipman are highly likely to have communicated with others at UMG regarding the ongoing harm to Drake caused by the publication and promotion of the Defamatory Material.

- Lucian Grainge is highly likely to have relevant documents about the Recording and the 2025 Grammy Awards, as he was recorded at the Grammy Awards celebrating Kendrick Lamar's wins

---

[2] Of the Contested Custodians, we understand UMG to be asserting relevance objections for only Avery Lipman, John Janick, Monte Lipman, and Steve Berman,

[3] Any terms not defined herein shall have the meaning assigned in the Amended Complaint.

and high-fiving Lamar's producer and mentor as the Recording played in the background. *Id*. at ¶ 164.

You separately took the position that the documents of at least some of the Contested Custodians would be "duplicative" of other custodians and are therefore unnecessary to collect, review, and produce. You have not substantiated this claim with anything other than your say-so. UMG has not provided any support for its representation—either in the form of hit counts or a document production from the "lower" custodians with duplicative documents. Your argument also makes no sense. Senior corporate officers have different roles and responsibilities than their more junior employees and, as noted above, have independent relevance in this matter. You cited as an example Interscope's Chief Operating Officer Annie Lee, whom you claim would be "duplicative" of the employees who worked for her, including, Interscope's Chief Revenue Officer Gary Kelly. But those two custodians have different job titles and sit at different levels of the corporate ladder. In addition, any duplication of documents will be resolved by an e-discovery vendor upon processing through "de-duplication," which will minimize the need for UMG to review the same document multiple times.

Please confirm that UMG will begin collecting the documents of the Contested Custodians for document discovery, including emails and mobile devices, as required by the Federal Rules.[4]

Sincerely,

*/s/ Brady M. Sullivan*

Brady M. Sullivan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY
(212) 728-8949
bsullivan@willkie.com

---

[4] Plaintiff will separately address the other custodians to whom UMG has objected.