# EXHIBIT 5

| | |
|---|---|
| **From:** | Houghton-Larsen, M Annie |
| **Sent:** | Friday, May 30, 2025 6:06 PM |
| **To:** | Crowell, Nicholas P.; 'Everson, Katelin'; Ransom, Rollin |
| **Cc:** | Gottlieb, Michael; Sullivan, Brady M. |
| **Subject:** | Drake v. UMG - May 28 Meet and Confer re Custodians |

Counsel,

Thank you again for the productive meet and confer Wednesday May 28 regarding the collection and production of documents from six custodians (Grainge, Janick, Lee, M. Lipman, A. Lipman, and Muir). The below is not intended to be a complete recitation of our meet and confer, but rather is intended to summarize what Plaintiff understands to be the current status of our negotiation of each of six custodians. If you believe we have inaccurately stated UMG's position, please promptly advise and specify what you believe is not accurate. Plaintiff reserves all rights.

- **Lucian Grainge:** It is still not clear to us on what basis UMG is objecting to Sir Grainge as a custodian. You did not represent that Sir Grainge does not have responsive documents. We asked you to identify the UMG-designated custodians that you believe Sir Grainge is "cumulative" or "duplicative" of, and you did not have that information available. We reiterated, as an example of Sir Grainge's relevance, that we understood Sir Grainge was the ultimate decisionmaker with respect to publishing and continuing to publish and promote content that was likely to result in legal liability for UMG. We also stated that any involvement or non-involvement of the Board would be relevant, including to actual malice. <u>You said that you would discuss with your client and get back to us.</u>
- **John Janick:** We understand that UMG's only objection to Mr. Janick as a custodian is that his documents would be duplicative of Steve Berman and Gary Kelly. We asked whether Mr. Berman and Mr. Kelly reported directly to Mr. Janick or whether there are any employees in between them in the organizational structure. <u>You agreed to confirm the reporting structure with your client.</u> We also asked whether you had an understanding of who at Interscope was the ultimate decisionmaker for the issues relevant to this litigation. <u>You agreed to speak to your client to confirm.</u>
- **Annie Lee:** We understand UMG's objection to Ms. Lee as a custodian is that you understand she had no "direct" involvement in the issues relevant to this litigation and her documents would be cumulative of documents from Mr. Kelly and the repository of centralized financial records from which you are collecting responsive financial information. We asked that you confirm who Ms. Lee reports to and whether Mr. Kelly reports to Ms. Lee directly. <u>You agreed to go back to your client and confirm.</u> We further asked you to provide an explanation of the differences in Mr. Kelly and Ms. Lee's roles such that we could understand how their documents might be duplicative. <u>You agreed to go back to your client and confirm.</u>
- **Monte and Avery Lipman:** We understand your only objection to Monte and Avery Lipman as custodians is that their documents would be duplicative of those of Jim Roppo. We asked you to confirm whether Jim Roppo reports directly to Monte or Avery Lipman or whether there are any employees between them in the organizational structure. <u>You agreed to go back to your client and confirm.</u> We also asked whether it was your understanding that Mr. Roppo had any role in discussing, opposing, consenting to, etc., Interscope's ongoing publication and promotion of content that we allege defamed a top Republic artist, as that would seem to be outside Mr. Roppo's job (and within Monte and Avery Lipman's). <u>You agreed to go back to your client and confirm.</u>
- **Boyd Muir:** We understand that your sole objection to Boyd Muir is relevance. We asked whether Ms. Lee reports to Mr. Muir. <u>You agreed to go back to your client and confirm.</u>

You also stated that your objections are not based on any collection of these custodians' documents or running any search terms comparing the hits of the below six custodians to the eight you have agreed to collect and produce.

We look forward to receiving the agreed-upon information.

Thank you,
Annie


**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: <u>+1 212 728 8164</u> | Fax: +1 212 728 9164
<u>mhoughton-larsen@willkie.com</u> | <u>vCard</u> | <u>www.willkie.com bio</u>
Pronouns: she, her, hers