# EXHIBIT 10



| | |
|---|---|
| SIDLEY AUSTIN LLP<br>787 SEVENTH AVENUE<br>NEW YORK, NY 10019<br>+1 212 839 5300<br>+1 212 839 5599 FAX | +1 212 839 5449<br>NCROWELL@SIDLEY.COM |

July 16, 2025

Brady Sullivan
Annie Houghton-Larsen
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY
(212) 728-8949
Bsullivan@willkie.com
mhoughton-larsen@willkie.com

   Re: *Graham v. UMG Recordings, Inc.,* No. 1:25-cv-00399-JAV (S.D.N.Y.)

Counsel:

We write on behalf of UMG Recordings, Inc. ("UMG") in response to your July 3 letter. Failure to address any specific statements or representations in your letter is not an indication that we accept any contention or characterization, and UMG reserves all rights.

**Additional Custodians**

UMG agrees to add John Kozak as a document custodian. UMG will not add Jason Kawejsza or Sir Lucian Grainge.

As your letter suggests you know, Mr. Kawejsza is in-house counsel to UMG. The *vast* majority of his communications are privileged, and it would impose considerable and undue burden on UMG to review and log his documents and communications for privilege. The fact that he signed a contract with Lamar before "Not Like Us" was released or delivered to UMG does not, as you purport without any explanation, make it "very likely" (or likely at all) that he has non-privileged documents related to the claims and defenses at issue in this case. UMG has no reason to believe he does and does not agree to add him as a document custodian.

As to Sir Lucian, at our meet and confer on June 5, 2025 we offered to designate John Janick, Chairman and CEO of Interscope Capitol Labels Group ("Interscope"), and Monte Lipman, Chairman and CEO of Republic Records, as document custodians *if* Plaintiff agreed that, with those additions, UMG's list of 10 document custodians was complete unless and until new information came to light in discovery to reasonably indicate the need for additional UMG

# SIDLEY

Page 2

custodians. We stated, as we have multiple times in our discussions and correspondence to date, that in *that* event we would consider reasonable requests for additional document custodians in good faith. Our agreement to designate Mr. Kozak reflects just that. You agreed to that compromise.[1] You now assert the same demand to designate Sir Lucian as a document custodian that you did a month ago (before our agreement) based on *the same* (meritless) grounds.[2] There have been no discovery developments in the last month that justify this renewed ask, and it is at odds with your express agreement at our June 5 meet and confer.

UMG has been working collaboratively and in good faith throughout this discovery process. UMG initially sought to designate five document custodians that it continues to believe are those most relevant to this litigation. But it has compromised several times in response to requests by Drake, and has now designated 11 individuals as custodians, including the most senior executives at Interscope and Republic, Messrs. Janick and Lipman. UMG has also agreed to narrow certain RFP requests in response to representations by Drake's counsel at meet and confers, *see* July 9, 2025 Letter from N. Crowell, and is making rolling document productions.[3] UMG again asks that Drake work collaboratively to advance discovery.[4] Reneging on the agreement you made a month ago without any basis is not collaborative or in good faith. We reject the request on that basis alone.

You also mischaracterize UMG's objections to designating Sir Lucian, which contrary to your assertions, have never shifted. UMG has maintained since our first meet and confer on this topic that Sir Lucian had no meaningful involvement in the matters and decisions at issue in this litigation. Sir Lucian runs a global multinational company; he is not involved in record releases or marketing activities around individual tracks, even high-profile ones. We have also maintained since our first discussions regarding Sir Lucian that to the extent his documents and communications contain any (limited) relevant information, it is expected to be cumulative and duplicative of the (now 11) document custodians we have agreed to who report up to him, including*,* Messrs. Janick and Lipman.

Your position that as CEO of UMG's indirect parent company, Universal Music Group N.V., Sir Lucian *must* have relevant documents and communications because he was aware of the Drake-

---

[1] Your representation that Drake "previously stated that he reserved rights with respect to UMG's refusal to designate Lucian Grainge as a custodian" was in keeping with this agreement – *i.e.,* you reserved rights as to Sir Lucian *if* documents or information in discovery provided a reasonable basis to warrant renewing your request to make him a document custodian.

[2] The only supposedly new allegation you make in support of your renewed request to designate Sir Lucian as a custodian is the entirely unsupported claim that you "have reason to believe that Sir Grainge was personally involved in decisions made regarding the marketing and promotion of the Recording around the release of the Recording." Please explain the basis for this belief, if any.

[3] Drake has made one production of 150 public documents (most if which appear to have been cited in his complaint).

[4] As you know, this is not the first time UMG has made this request. *See* May 22, 2025 Letter from N. Crowell.

# SIDLEY

Page 3

Lamar feud is strained at best and would apply equally to any CEO of any company with general knowledge of an issue at the company. And your specific arguments for why Sir Lucian is a relevant custodian—including assertions based on nothing but "information and belief" that he had involvement in the release and promotion of "Not Like Us" (assertions that you have never provided any basis for in our many meet and confers), that as CEO he signed UMG's Code of Conduct, and that he celebrated Lamar's win at the Grammy's—betray the weakness of your position. For all these reasons and those previously expressed, UMG will not make Sir Lucian a document custodian.

**Lamar Contract**

UMG agreed to produce the portions of any contracts or agreements between UMG and Lamar allowing UMG to approve, reject, refuse to publish, edit, amend, alter, or veto the publication of the Recording, Image and/or Video. *See* UMG's Responses and Objections to Drake's RFP No. 1. At your request, we also agreed to produce the section headings in the contract so you could see what topics the redacted portions concern. UMG has done so. Your contention that the contract as produced is somehow incomprehensible is wrong—the information we agreed to produce has been produced, and you have not articulated any basis for why Drake requires an unredacted copy of the contract or how the redacted content has any conceivable relevance to the claims and defenses at issue in this case. UMG does not intend to produce an unredacted version of Lamar's complete contract to Drake.

**Plaintiff's Request Nos. 11, 12, 17:**

UMG stands on its objections to RFP Nos. 11, 12 and 17.

Sincerely,

*/s/ Nicholas P. Crowell*
Nicholas P. Crowell