

SIDLEY AUSTIN LLP
350 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071
+1 213 896 6000
+1 213 896 6600 FAX

+1 213 896 6047
RRANSOM@SIDLEY.COM

August 15, 2025

**By ECF**

Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Aubrey Drake Graham v. UMG Recordings, Inc.*
            Case No. 1:25-cv-399-JAV
            <u>Letter in Support of Motion to Seal Redacted Contract</u>

Dear Judge Vargas:

       We write on behalf of Defendant UMG Recordings, Inc. ("UMG") pursuant to Federal Rule of Civil Procedure 5.2(d) and Section 10(C) of the Court's Individual Rules and Practices in Civil Cases in support of sealing the redacted contract between UMG and Kendrick Lamar Duckworth ("Lamar Contract") that Plaintiff Aubrey Drake Graham ("Drake") filed in connection with his motion to compel. *See* ECF No. 80.

       UMG produced the redacted contract to Drake in response to his discovery request for any contracts between UMG and Lamar reflecting UMG's right to "approve, reject, refuse to publish, edit, amend, alter, or veto the publication" of Lamar's songs or music videos. *See* ECF No. 83-1 at 8. The redactions limit the disclosure to the parts of the Lamar Contract necessary to understand any such rights available to UMG. UMG respectfully requests that the Court allow the Lamar Contract to remain under seal because, even as redacted, it contains commercially sensitive and confidential business information.

       Although there is generally a presumption against sealing judicial documents, *see generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), "[t]he presumption of public access in filings submitted in connection with discovery disputes … is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions," *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

       Moreover, even when the presumption applies at full strength, courts regularly seal "proprietary, competitively sensitive business information." *Royal Park Invs. SA v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *5 (S.D.N.Y. May 16, 2023) (granting sealing of "deal terms" where disclosure "would harm Ripple's relationships with existing and prospective [] partners and allow Ripple's competitors … to adjust their business plans and pricing policies and gain a competitive advantage over Ripple") (cleaned up); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

(S.D.N.Y. Mar. 31, 2021) (granting motion to seal "sensitive business information") (collecting cases); As the Second Circuit has explained, "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

Additionally, courts in this District "seal certain contracts in their entirety" where "those contracts reflect an ongoing contractual relationship with one of [a party's] current business partners" because the party's "business relationships and interests, and the privacy interests of non-parties, would be detrimentally affected by the disclosure of confidential contracts that the parties [to the sealed contract] expect to remain private." *Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (cleaned up); *see also Kewazinga Corp.*, 2021 WL 1222122, at *6 (sealing "information regarding settlement agreements with third parties").

Here, UMG seeks sealing of negotiated contract terms relating to whether and to what extent UMG exercises control over the content and publication of Kendrick Lamar's creative output. This is clearly commercially sensitive information. If these terms were disclosed, then other artists could use them in their own negotiations with UMG (such as by demanding either similar or different treatment) and other record labels could use them when competing with UMG to sign or re-sign artists, including potentially Lamar himself. Thus, sealing "is warranted because public disclosure of [these] confidential, negotiated contract terms would be detrimental to [UMG's] competitive standing and business relationships with current and prospective partners." *AETN TV Networks, LLC v. Big Fish Ent., LLC*, 2024 U.S. Dist. LEXIS 191370, *3-4 (S.D.N.Y. Oct. 17, 2024) (cleaned up); *see also Adstra, LLC v. Kinesso, LLC*, 2025 WL 1002253, at *2 (S.D.N.Y. Mar. 31, 2025) (granting sealing after finding that "the presumption of public access is overcome by the countervailing interest in protection of confidential commercial information"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal concerning "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (cleaned up).

Sealing is further warranted because the Lamar Contract "reflect[s] an ongoing contractual relationship with one of [UMG's] current business partners" and would expose information that both UMG and Lamar "expect to remain private." *Ripple Labs, Inc.*, 2023 WL 3477552, at *6.

For the foregoing reasons, UMG respectfully requests that the Court grant leave to file the Lamar Contract under seal.

Respectfully submitted,

*/s/ Rollin A. Ransom*
Rollin A. Ransom

*Attorney for UMG Recordings, Inc.*