UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
:
AUBREY DRAKE GRAHAM,
:
          Plaintiff,
:
                                                      No. 1:25-cv-399-JAV
          v.
:
UMG RECORDINGS, INC.,
:
          Defendant.
:
---------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A RULE 45 SUBPOENA ON THIRD-PARTY JOSHUA DELSENI A/K/A JOSH KAPLAN BY ALTERNATIVE MEANS**

                                          Michael J. Gottlieb
                                          Anna Gotfryd (*pro hac vice*)
                                          Willkie Farr & Gallagher LLP
                                          1875 K Street NW
                                          Washington, D.C.  20006
                                          (202) 303-1000
                                          mgottlieb@willkie.com
                                          agotfryd@willkie.com

                                          Brady Sullivan
                                          M. Annie Houghton-Larsen
                                          Willkie Farr & Gallagher LLP
                                          787 Seventh Avenue
                                          New York, NY 10019
                                          (212) 728-8000
                                          bsullivan@willkie.com
                                          mhoughton-larsen@willkie.com

                                          *Attorneys for Plaintiff*

**TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................1
   A.    Plaintiff Identified Mr. Kaplan as a Relevant Witness. ...................................1
   B.    Plaintiff Has Made Exhaustive Efforts to Locate and Serve Mr. Kaplan Without Success. ...........................................................................................2
ARGUMENT ......................................................................................................................7
   A.    Service on Mr. Kaplan Through Traditional Methods is Impracticable. ......10
   B.    Service by Alternative Means is Reasonably Calculated to Ensure that Mr. Kaplan Receives Actual Notice of the Subpoena. ..........................................10
CONCLUSION ..................................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**                                                                      **Page(s)**

*In re Bystolic Antitrust Litig.*,
    No. 20-CV-5735 (LJL), 2021 WL 4296647 (S.D.N.Y. Sept. 20, 2021) ....................................8

*Cordius Trust v. Kummerfeld*,
    No. 99 Civ. 3200 (DLC), 2000 WL 10268 (S.D.N.Y. Jan. 3, 2000) .......................................10

*Elliott v. Cartagena*,
    No. 19 CIV. 1998 (NRB), 2021 WL 12103903 (S.D.N.Y. Feb. 5, 2021) .................................9

*Freeman v. Giuliani*,
    No. 24-CV-06563 (LJL) (S.D.N.Y. Nov. 21, 2024)..................................................................9

*GP Acoustics (US), Inc. v. J&V Audio, Inc.*,
    No. 17 Civ. 05305 (AKH), 2017 WL 11570459 (S.D.N.Y. Sept. 13, 2017).......................8, 10

*JPMorgan Chase Bank, N.A. v. IDW Group, LLC*,
    No. 08 CIV. 9116 (PGG), 2009 WL 1313259 (S.D.N.Y. May 11, 2009)...............................10

*Juniper Time Inv., LLC v. Wellington*,
    No. 7:19-CV-3393 (NSR), 2022 WL 20582421 (S.D.N.Y. July 27, 2022) ..............................9

*Knopf v. Esposito*,
    No. 17-CV-5833(DLC), 2020 WL 6589593 (S.D.N.Y. Nov. 11, 2020) .................................10

*Lively v. Wayfarer Studios LLC*,
    No. 24-CV-10049 (LJL) (S.D.N.Y. June 18, 2025) ..................................................................9

*SEC v. Pence*,
    322 F.R.D. 450 (S.D.N.Y. 2017) ...........................................................................................10

*Sirius XM Radio Inc. v. Aura Multimedia Corp.*,
    339 F.R.D. 592 (S.D.N.Y. 2021) ...................................................................................8, 9, 10

*Tube City IMS, LLC v. Anza Cap. Partners, LLC*,
    No. 14-cv-1783 (PAE), 2014 WL 6361746 (S.D.N.Y. Nov. 14, 2014) ....................................9

*United States v. Lax*,
    No. 18-CV-04061 (PK) (E.D.N.Y. Dec. 1, 2020) ....................................................................9

**Other Authorities**

C.P.L.R. §§ 308(1)-(4)....................................................................................................................8

C.P.L.R. § 308(5)............................................................................................................................8

Fed. R. Civ. P. 4(e)(1), (2) ............................................................................................................7

Plaintiff Aubrey Drake Graham ("Plaintiff") respectfully submits this memorandum of law in support of his motion for leave to serve a Rule 45 subpoena on third party Joshua Delseni a/k/a Josh Kaplan by alternative means.

