UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
AUBREY DRAKE GRAHAM,
:
        Plaintiff,
:
                                                       :     No. 1:25-cv-399-JAV
        v.
:
UMG RECORDINGS, INC.,
:
        Defendant.
:
---------------------------------------------------------------x

**DECLARATION OF M. ANNIE HOUGHTON-LARSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A RULE 45 SUBPOENA ON THIRD-PARTY JOSHUA DELSENI A/K/A JOSH KAPLAN BY ALTERNATIVE MEANS**

I, M. Annie Houghton-Larsen, an attorney admitted to practice in this Court, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am counsel to Plaintiff Aubrey Drake Graham ("Plaintiff") in the above-captioned action.

2. I submit this declaration in support of Plaintiff's Motion for Leave to Serve a Rule 45 Subpoena on Third-Party Joshua Delseni a/k/a Josh Kaplan by Alternative Means (the "Motion").

3. Plaintiff's counsel is not presently aware of Mr. Kaplan being represented by counsel in the above-captioned case.

4. On March 24, 2025, Plaintiff and Defendant exchanged initial disclosures. On June 2, 2025, Plaintiff served amended initial disclosures. A true and correct copy of Plaintiff's

amended initial disclosures dated June 2, 2025, is attached hereto as **Exhibit 1**.  A true and correct copy of Defendant's initial disclosures dated March 24, 2025, is attached as **Exhibit 2**.

5.	Plaintiff, by and through counsel, engaged a process server, Capitol Process Services, Inc. ("Capitol Process") to serve the Subpoena on Mr. Kaplan.  Capitol Process made repeated service attempts on Mr. Kaplan.  A true and correct copy of the Subpoena is attached as **Exhibit 3**.  A true and correct copy of the Affidavit of Due Diligence memorializing those service attempts is attached as **Exhibit 4**.

6.	Plaintiff, by and through counsel, engaged Nardello & Co. ("Nardello"), an experienced private investigative firm, to conduct research and investigation in connection with the Subpoena.  A true and correct copy of Nardello's Affidavit of Due Diligence memorializing those research and investigation efforts is attached as **Exhibit 5**.

7.	On July 29, 2025, counsel for Plaintiff sent an email to josh@imsgroup.io.  Counsel for Plaintiff received no bounce-back email or response.  A true and correct copy of the July 29, 2025, email to josh@imsgroup.io is attached as **Exhibit 6**.

8.	Plaintiff identified two public lawsuits against Mr. Kaplan.  A true and correct copy of the documents located through public searches are attached as **Exhibit 7**.

9.	Counsel for Plaintiff called the phone number listed on the electronic signature record of the lease contract filed in one of the two aforementioned public lawsuits for Mr. Kaplan.  *See* Ex. 7 at 11.  There was no answer and the voicemail recording did not identify anyone by name.

10.	Despite repeated efforts to serve Mr. Kaplan at multiple locations over the course of more than two months and spending thousands of dollars, Plaintiff has been unable to serve the Subpoena on Mr. Kaplan.

11. As of the time of filing, Plaintiff's counsel have not received any contact from Mr. Kaplan regarding the Subpoena.

12. Plaintiff is not aware of Mr. Kaplan's actual place of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2025.    /s/ *M. Annie Houghton-Larsen*
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
mhoughton-larsen@willkie.com