# EXHIBIT 4

UNITED STATED DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*Aubrey Drake Graham*
            *Plaintiff(s)*
                                             VS.                    Case No: 25-CV-00399 (JAV)
*UMG Recordings, Inc.*
            *Defendant(s)*

## AFFIDAVIT OF DUE DILIGENCE

I, **Winston Suarez**, a Private Process Server, having been duly authorized to make service of the Subpoena Duces Tecum with Schedule A, in the above entitled case, hereby depose and say:

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That after due search, careful inquiry and diligent attempt(s), I have been unable to serve Joshua Delseni with the above named process.

That on May 30, 2025 at 5:01 PM, I attempted to serve Joshua Delseni at 2321 Laguna Circle, Apartment 301, Miami, Florida 33181. On this occasion, I found the address to be The Shoreline at Sole' Mia Apartments, and I had to check in at the front desk for access inside. Accordingly, I knocked on the door of Apartment 301, but I did not receive a response at this time. In addition, I spoke with Natalie Gonzalez, Assistant Community Manager with the leasing office, who confirmed that Joshua Delseni lives in Apartment 301, but his lease is over at the end of June. Ms. Gonzalez was unable to provide me with further information on Mr. Delseni's whereabouts.

That on May 31, 2025 at 4:32 PM, I attempted to serve Joshua Delseni at 2321 Laguna Circle, Apartment 301, Miami, Florida 33181. On this occasion, after checking in at the front desk in order to gain access to the third floor, I knocked on the door of Apartment 301 for several minutes, but I did not receive an answer at the door.

That on June 2, 2025 at 7:33 AM, I attempted to serve Joshua Delseni at 2321 Laguna Circle, Apartment 301, Miami, Florida 33181. On this occasion, I was told by Tamisha at the front desk that she had spoken with Mr. Delseni, and he advised her that he would be moving on 5/31/25, and that his lease would end at the end of June. In addition, after gaining access upstairs, I knocked on the door of Apartment 301, but I received no answer after knocking for several minutes.

That on June 5, 2025 at 12:36 PM, I attempted to serve Joshua Delseni at 2321 Laguna Circle, Apartment 301, Miami, Florida 33181. On this occasion, I spoke with Natalie Gonzalez again, who stated that Joshua Delseni moved out on June 4, 2025, that he moved out before his lease ended, and that he did not leave a forwarding address. Ms. Gonzalez shared a photo that she stated was the inside of Apartment 301, and it was empty inside.

That on June 10, 2025 at 7:25 PM, I attempted to serve Joshua Delseni at 19296 East Country Club Drive, Miami, Florida 33180. On this occasion, I found the address to be the Promenade at Aventura Townhouse Homes, however the leasing office was closed at this time. I gained entry into the gated community, and after knocking on the door for several minutes, I did not receive an answer. In addition, I heard dogs barking inside, and I observed an African American woman on the balcony upstairs. Accordingly, I called up to her and advised her of my reasoning for being there, however she went inside. I waited outside for several minutes, but she did not come back outside.

That on June 11, 2025 at 11:39 AM, I attempted to serve Joshua Delseni at 19296 East Country Club Drive, Miami, Florida 33180. On this occasion, I spoke with Camila Restrepo who stated she is the Community Director with the leasing office, and that the woman I saw on my attempt on June 10th is a new resident, and reported me to the office. Accordingly, she checked her system

*and advised that Matthew Delseni, Joshua's brother, moved out in October of 2024. Ms. Restrepo advised that Matthew Delseni did not leave a forwarding address, and had no other information to provide on Joshua Delseni's whereabouts.*

Executed on <u>06/16/2025</u>

*Winston Suarez*

*Client Ref Number: N/A*
*Capitol Process Services, Inc. | 7500 Greenway Center Drive, Suite 420, Greenbelt, Maryland 20770 | (202) 667-0050* *Job #0423891*

2

UNITED STATED DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**Aubrey Drake Graham**
        *Plaintiff(s)*

VS.    Case No: 25-CV-00399 (JAV)

**UMG Recordings, Inc.**
        *Defendant(s)*

## AFFIDAVIT OF DUE DILIGENCE

I, **Bruce Piekarsky**, a Private Process Server, having been duly authorized to make service of the Subpoena Duces Tecum with Schedule A, in the above entitled case, hereby depose and say:

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That after due search, careful inquiry and diligent attempt(s), I have been unable to serve S1 Group LLC c/o Joshua Delseni, Registered Agent with the above named process.