**BACKGROUND**

On January 15, 2025, Plaintiff commenced this action against UMG Recordings, Inc. ("UMG" or "Defendant") asserting claims for defamation, harassment in the second degree, and violation of the New York General Business Law § 349 and filed an amended complaint on April 16 alleging the same. ECF Nos. 1, 41. Plaintiff alleges, *inter alia*, that UMG published and promoted the Defamatory Material,[1] which contains statements about Plaintiff that are false and defamatory *per se* and that it did so with actual malice. Plaintiff further alleges that, in publishing and promoting the Defamatory Material, UMG engaged in deceptive acts and practices by covertly financially incentivizing third parties to play, stream, and promote the Recording and then by making materially false and misleading representations and omissions to consumers. ECF No. 41 ¶¶ 128-52, 256.

### A. Plaintiff Identified Mr. Kaplan as a Relevant Witness.

Plaintiff has identified Josh Kaplan as a witness likely to have information relevant to Plaintiff's deceptive business practices claim. Mr. Kaplan is listed as a witness on Plaintiff's initial disclosures. Ex. 1.[2] Based on the information available to Plaintiff today, Plaintiff believes that Mr. Kaplan possesses knowledge relating to UMG's use of covert tactics to promote the Defamatory Material. For example, Plaintiff believes that Mr. Kaplan was involved in directing

---

[1] All capitalized terms not defined herein have the meanings set forth in Plaintiff's Amended Complaint (ECF No. 41).
[2] All Exhibit cites are to exhibits attached to the declaration of M. Annie Houghton-Larsen ("Decl.") filed in support.

payments and/or financial incentives from UMG to third parties involved in online botting to artificially inflate the streaming numbers of the Recording. Plaintiff also believes Mr. Kaplan was involved in directing payments and/or financial incentives from UMG to third parties for the purpose of spreading the Defamatory Material online, including, but not limited to through third party podcasts and streamers, in a tactic known as "seeding." Plaintiff believes that Mr. Kaplan engaged in this behavior through and/or in connection with his relationship with Ramon Alvarez-Smikle, the Executive Vice President and Head of Digital Marketing of UMG's Interscope Records, as well as with John Janick, the CEO of Interscope Records Inc. Mr. Alvarez-Smikle is listed as a witness on both Plaintiff's and UMG's initial disclosures. Exs. 1, 2. Mr. Janick is listed as a witness on Plaintiff's initial disclosures. Ex. 1.

Plaintiff has repeatedly attempted to serve a subpoena *duces tecum* on Mr. Kaplan requesting eight categories of documents (the "Subpoena"). Ex. 3. The requests in the Subpoena are targeted at discovering evidence of UMG's use of bots, payola, seeding, and other covert methods to promote the Defamatory Material. *See id*.

> **B.     Plaintiff Has Made Exhaustive Efforts to Locate and Serve Mr. Kaplan Without Success.**

Despite repeated efforts to serve Mr. Kaplan at multiple locations over the course of more than two months and spending thousands of dollars, Plaintiff has been unable to serve the Subpoena on Mr. Kaplan. Decl. ¶ 10. Specifically, beginning on or around May 30, 2025, Plaintiff attempted to serve the Subpoena on Mr. Kaplan more than a dozen times at five addresses in two states with the assistance of two different firms. *See* Ex. 4 (the "Capitol Process Aff."), Ex. 5 (the "Nardello Aff."). Plaintiff employed both Nardello & Co. ("Nardello"), an experienced private investigative firm, and Capitol Process Services, Inc. ("Capitol Process"), a well-established process server, in his efforts to locate and serve Mr. Kaplan.