That on June 13, 2025 at 02:12 PM, I attempted to serve, S1 Group LLC c/o Joshua Delseni, Registered Agent at 3244 North Powerline Road, Pompano Beach, Florida 33069. On this occasion, I found the address to be the location of Restoration USA, however the business was closed at this time. Accordingly, I tried checking with a neighboring business, but that office appeared to be closed as well. In addition, I walked around the property to garages in the back that were for additional neighboring businesses, and I asked an African American male in his 50s about S1 Group LLC and Joshua Delseni, however the man stated that he has been there for 25 years, and has never heard of them. In addition, I spoke with a female in her 30s who rents a location in the back, and she stated that she has never heard of S1 Group LLC or Joshua Delseni.

I solemnly affirm under the penalties of perjury that the contents of this document are true to the best of my knowledge, information, and belief.

Executed on 06/16/2025

*Bruce Piekarsky*

Client Ref Number: N/A
Job #:13520116

*Capitol Process Services, Inc. | 7500 Greenway Center Drive, Suite 420, Greenbelt, Maryland 20770 | (202) 667-0050*

4

UNITED STATED DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Aubrey Drake Graham
        Plaintiff(s)

VS.    Case No: 25-CV-00399 (JAV)

UMG Recordings, Inc.
        Defendant(s)

## AFFIDAVIT OF DUE DILIGENCE

I, **John Kratz**, a Private Process Server, having been duly authorized to make service of the Subpoena Duces Tecum with Schedule A, in the above entitled case, hereby depose and say:

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That after due search, careful inquiry and diligent attempt(s), I have been unable to serve Joshua Delseni with the above named process.

That on June 18, 2025 at 10:40 AM, I attempted to serve Joshua Delseni at 242 Barretta Court, Roseland, New Jersey 07068. On this occasion, I received no answer at the door after knocking for several minutes. In addition, I heard a dog barking inside at this time.

That on June 18, 2025 at 7:30 PM, I attempted to serve Joshua Delseni at 242 Barretta Court, Roseland, New Jersey 07068. On this occasion, although there were lights on inside, I received no answer at the door after knocking for several minutes. In addition, I heard dogs barking inside, and I observed that the Ring branded video doorbell camera was inoperable.

That on June 20, 2025 at 11:10 AM, I attempted to serve Joshua Delseni at 242 Barretta Court, Roseland, New Jersey 07068. On this occasion, I found that the Ring doorbell was removed from the front door. In addition, again, I knocked for several minutes, but I was unable to summon anyone to the door. In addition, I tried confirming the address with a neighbor, however I received no answer at the neighbor's residence, as well.

That on June 21, 2025 at 1:10 PM, I attempted to serve Joshua Delseni at 242 Barretta Court, Roseland, New Jersey 07068. On this occasion, although I heard a dog barking inside again, I received no answer at the door after knocking for several minutes.

That on June 22, 2025 at 8:10 PM, I attempted to serve Joshua Delseni at 242 Barrreta Court, Roseland, New Jersey 07068. On this occasion, again, although I observed lights on inside, I received no answer after knocking on the door for several minutes. In addition, I heard a dog barking inside.

That on June 24, 2025 at 7:10 PM, I attempted to serve Joshua Delseni at 242 Barretta Court, Roseland, New Jersey 07068. On this occasion, I received no answer at the door after knocking for several minutes. There were no lights on inside at this time.

That on June 25, 2025 at 8:00 AM, I attempted to serve Joshua Delseni at 242 Barretta Court, Roseland, New Jersey 07068. On this occasion, still, I received no answer at the door after knocking for several minutes. In addition, I received no answer at a neighbor's house.

I solemnly affirm under the penalties of perjury that the contents of this document are true to the best of my knowledge, information, and belief.

Executed on 06/25/2025

5

_____
                                                                John Kratz

Client Ref Number: N/A
Capitol Process Services, Inc. | 7500 Greenway Center Drive, Suite 420, Greenbelt, Maryland 20770 | (202) 667-0050 Job# 340987

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| Aubrey Drake Graham | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 25-CV-00399 (JAV) |
| UMG Recordings, Inc. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Joshua Delseni
242 BARRETTA CT, ROSELAND, NJ 07068
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Willkie Farr & Gallagher LLP<br>787 Seventh Avenue, New York, NY 10019-6099 | Date and Time:<br>07/14/2025 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/23/2025