- **Address 1:** On May 30 and 31, 2025, and on June 2 and 5, 2025, Capitol Process attempted to serve Mr. Kaplan four times at his apartment located at 2321 Laguna Circle, Apartment 301, Miami, Florida, 33181. Ex. 4 at 1. Plaintiff identified this address as Mr. Kaplan's current address based on his telephone number and vehicle registration record. Ex. 5 ¶ 7. On May 30, Capitol Process knocked on the door to the apartment, but no one answered. Ex. 4 at 1. Capitol Process then spoke with the apartment leasing officer who "confirmed that Joshua Delseni lives in apartment 301, but his lease is over at the end of June." Ex. 4 at 1. On May 31, Capitol Process again knocked on the door to the apartment, but again no one answered. *Id*. On June 2, a front desk staff member informed Capitol Process that Mr. Kaplan had advised apartment staff that he would move out on May 31, 2025, *id*., a month before his lease expiration. Capitol Process again knocked on the door to the apartment, but no one answered. On June 5, a leasing officer informed Capitol Process that Mr. Kaplan had moved out on June 4, 2025, and showed a photo of the empty apartment unit. *Id*. According to the leasing officer, Mr. Kaplan did not provide a forwarding address. *Id*.
- Furthermore, Plaintiff found, through public searches, that Mr. Kaplan was sued by his landlord at Address 1 on June 4, 2025, for failure to pay rent (the "June 2025 Lawsuit"). Ex. 7 at 1-5. This case was voluntarily dismissed on July 2, 2025, because Mr. Kaplan voluntarily vacated Address 1. Ex. 7 at 32. Mr. Kaplan and

his mother Dina Kaplan are both listed as "residents" of Address 1 in the lease contract filed in the June 2025 Lawsuit.[3] Ex. 7 at 7.

- **Address 2:** After learning that Mr. Kaplan had vacated the apartment at 2321 Laguna Circle, Apartment 301, Miami, Florida, 33181, Plaintiff identified the last-known address for Mr. Kaplan's brother, also located in Miami, Florida, and directed Capitol Process to attempt to serve Mr. Kaplan at this new address. On June 10 and 11, 2025, Capitol Process attempted to serve Mr. Kaplan at 19296 East Country Club Drive, Miami, Florida, 33180, which was where Plaintiff believed Mr. Kaplan's brother was living. Ex. 4 at 1-2; Ex. 5 ¶ 9. During the June 10 service attempt, no one answered the door, and Capitol Process could not locate Mr. Kaplan or his brother. Ex. 4 at 1. Capitol Process observed a woman on the balcony upstairs and called out to her, explaining the reason for coming to the address, but she went inside and did not speak with Capitol Process. *Id.* Capitol Process returned the next day, on June 11, and spoke with the leasing office director who informed Capitol Process that Mr. Kaplan's brother had moved out in October 2024 and did not provide any forwarding address. *Id.* at 2.

- **Address 3:** On June 13, 2025, Capitol Process attempted to serve Mr. Kaplan at 3244 N Powerline Rd Pompano Beach, Florida, 33069. Ex. 4 at 3. Plaintiff identified this address as associated with the company S1 Group LLC, which is registered under Josh Delseni. Ex. 5 ¶ 12. Once there, however, Capitol Process

---

[3] Mr. Kaplan was previously sued by the same landlord on July 23, 2024, (the "July 2024 Lawsuit"), for failure to pay rent at an address close to Address 1: 2301 Laguna Circle, Apartment 301, Miami, Florida, 33181, and Dina Kaplan was also named as a co-defendant in that lawsuit. Ex. 7 at 36. Mr. Kaplan and Dina Kaplan were also both listed as "residents" on the lease contract. *Id*. at 39.

learned that this location is associated with a company named "Restoration USA," which appeared to be closed. Ex. 4 at 3. Capitol Process approached the neighboring businesses and spoke with a man in his 50s who stated that he had been at this address for 25 years and never heard of the name S1 Group LLC or Joshua Delseni. *Id*. Capitol Process also approached a woman in her 30s who rented a location nearby, and she also stated that she had never heard of S1 Group LLC or Joshua Delseni. *Id*.

- **Address 4:** On June 18, 20-22, and 24-25, 2025, Capitol Process attempted to serve Mr. Kaplan seven times at a home located at 242 Barretta Court, Roseland, New Jersey, 07068, an address Plaintiff believed to be associated with Mr. Kaplan's father. Ex. 4 at 5; *see* Ex. 5 ¶ 11. Plaintiff later learned that Address 4 appears to be an outdated address for Mr. Kaplan's father. *See* Ex. 5 ¶ 11.