*CLERK OF COURT*

OR

_____   /s/ Michael J. Gottlieb
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Aubrey Drake Graham                                                             , who issues or requests this subpoena, are:

Michael Gottlieb, Willkie Farr & Gallagher LLP, 1875 K Street, N.W., Washington, DC 20006-1238, mgottlieb@willkie.com, (202) 303-1000

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

7

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATED DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*Aubrey Drake Graham*
              *Plaintiff(s)*

                                              VS.                    Case No: 25-CV-00399 (JAV)

*UMG Recordings, Inc.*
              *Defendant(s)*

## AFFIDAVIT OF DUE DILIGENCE

I, **David J. Murgittroyd**, a Private Process Server, having been duly authorized to make service of the Subpoena Duces Tecum with Schedule A, in the above entitled case, hereby depose and say:

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That after due search, careful inquiry and diligent attempt(s), I have been unable to serve Joshua Delseni with the above named process.

That on June 19, 2025 at 4:45 PM, I attempted to serve Joshua Delseni at 311 Sun Valley Way, Florham Park, New Jersey 07932. On this occasion, I received no answer after ringing the Ring branded video doorbell and knocking on the door. In addition, I did not hear any movement inside the residence.

That on June 20, 2025 at 2:29 PM, I attempted to serve Joshua Delseni at 311 Sun Valley Way, Florham Park, New Jersey 07932. On this occasion, again, I did not observe any activity inside and I received no answer after ringing the doorbell and knocking on the door for several minutes.

That on June 21, 2025 at 6:10 PM, I attempted to serve Joshua Delseni at 311 Sun Valley Way, Florham Park, New Jersey 07932. On this occasion, as before, I received no answer at the door after ringing the doorbell and knocking for several minutes.

That on June 23, 2025 at 7:05 PM, I attempted to serve Joshua Delseni at 311 Sun Valley Way, Florham Park, New Jersey 07932. On this occasion, although I heard a dog barking inside, I received no answer at the door after knocking and ringing the doorbell for several minutes.

I solemnly affirm under the penalties of perjury that the contents of this document are true to the best of my knowledge, information, and belief.

Executed on 06/25/2025

                                                                          _____
                                                                          David J. Murgittroyd

                                                                          Client Ref Number: N/A
                                                                          Job #:13541019

*Capitol Process Services, Inc.* | 7500 Greenway Center Drive, Suite 420, Greenbelt, Maryland 20770 | (202) 667-0050

9

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Aubrey Drake Graham
           Plaintiff(s)

VS.        Case No: 25-CV-00399 (JAV)

UMG Recordings, Inc.
           Defendant(s)

## AFFIDAVIT OF DUE DILIGENCE

I, **Joseph Menendez**, a Private Process Server, having been duly authorized to make service of the Subpoena Duces Tecum with Schedule A and Plaintiff Aubrey Drake Graham's Rule 45 Subpoena to Joshua Delseni, in the above entitled case, hereby depose and say

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That after due search, careful inquiry, and diligent attempt(s), I have been unable to serve Joshua Delseni a/k/a Josh Kaplan with the above-named process.

That on August 8, 2025, at 1:22 PM, I attempted to serve Joshua Delseni a/k/a Josh Kaplan at 3204 Pleasant Avenue, Apt. 2R, Weehawken, New Jersey 07086. On this occasion, I arrived at the service address and observed that the building is a secure, six-unit apartment building. I was able to gain access and knocked on the door of the unit, but received no answer. There were noises heard inside the residence, but no one came to open the door.

That on August 9, 2025, at 7:15 PM, I attempted to serve Joshua Delseni a/k/a Josh Kaplan at 3204 Pleasant Avenue, Apt. 2R, Weehawken, New Jersey 07086. During this occasion, I arrived at the service address and received no answer when knocking on the door. I proceeded to gather information from the neighboring units, but received no answer.

That on August 12, 2025, at 8:45 AM, I attempted to serve Joshua Delseni a/k/a Josh Kaplan at 3204 Pleasant Avenue, Apt. 2R, Weehawken, New Jersey 07086. On this occasion, I was unable to gain access to the secured building. There were no neighbors coming or going to follow behind.

I solemnly affirm under the penalties of perjury that the contents of this document are true to the best of my knowledge, information, and belief.

Executed on 08/13/2025

*[signature]*

Joseph Menendez

Client Ref Number: N/A
Job #:13888752

Capitol Process Services, Inc. | 7500 Greenway Center Drive, Suite 420, Greenbelt, Maryland 20770 | (202) 667-0050