- **Address 5:** On June 19-21, and 23, 2025, Capitol Process attempted to serve Mr. Kaplan four times at a home located at 311 Sun Valley Way, Florham Park, New Jersey, 07932, an address Plaintiff identified as associated with Mr. Kaplan's mother, Dina Kaplan. Ex. 4 at 9; Ex. 5 ¶ 10. No one answered the door for any of the four service attempts. Ex. 4 at 9. Nor did Capitol Process observe any activity inside the home. *Id*.

- **Address 6**: On August 8, 9, and 12, 2025, Capitol Process attempted to serve Mr. Kaplan three times at 3204 Pleasant Avenue, Apartment 2R, Weehawken, New Jersey, 07086, an address that Plaintiff recently identified as currently associated with Mr. Kaplan's father. Ex. 4 at 10; Ex. 5 ¶ 11. On August 8, Capitol Process gained access to the secured building at this address and knocked on the door of the

apartment unit. Ex. 4 at 10. Although Capitol Process heard noise inside the residence, no one answered the door. *Id*. On August 9, Capitol Process again knocked on the door and received no answer. *Id*. Nor was Capitol Process able to gather any information from the neighboring units. *Id*. On August 12, Capitol Process was unable to gain access to the secured building, and there were no neighbors coming or going into the building to follow behind. *Id*.

- Additionally, Plaintiff believes the email address josh@imsgroup.io is associated with Mr. Kaplan. *See* Ex. 5 at ¶ 6. On July 29, 2025, Counsel for Plaintiff sent an email to josh@imsgroup.io notifying Mr. Kaplan of the Subpoena. Decl. ¶ 7, Ex. 6. Counsel for Plaintiff did not receive any bounce-back or response. *Id*.

- Plaintiff also believes the phone number 973-715-4551 is associated with Mr. Kaplan. That number is listed on the electronic signature record of the lease contract filed in the June 2025 Lawsuit for Mr. Kaplan. *See* Ex. 7 at 11. Counsel for Plaintiff called the number but there was no answer and the voicemail recording did not identify anyone by name. Decl. ¶ 9.

Plaintiff is not presently aware that Mr. Kaplan is represented by counsel, let alone counsel who would consent to service on his behalf.[4] Decl. ¶ 3.

***

Plaintiff has undertaken extensive and expensive attempts to serve Mr. Kaplan through traditional means, all of which have been unsuccessful. As described above, Mr. Kaplan may be attempting to evade service, as—without leaving any forwarding address—Mr. Kaplan moved out

---

[4] Mr. Kaplan did not appear or otherwise respond to the June 2025 Lawsuit or the July 2024 Lawsuit, and he did not have any counsel of record in either of these lawsuits.

of his confirmed address a month before the end of his lease and just days after Plaintiff began attempting service on the address. *See supra* at 3.  Therefore, Plaintiff now respectfully requests the Court permit Plaintiff to serve Mr. Kaplan through alternative means reasonably calculated to ensure that Mr. Kaplan receives actual notice of the Subpoena.  Specifically, Plaintiff respectfully requests leave to serve Mr. Kaplan with the Subpoena through each of the following methods (together, the "Alternative Means"):

1. By certified mail to the following two addresses believed to belong to Mr. Kaplan's parents (together, the "Physical Addresses"):

    a. 311 Sun Valley Way, Florham Park, New Jersey, 07932 (**Address 5**) and

    b. 3204 Pleasant Avenue, Apartment 2R, Weehawken, New Jersey 07086 (**Address 6**);

2. By affixing the subpoena to the door at each of the Physical Addresses;

3. By email to the email address josh@imsgroup.io;

4. By texting the Subpoena to Mr. Kaplan's mobile phone number identified in the lease contract filed in the June 2025 Lawsuit.  *See* Ex. 7 at 11;  and

5. By calling Mr. Kaplan at the same telephone number and notifying him that he has been served with the Subpoena at the Physical Addresses, by mail, by email, and by text.  Or, if he does not answer, by attempting to leave a voicemail notifying him of the same.

## ARGUMENT

The Court should permit Plaintiff to serve Mr. Kaplan by the Alternative Means because service by traditional means is impracticable, including because Mr. Kaplan may be acting to evade

service, and the Alternative Means are reasonably calculated to ensure that Mr. Kaplan receives actual notice of the Subpoena.

An individual located within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1), (2). In New York, service may be effected upon a person by: (1) personal service; (2) delivery of the summons to a "person of suitable age and discretion at the [individual's] actual place of business, dwelling or usual place of abode" and mailing it to the individual; (3) service on an agent; or (4) "affixing the summons" to the individual's actual place of business, dwelling, or usual abode, and mailing it to the individual. C.P.L.R. §§ 308(1)-(4).

A court may direct alternative methods of service where service by traditional means is "impracticable." C.P.L.R. § 308(5). "The meaning of 'impracticable' depends on the facts and circumstances of a particular case. In general, plaintiff must make some showing that the other prescribed methods of service could not be made." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (citing *D.R.I., Inc. v. Dennis*, No. 03-CV-10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004)) (cleaned up). "A plaintiff can demonstrate that service by conventional means is 'impracticable' by making diligent, albeit unsuccessful, efforts to obtain information regarding a defendant's current residence, business address or place of abode.'" *GP Acoustics (US), Inc. v. J&V Audio, Inc.*, No. 17 Civ. 05305 (AKH), 2017 WL 11570459, at *2 (S.D.N.Y. Sept. 13, 2017) (quoting *Snyder v. Alternate Energy Inc.*, 857 N.Y.S.2d 442, 446 (Civ. Ct. 2008)).

"The decision to allow alternative service is committed to the sound discretion of the district court." *In re Bystolic Antitrust Litig.*, No. 20-CV-5735 (LJL), 2021 WL 4296647, at *1

(S.D.N.Y. Sept. 20, 2021) (internal citations omitted).  Courts routinely find that alternative service, including by email, is appropriate where the moving party provides evidence that the recipient is likely to receive the service through the alternative method.  *See, e.g.*, *id*. at *2 (allowing plaintiff to serve defendant via email to the email address disclosed by the defendant's compliance officer); *Juniper Time Inv., LLC v. Wellington*, No. 7:19-CV-3393 (NSR), 2022 WL 20582421, at *1 (S.D.N.Y. July 27, 2022) (allowing plaintiff to serve a post-judgment Rule 45 subpoena on defendant via email because the plaintiff was able to send correspondence to the defendant via email 90 days before filing the plaintiff's motion for alternative service); *Sirius XM Radio Inc.*, 339 F.R.D. at 593–94 (allowing plaintiff to serve defendant via email because plaintiff sent copies of the complaint and the summons to the email address that the defendant listed in connection with his registration with the Florida State Bar and received no bounce back).

With respect to Rule 45 subpoenas, "district courts in this Circuit have held that, in appropriate circumstances, alternative forms of service may be used, as long as they are calculated to provide timely actual notice."  *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, No. 14-cv-1783 (PAE), 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (collecting cases); *see also* Order at 4, *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049 (LJL) (S.D.N.Y. June 18, 2025) (granting alternative service by contacting the third party via telephone); Memorandum and Order at 4-6, *Freeman v. Giuliani*, No. 24-CV-06563 (LJL) (S.D.N.Y. Nov. 21, 2024) (granting alternative service by email and FedEx overnight delivery to the third party's home address in St. Louis, Missouri, under Rule 45 and C.P.L.R. § 308(5)); *Elliott v. Cartagena*, No. 19 CIV. 1998 (NRB), 2021 WL 12103903, at *1 (S.D.N.Y. Feb. 5, 2021) (permitting alternative service via (1) regular and certified mail at the nonparty's known addresses; (2) the nonparty's known business email; and (3) Facebook, where the nonparty was recently active); Order, *United States v. Lax*, No. 18-

CV-04061 (PK) (E.D.N.Y. Dec. 1, 2020) (granting alternative service on the nonparty "by way of email and text message to the email address and phone number in [plaintiffs'] possession, as well as by mail to his last known address"); *Knopf v. Esposito*, No. 17-CV-5833(DLC), 2020 WL 6589593, at *2 (S.D.N.Y. Nov. 11, 2020) (granting alternative service on the nonparty by email and leaving a copy of the subpoena at his residence); *JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, No. 08 CIV. 9116 (PGG), 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (permitting alternative service by mail and by leaving a copy of the subpoena with a person of suitable age and discretion after nine failed attempts at two locations); *Cordius Trust v. Kummerfeld*, No. 99 Civ. 3200 (DLC), 2000 WL 10268 (S.D.N.Y. Jan. 3, 2000) (permitting alternative service by certified mail because personal delivery is not the exclusive method for service of subpoena under Rule 45).

### A.     Service on Mr. Kaplan Through Traditional Methods is Impracticable.

Service on Mr. Kaplan through traditional methods is impracticable. *See Sirius XM Radio Inc.*, 339 F.R.D. at 593. As detailed above, Plaintiff has attempted service through traditional methods on Mr. Kaplan for more than two months, at multiple addresses, and in multiple states. *Supra* at 2-6. Plaintiff has exhausted efforts to obtain information regarding Mr. Kaplan's current residence. *See generally* Decl.; *see also GP Acoustics (US), Inc.*, 2017 WL 11570459, at *2. Plaintiff is not presently aware of Mr. Kaplan being represented by counsel, let alone counsel who would consent to service on his behalf. *Supra* at 6.

### B.     Service by Alternative Means is Reasonably Calculated to Ensure that Mr. Kaplan Receives Actual Notice of the Subpoena.

The Alternative Means are reasonably calculated to ensure that Mr. Kaplan receives actual notice of the Subpoena. *See SEC v. Pence*, 322 F.R.D. 450 (S.D.N.Y. 2017). For Address 5, which is associated with Dina Kaplan, Plaintiff believes that Dina Kaplan is Mr. Kaplan's mother

with whom he communicates and shares contractual obligations based on the two publicly filed lawsuits against Mr. Kaplan. *Supra* at 3-4. For Address 6, Plaintiff believes that it is associated with Mr. Kaplan's father based on their shared address history. Ex. 5 ¶ 11. The phone number 973-715-4551 is listed as a mobile number belonging to Mr. Kaplan on the electronic signature record of the lease contract filed in the June 2025 Lawsuit. *See* Ex. 7 at 11. Further, Plaintiff believes the email address josh@imsgroup.io is associated with Mr. Kaplan. *See* Ex. 5 at ¶ 6. Alternative service via certified mail to Address 5 and 6 and using the telephone number are reasonably calculated to ensure that Mr. Kaplan receives actual notice of the Subpoena.

Thus, Plaintiff seeks the Court's permission to serve Mr. Kaplan through the Alternative Means:

1. By certified mail to the Physical Addresses:

    a. 311 Sun Valley Way, Florham Park, New Jersey 07932 (**Address 5**);

    b. 3204 Pleasant Avenue, Apartment 2R, Weehawken, New Jersey 07086 (**Address 6**);

2. By affixing the Subpoena to the door at each of the Physical Addresses;

3. By email to the email address josh@imsgroup.io;

4. By texting the Subpoena to Mr. Kaplan's mobile phone number identified in the lease contract filed in the June 2025 Lawsuit, *See* Ex. 7 at 11; and

5. By calling Mr. Kaplan at the same telephone number and notifying him that he has been served with the Subpoena at the Physical Addresses, by mail, by email, and by text. Or, if he does not answer, by attempting to leave a voicemail notifying him of the same.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order authorizing Plaintiff to serve Mr. Kaplan with copies of the Subpoena through the Alternative Means.

Dated: August 18, 2025                                    Respectfully Submitted,

/s/*Michael J. Gottlieb*
Michael J. Gottlieb
Anna Gotfryd (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, D.C. 20006
(202) 303-1000
mgottlieb@willkie.com
agotfryd@willkie.com

Brady Sullivan
M. Annie Houghton-Larsen
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
bsullivan@willkie.com
mhoughton-larsen@willkie.com

*Attorneys for Plaintiff*

## WORD COUNT VERIFICATION

I, Michael J. Gottlieb, certify that, according to the word count of the word-processing program used to prepare the foregoing memorandum of law, and exclusive of the portions of it that are excluded by Local Rule 7.1 and Section 5(A) of the Court's Individual Rules and Practices in Civil Cases, there are 3,365 words in the document.