# Exhibit 7

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Sm Multifamily Llc, The Shoreline At Solemia
Plaintiff

Case # ____________________
Judge ____________________

vs.
Joshua Delseni
Defendant

---

**II. AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☒ Evictions
☒ Residential Evictions
☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☐ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☐ yes
☒ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Ryan Ruffner McCain
Attorney or party

Fla. Bar # 28117
(Bar # if attorney)

Ryan Ruffner McCain
(type or print name)

06/04/2025
Date

**IN THE COUNTY COURT IN AND FOR MIAMI-DADE, FLORIDA**

**CASE NO.**
**CIVIL DIVISION**
**COMPLAINT**

**SM Multifamily LLC dba The Shoreline at SoleMia,**

Plaintiff(s),

vs.

**Joshua Delseni**

Defendant(s)

_________________________________/

**COMPLAINT**
**COUNT I - EVICTION OF RESIDENTIAL TENANT**

PLAINTIFF, SM Multifamily LLC dba The Shoreline at SoleMia sues Defendant(s), Joshua Delseni, (hereinafter "tenant(s)"), and states:

1. Plaintiff is authorized for business in this County.

2. Plaintiff owns or is the lessor of the real property "the premises" in this county within the meaning of Florida Stat. Sec. 83.43 (3) described as:

The Shoreline at SoleMia
2321 LAGUNA CIR APT 301
NORTH MIAMI, FL 33181-1069

3. Tenant(s) reside(s) in this county.

4. This is an action to evict tenant(s) from the premises.

5. Tenant(s) retain(s) possession of the premises under a written lease requiring rent of $3,713.00 per month to be paid the first of each month. A copy of relevant portions of the lease is attached hereto and incorporated herein as Exhibit "A".

6. Tenant(s) failed to pay rent due through the month of April.

7. Tenant(s) owe(s) Plaintiff rent through the month(s) stated in paragraph 6 herein in the total sum of $3,851.61.

8. Plaintiff served Tenant(s) notice to pay rent or vacate the premises on April 9, 2025 as shown by copy or copies of notice(s) attached hereto and incorporated herein as Plaintiff's Exhibit(s) "B", but Tenant(s) refuse(s) to do either.

9. In accordance with Fla. Stat. Section 83.60(2), if Tenant(s) fails deposit the sum of $3,851.61 in the Court Registry, plus rent which accrues during the pendency of this action, then Plaintiff is entitled to a Default Judgment for Removal of Tenant(s) and to recover a judgment for rent due and owing, plus costs in accordance with Fla. Stat. Sections 83.59 and 83.625.

10. Failure of tenant(s) to pay rent as due caused plaintiff to retain undersigned counsel and incur reasonable attorney's fees and costs, which tenant(s) should pay pursuant to Fla. Stat. Sec. 83.48 and the Lease.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT for possession of the premises, rent due, court costs and attorneys fees against the Defendant(s) and other available remedies in accordance with Fla. Stat. Section 83.625 and for such other relief this Court deems just and proper.

Dated: June 4, 2025

s/ Elizabeth S. Rivera, Esq.
Elizabeth S. Rivera, service@barfieldpa.com
FL Bar Number 57330
Attorneys for Plaintiff
Barfield McCain Ayoub, P.A.
4460 Medical Center Way
West Palm Beach, FL 33407
Telephone: (561) 650-8139
Fax: (561) 650-8146

## NOTICE OF DEBT

You are indebted to **SM Multifamily LLC dba The Shoreline at SoleMia** for the amount of **$3,851.61**.Unless, within 30 days of receiving this notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If you notify the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by the debt collector. Although you have 30 days to dispute the debt, that period does not delay initiation of legal action against you. Upon your written request within the 30-day period, the debt collector will provide you with the name and address of the original creditor, if different from the current creditor.

# Exhibit A

FLORIDA APARTMENT ASSOCIATION

# APARTMENT LEASE CONTRACT

NATIONAL APARTMENT ASSOCIATION — We Lead the Way Home

Date of Lease Contract: July 1, 2023
(when the Lease Contract is filled out)

***This is a binding document. Read carefully before signing.***

## Moving In — General Information

**1. PARTIES.** This Lease Contract (sometimes referred to as the "lease") is between *you*, the resident(s) *(list all people signing the Lease Contract)*: Joshua Delseni, Dina Kaplan

and *us*, the owner: SM Multifamily LLC

*(name of apartment community or title holder)*. You've agreed to rent Apartment No. 301, at 2301 Laguna Circle *(street address)* in Miami *(city)*, Florida, 33181 *(zip code)* (the "dwelling unit" or the "premises") for use as a private residence only. The terms "you" and "your" refer to all residents listed above. The terms "we," "us," and "our" refer to the owner listed above (or any of owner's successors' in interest or assigns). Written or electronic notice to or from our managers constitutes notice to or from us. If anyone else has guaranteed performance of this Lease Contract, a separate Lease Contract Guaranty for each guarantor is attached.

The ❑ Owner or ☒ Manager of these apartments is Baron Residential Management

whose address is 201 SE 2nd Avenue, Miami, FL 33131 . Such person or company is authorized to receive notices and demands in the landlord's behalf.

A lease termination notice must be given in writing. Notice to the landlord must be delivered to the management office at the apartment community or any other address designated by management as follows: 201 SE 2nd Avenue, Miami, FL 33131 .

Except as otherwise required by applicable law, any notice required by this Lease or law shall be in writing and shall be deemed to be delivered to you if: (a) delivered personally; (b) sent electronically via email to any email address on file with us as provided by you; (c) posted to the door of your address shown above; or (d) mailed by U.S. First Class Mail to your address shown above.

**2. OCCUPANTS.** The apartment will be occupied only by you and *(list all other occupants not signing the Lease Contract)*:

© 2023, National Apartment Association, Inc. - 7/2023, Florida eSignature Services Document ID: 438381766

[illegible] Persons not listed above [illegible] days

14

*If the previous space isn't filled*

**3. LEASE TERM AND TERMINATION NOTICE REQUIREMENTS.** The initial term of the Lease Contract begins on the 1st day of June, 2024, and ends at 11:59 p.m. the 30th day of June, 2025.

This Lease Contract will automatically renew month-to-month unless either party gives at least 60 days' written notice of termination or intent to move-out as required by this paragraph and paragraph 47 (Move-Out Notice). If the number of days isn't filled in, at least 30 days' notice is required. In the event you fail to provide us with the required number of days' written notice of termination and intent to vacate coinciding with the lease expiration date, as required by this paragraph and paragraph 47 (Move-Out Notice), you acknowledge and agree that you shall be liable to us for liquidated damages in the sum of $ 3660.00 (equal to one month's rent) if we give you the advanced written notice required by Fla. Stat. § 83.575(2). This liquidated damages amount is exclusive to insufficient notice under this paragraph and paragraph 47 (Move-Out Notice), and does not limit collection rights with regard to other amounts potentially owed to us. If the lease term is not a month-to-month tenancy, we must notify you with written notice no later than 60 days before the end of the lease term if the lease will not be renewed.

**Month-to-Month Tenancies:** In the event this Lease Contract renews on a month-to-month basis, you must pay the amount of rent we charge at the time the month-to-month tenancy commences pursuant to this paragraph and paragraph 15 (Rent Increases and Lease Contract Changes), inclusive of any applicable month-to-month fees and/or premiums. We may change your rent at any time thereafter during a month-to-month tenancy by giving you no less than 30 days' written notice. You will be required to abide by all notice requirements set forth in the lease and remain liable to pay all other applicable charges due under the lease during your month-to-month tenancy unless specifically changed in writing. All sums due under this paragraph shall be additional rent. We may require you to sign an addendum written for month-to-month tenants. Either party may terminate a month-to-month tenancy by giving the other party written notice no later than 30 days' prior to the end of the monthly rental period. If you fail to provide us at least 30 days' written notice to terminate a month-to-month tenancy prior to the end of the monthly rental period, you shall be liable to us for an additional 1 month's rent.

**4. SECURITY DEPOSIT.** Unless modified by addenda, the total security deposit at the time of execution of this Lease Contract for all residents in the apartment is $ 1000.00, due on or before the date this Lease Contract is signed.

Any security deposit or advance rent you paid is being held in one of the following three ways as indicated below [Landlord check one option]:

☒ 1. In a separate NON-INTEREST bearing account for your benefit in the following bank: M&T Bank,
whose address is 2000 PGA Boulevard, North Palm Beach, FL 33408; **OR**

❑ 2. In a separate INTEREST bearing account for your benefit in the following bank: ,
whose address is .

If an interest bearing account, you will be entitled to receive and collect interest in an amount of at least 75 percent of the annualized average interest rate payable on such account or interest at the rate of 5 percent per year, simple interest, whichever the landlord elects.

❑ 3. In a commingled account at the following bank ,
[illegible]





☑

*Jd* *Jd* ________ **Initials of Resident.** Resident acknowledges receiving a copy of F.S. 83.49(2)(d) which provides as follows:

YOUR LEASE REQUIRES PAYMENT OF CERTAIN DEPOSITS. THE LANDLORD MAY TRANSFER ADVANCE RENTS TO THE LANDLORD'S ACCOUNT AS THEY ARE DUE AND WITHOUT NOTICE. WHEN YOU MOVE OUT, YOU MUST GIVE THE LANDLORD YOUR NEW ADDRESS SO THAT THE LANDLORD CAN SEND YOU NOTICES REGARDING YOUR DEPOSIT. THE LANDLORD MUST MAIL YOU NOTICE, WITHIN 30 DAYS AFTER YOU MOVE OUT, OF THE LANDLORD'S INTENT TO IMPOSE A CLAIM AGAINST THE DEPOSIT. IF YOU DO NOT REPLY TO THE LANDLORD STATING YOUR OBJECTION TO THE CLAIM WITHIN 15 DAYS AFTER RECEIPT OF THE LANDLORD'S NOTICE, THE LANDLORD WILL COLLECT THE CLAIM AND MUST MAIL YOU THE REMAINING DEPOSIT, IF ANY.

IF THE LANDLORD FAILS TO TIMELY MAIL YOU NOTICE, THE LANDLORD MUST RETURN THE DEPOSIT BUT MAY LATER FILE A LAWSUIT AGAINST YOU FOR DAMAGES. IF YOU FAIL TO TIMELY OBJECT TO A CLAIM, THE LANDLORD MAY COLLECT FROM THE DEPOSIT, BUT YOU MAY LATER FILE A LAWSUIT CLAIMING A REFUND.

YOU SHOULD ATTEMPT TO INFORMALLY RESOLVE ANY DISPUTE BEFORE FILING A LAWSUIT. GENERALLY, THE PARTY IN WHOSE FAVOR A JUDGMENT IS RENDERED WILL BE AWARDED COSTS AND ATTORNEY FEES PAYABLE BY THE LOSING PARTY.

THIS DISCLOSURE IS BASIC. PLEASE REFER TO PART II OF CHAPTER 83, FLORIDA STATUTES, TO DETERMINE YOUR LEGAL RIGHTS AND OBLIGATIONS.

5. **KEYS.** You will be provided ________ apartment key(s), ________ mailbox key(s), ________ FOB(s), and/or ________ other access device(s) for access to the building and amenities at no additional cost at move-in. If the key, FOB, or other access device is lost or becomes damaged during your tenancy or is not returned or is returned damaged when you move out, you will be responsible for the costs for the replacement and/or repair of the same.

6. **RENT AND CHARGES.** Unless modified by addenda, you will pay $ 3713.00 per month for rent, payable in advance and without demand:

☒ at the on-site manager's office, or
☒ at our online payment site, or
❑ at ________________________________

Prorated rent of $ ________ is due for the remainder of *[check one]*: ☒ 1st month or ❑ 2nd month, on ________________, ________.

Otherwise, you must pay your rent on or before the 1st day of each month (due date) with no grace period. Cash is unacceptable without our prior written permission. You must not withhold or offset rent unless authorized by statute. We may, at our option, require at any time that you pay all rent and other sums in cash, certified or cashier's check, money order, or one monthly check rather than multiple checks. At our discretion, we may convert any and all checks via the Automated Clearing House (ACH) system for the purposes of collecting payment. Rent is not considered accepted, if the payment/ACH is rejected, does not clear, or is stopped for any reason. We may, but are not required to, accept rent through direct debit, ACH or other electronic means established and approved by us. If you don't pay all rent on or before the 3rd day of the month, you'll pay a late charge. Your late charge will be *(check one)* ❑ a flat rate of $ ________ or ☒ 10 % of your total monthly rent payment. You'll also pay a charge of $ 35.00 for each returned check or rejected electronic payment, plus a late charge. If you don't pay rent on time, or fail to pay any utilities or contractual fees due under a prior lease if this is a renewal lease, you'll be delinquent and all remedies under this Lease Contract will be authorized. We'll also have all other remedies for such violation. All payment obligations under this Lease Contract shall constitute rent under this Lease Contract.



We and you agree that the failure to pay rent timely or the violation of the animal restrictions results in added administrative expenses and added costs to us, the same as if we had to borrow money to pay the operating costs of the property necessary to cover such [illegible] costs of late payments and damages in such instances are difficult to determine. We also both agree that the amount of late rent and animal violation fees charged are reasonable estimates of the administrative expenses, costs, and damages we would incur in such instances.

All of the foregoing charges will be considered to be additional rent.

7. **UTILITIES.** We'll pay for the following items, if checked:
❑ water ❑ gas ❑ electricity ❑ master antenna.
❑ wastewater ❑ trash ❑ cable TV
❑ other ________________________________

You'll pay for all other utilities, related deposits, and any charges, fees, or services on such utilities. You must not allow utilities to be disconnected— including disconnection for not paying your bills— until the lease term or renewal period ends. Cable channels that are provided may be changed during the lease term if the change applies to all residents. Utilities may be used only for normal household purposes and must not be wasted. If your electricity is ever interrupted, you must use only battery-operated lighting. If any utilities are submetered for the apartment, or prorated by an allocation formula, we will attach an addendum to this Lease Contract in compliance with state agency rules or city ordinance. Resident shall not heat the apartment using gas-operated stoves or ovens which were intended for use in cooking.

Where lawful, all utilities, charges and fees of any kind under this lease shall be considered additional rent, and if partial payments are accepted by the Landlord, they will be allocated first to non-rent charges and to rent last. Failure to maintain utilities as required herein is a material violation of the Lease and may result in termination of tenancy, eviction and/or any other remedies under the Lease and Florida law.

8. **INSURANCE.** We do not maintain insurance to cover your personal property or personal injury. We are not responsible to any resident, guest, or occupant for damage or loss of personal property or personal injury from (including but not limited to) fire, smoke, rain, flood, water and pipe leaks, hail, ice, snow, lightning, wind, explosions, earthquake, interruption of utilities, theft, hurricane, negligence of other residents, occupants, or invited/uninvited guests or vandalism unless otherwise required by law.

In addition, we urge all Tenants, and particularly those residing in coastal areas, areas near rivers, and areas prone to flooding, to obtain flood insurance. Renter's insurance may not cover damage to your property due to flooding. A flood insurance resource which may be available includes the National Flood Insurance Program managed by the Federal Emergency Management Agency (FEMA). We ❑ require ❑ do not require you to get your own insurance for losses to your personal property or injuries due to theft, fire, water damage, pipe leaks and the like. If no box is checked, renter's insurance is not required.

Additionally, you are *[check one]* ☒ required to purchase personal liability insurance ❑ not required to purchase personal liability insurance. If no box is checked, personal liability insurance is not required. If required, failure to maintain personal liability insurance throughout your tenancy, including any renewal periods and/or lease extensions is an incurable breach of this Lease Contract and may result in the termination of tenancy and eviction and/or any other remedies as provided by this Lease Contract or state law.

9. **LOCKS AND LATCHES.** Keyed lock(s) will be rekeyed after the prior resident moves out. The rekeying will be done before you move into your apartment.

You may at any time ask us to change or rekey locks or latches during the Lease Term. We must comply with those requests, but you must pay for them, unless otherwise provided by law.

**Payment for Rekeying, Repairs, Etc.** You must pay for all repairs or replacements arising from misuse or damage to devices by you or your family, occupants, or guests during your occupancy. You may be required to pay in advance if we notify you within a reasonable time after your request that you are more than 30 days delinquent in reimbursing us for repairing or replacing a device which was misused or damaged by you, your guest or an occupant; or if you have requested that we repair or change or rekey the same device during the 30 days preceding your request and we have complied with your request. Otherwise, you must pay immediately after the work is completed.

## Special Provisions and "What If" Clauses

**10. SPECIAL PROVISIONS.** The following special provisions and any addenda or written rules furnished to you at or before signing will become a part of this Lease Contract and will supersede any conflicting provisions of this printed Lease Contract form.

For each apartment there is an Amenity Fee of $35.00 per month that is due and collectible as additional rent.

See any additional special provisions.

**11. EARLY MOVE-OUT.** Unless modified by an addendum, if you:

(1) move out without paying rent in full for the entire Lease Contract term or renewal period; or

(2) move out at our demand because of your default; or

(3) are judicially evicted.

You will be liable for all rent owed at the time and as it becomes due under the terms of your lease agreement until the apartment is re-rented.

**12. REIMBURSEMENT.** You must promptly reimburse us for loss, damage, government fines, or cost of repairs or service in the apartment or apartment community due to a violation of the Lease Contract or rules, improper use, or negligence by you or your guests or occupants or any other cause not due to our negligence or fault as allowed by law, except for damages by acts of God to the extent they couldn't be mitigated by your action or inaction. You'll defend, indemnify and hold us harmless from all liability arising from your conduct or that of your invitees, your occupants, your guests, or our representatives who at your request perform services not contemplated in this Lease. **Unless the damage or wastewater stoppage is due to our negligence, we're not liable for—and you must pay for—repairs, replacement costs, and damage to the following that result from your or your invitees, guests, or occupants' negligence or intentional acts: (1) damage to doors, windows, or screens; (2) damage from windows or doors left open; and (3) damage from wastewater stoppages caused by improper objects in lines exclusively serving your apartment.** We may require payment at any time, including advance payment of repairs for which you're liable. Delay in demanding sums you owe is not a waiver.

**13. CONTRACTUAL LIEN AND PROPERTY LEFT IN APARTMENT. All property in the apartment or common areas associated with the apartment is (unless exempt under state statute) subject to a contractual lien to secure payment of delinquent rent. The lien will attach to your property or your property will be subject to the lien at the time you surrender possession or abandon the premises.** For this purpose, "apartment" includes common areas associated with the apartment and interior living areas and exterior patios, balconies, attached garages, and storerooms for your exclusive use.

**Removal After Surrender or Abandonment.** We or law officers may, at our discretion, remove, dispose and/or store all property remaining in the apartment or in common areas (including any vehicles you or any occupant or guest owns or uses) if you surrender, are judicially evicted, or abandon the apartment (see definitions in paragraph 52 (Surrender and Abandonment)).

**THE LANDLORD IS NOT REQUIRED TO COMPLY WITH s. 715.104. BY SIGNING THIS RENTAL AGREEMENT, THE TENANT AGREES THAT UPON SURRENDER, ABANDONMENT, OR RECOVERY OF POSSESSION OF THE DWELLING UNIT DUE TO THE DEATH OF THE LAST REMAINING TENANT, AS PROVIDED BY CHAPTER 83, FLORIDA STATUTES, THE LANDLORD SHALL NOT BE LIABLE OR RESPONSIBLE FOR STORAGE OR DISPOSITION OF THE TENANT'S PERSONAL PROPERTY.**

*Storage.* We may store, but have no duty to store, property removed after surrender, eviction, or abandonment of the apartment. We're not liable for casualty loss, damage, or theft except for property removed under a contractual lien. You must pay reasonable charges for our packing, removing, storing, and selling any property.

**14. FAILING TO PAY RENT.** If you don't pay the first month's rent when or before the Lease Contract begins, or any other rent due under this lease we may end your right of occupancy and recover damages, attorney's fees, court costs, and other lawful charges.

**15. RENT INCREASES AND LEASE CONTRACT CHANGES.** No rent increases or Lease Contract changes are allowed before the initial Lease Contract term ends, except for changes allowed by any special provisions in paragraph 10 (Special Provisions), by a written addendum or amendment signed by you and us, or by reasonable changes of apartment rules allowed under paragraph 19 (Community Policies or Rules). If, at least 5 days before the advance notice deadline referred to in paragraph 3 (Lease Term and Termination Notice Requirements), we give you written notice of rent increases or lease changes effective when the lease term or renewal period ends, this Lease Contract will automatically continue month-to-month with the increased rent or lease changes. The new modified Lease Contract will begin on the date stated in the notice (without necessity of your signature) unless you give us written move-out notice under paragraph 47 (Move-Out Notice).

**16. DELAY OF OCCUPANCY.** If occupancy is or will be delayed for construction, repairs, cleaning, or a previous resident's holding over, we're not responsible for the delay. The Lease Contract will remain in force subject to: (1) abatement of rent on a daily basis during delay; and (2) your right to terminate as set forth below. Termination notice must be in writing. After termination, you are entitled only to refund of deposit(s) and any rent paid. Rent abatement or Lease Contract termination does not apply if delay is for cleaning or repairs that don't prevent you from occupying the apartment.

If there is a delay and we haven't given notice of delay as set forth immediately below, you may terminate up to the date when the apartment is ready for occupancy, but not later.

(1) If we give written notice to any of you when or after the initial term as set forth in Paragraph 3 (Lease Term and Termination Notice Requirements)—and the notice states that occupancy has been delayed because of construction or a previous resident's holding over, and that the apartment will be ready on a specific date—you may terminate the Lease Contract within 3 days of your receiving the notice, but not later.

(2) If we give written notice to any of you before the initial term as set forth in Paragraph 3 (Lease Term and Termination Notice Requirements) and the notice states that construction delay is expected and that the apartment will be ready for you to occupy on a specific date, you may terminate the Lease Contract within 7 days after any of you receives written notice, but not later. The readiness date is considered the new initial term as set forth in Paragraph 3 (Lease Term and Termination Notice Requirements) for all purposes. This new date may not be moved to an earlier date unless we and you agree.

**17. AD VALOREM TAXES/FEES AND CHARGES - ADDITIONAL RENT.** Unless otherwise prohibited by law, if, during the term of this Lease, any locality, city, state, or Federal Government imposes upon Us, any fee, charge, or tax, which is related to or charged by the number of occupants, or by the dwelling unit itself, such that we are charged a fee, charge, or tax, based upon your use or occupancy of the dwelling unit, we may add this charge as Additional Rent, during the term of the Lease Contract, with thirty (30) days advance written notice to you. After this written notice (the amount or approximate amount of the charge, will be included), you agree to pay, as Additional Rent, the amount of the charge, tax or fee imposed upon us, as a result of your occupancy. As examples, these charges can include, but are not limited to: any charges we receive for any zoning violation, sound, noise or litter charge; any charge under any nuisance or chronic nuisance type statute, 911 or other life safety, per person, or per unit charge or tax and any utility bill unpaid by you, which is then assessed to us for payment.

**18. DISCLOSURE RIGHTS.** If someone requests information on you or your rental history for law-enforcement, governmental, or business purposes, we may provide it. At our request, any utility provider may give us information about pending or actual connections or disconnections of utility service to your apartment.

© 2023, National Apartment Association, Inc. - 7/2023, Florida eSignature Services Document ID: 438381766





**IN WITNESS WHEREOF**, the parties hereto have caused this Rider to be executed as of the day and year first above written.

| | |
|---|---|
| Josh delseni | 06/04/2024 |
| Tenant Signature | Date |
| Josh Delseni | 05/22/2024 |
| Tenant Signature | Date |
| | |
| Tenant Signature | Date |
| | |
| Tenant Signature | Date |
| | |
| Tenant Signature | Date |
| | |
| Tenant Signature | Date |
| Natalie Gonzalez | 06/17/2024 |
| Landlord Signature | Date |
| **Natalie Gonzalez** | |
| Print Name | |

# E-SIGNATURE CERTIFICATE




*This certificate details the actions recorded during the signing of this Document.*

## DOCUMENT INFORMATION

| | |
|---|---|
| Status | Signed |
| Document ID | 438381766 |
| Submitted | 06/17/24 |
| Total Pages | 67 |
| Forms Included | Apartment Lease Form, Choice of Damages, Early Termination Addendum, Inventory and Condition Form, All-In-One Utility Addendum, Bed Bug Addendum, Mold Information and Prevention Addendum, Satellite Dish or Antenna Addendum, Enclosed Garage Addendum, Community Policies, Rules, & Regulations, Addendum for Rent Concession, Renter's or Liability Insurance Addendum, Remote Control, Card or Code Access Gate Addendum, No-Smoking Addendum, Parking Addendum, Crime/Drug Free Housing Addendum, Mixed Use Addendum, Short-Term Subletting or Rental Prohibited, Package Acceptance Addendum, Photo, Video, and Statement Release Addendum, Construction Addendum, Arbitration and Material Riders, Rules and Regulations - Laguna Sole Passive Parks and Surrounds, Sole Mia - Designated Common Area and Environmental Addendum, Rider to Market Vacancy Lease re E-Bicycles E-Scooters and Hoverboards |

## PARTIES

### Josh delseni

signer key: 1e4fd60123e495e0124fa7350124d9ef
IP address: 174.225.124.28
signing method: Blue Moon eSignature Services
authentication method: eSignature by SMS text 9737154551
browser: Mozilla/5.0 (iPhone; CPU iPhone OS 17_4_1 like Mac OS X) AppleWebKit/605.1.15 (KHTML, like Gecko) Version/17.4.1 Mobile/15E148 Safari/604.1

*Josh delseni*

### Josh Delseni

signer key: 4e308d8492c1a62caabcc8350ef18bfb
IP address: 8.25.173.234
signing method: Blue Moon eSignature Services
authentication method: eSignature by SMS text 9737154551
browser: Mozilla/5.0 (iPhone; CPU iPhone OS 17_4_1 like Mac OS X) AppleWebKit/605.1.15 (KHTML, like Gecko) Version/17.4.1 Mobile/15E148 Safari/604.1

*Josh Delseni*

### Natalie Gonzalez

signer key: c2031307f4b92e5e76fb329c56e5f4c4
IP address: 130.41.209.199
signing method: Blue Moon eSignature Services
authentication method: eSignature by email Ssanchez@baronres.com

*Natalie Gonzalez* [illegible] Josh delseni [illegible]

(Assistant Property Manager)

## DOCUMENT AUDIT

| # | Date/Time | Event |
|---|---|---|
| 5 | 06/04/24 03:32:01 PM CDT | Josh delseni initialed Choice of Damages, Early Termination Addendum |
| 6 | 06/04/24 03:32:02 PM CDT | Josh delseni checked box on Choice of Damages, Early Termination Addendum |
| 7 | 06/04/24 03:32:42 PM CDT | Josh delseni dated Choice of Damages, Early Termination Addendum |
| 8 | 06/04/24 03:32:44 PM CDT | Josh delseni signed Choice of Damages, Early Termination Addendum |
| 9 | 06/04/24 03:32:50 PM CDT | Josh delseni signed Inventory and Condition Form |
| 10 | 06/04/24 03:32:51 PM CDT | Josh delseni dated Inventory and Condition Form |
| 11 | 06/04/24 03:32:54 PM CDT | Josh delseni signed All-In-One Utility Addendum |
| 12 | 06/04/24 03:32:55 PM CDT | Josh delseni dated All-In-One Utility Addendum |
| 13 | 06/04/24 03:32:58 PM CDT | Josh delseni signed Bed Bug Addendum |
| 14 | 06/04/24 03:33:02 PM CDT | Josh delseni signed Mold Information and Prevention Addendum |
| 15 | 06/04/24 03:33:05 PM CDT | Josh delseni signed Satellite Dish or Antenna Addendum |
| 16 | 06/04/24 03:33:08 PM CDT | Josh delseni signed Enclosed Garage Addendum |
| 17 | 06/04/24 03:33:11 PM CDT | Josh delseni signed Community Policies, Rules, & Regulations |
| 18 | 06/04/24 03:33:13 PM CDT | Josh delseni dated Community Policies, Rules, & Regulations |
| 19 | 06/04/24 03:33:18 PM CDT | Josh delseni signed Addendum for Rent Concession |
| 20 | 06/04/24 03:33:20 PM CDT | Josh delseni signed Renter's or Liability Insurance Addendum |
| 21 | 06/04/24 03:33:23 PM CDT | Josh delseni signed Remote Control, Card or Code Access Gate Addendum |
| 22 | 06/04/24 03:33:26 PM CDT | Josh delseni signed No-Smoking Addendum |
| 23 | 06/04/24 03:33:29 PM CDT | Josh delseni signed Parking Addendum |
| 24 | 06/04/24 03:33:31 PM CDT | Josh delseni signed Crime/Drug Free Housing Addendum |
| 25 | 06/04/24 03:33:32 PM CDT | Josh delseni dated Crime/Drug Free Housing Addendum |
| 26 | 06/04/24 03:33:34 PM CDT | Josh delseni signed Mixed Use Addendum |
| 27 | 06/04/24 03:33:37 PM CDT | Josh delseni signed Short-Term Subletting or Rental Prohibited |
| 28 | 06/04/24 03:33:39 PM CDT | Josh delseni signed Package Acceptance Addendum |
| 29 | 06/04/24 03:33:42 PM CDT | Josh delseni signed Photo, Video, and Statement Release Addendum |
| 30 | 06/04/24 03:33:44 PM CDT | Josh delseni signed Construction Addendum |
| 31 | 06/04/24 03:33:47 PM CDT | Josh delseni signed Arbitration and Material Riders |
| 32 | 06/04/24 03:33:48 PM CDT | Josh delseni dated Arbitration and Material Riders |
| 33 | 06/04/24 03:33:51 PM CDT | Josh delseni signed Arbitration and Material Riders |
| 34 | 06/04/24 03:33:52 PM CDT | Josh delseni dated Arbitration and Material Riders |
| 35 | 06/04/24 03:33:55 PM CDT | Josh delseni signed Rules and Regulations - Laguna Sole Passive Parks and Surrounds |
| 36 | 06/04/24 03:34:15 PM CDT | Josh delseni signed Sole Mia - Designated Common Area and Environmental Addendum |
| 37 | 06/04/24 03:34:00 PM CDT | Josh delseni signed Rider to Market Vacancy Lease re E-Bicycles E-Scooters and Hoverboards |
| 38 | 06/04/24 03:34:01 PM CDT | Josh delseni dated Rider to Market Vacancy Lease re E-Bicycles E-Scooters and Hoverboards |
| 39 | 06/04/24 03:36:04 PM CDT | Josh delseni submitted signed documents |
| 40 | 05/22/24 11:07:16 AM CDT | Josh Delseni accepted Consumer Disclosure |
| 41 | 05/22/24 11:08:43 AM CDT | Josh Delseni initialed Apartment Lease Form |
| [illegible] | 05/22/24 11:[illegible] AM CDT | Josh Delseni [illegible] Addendum |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

DOCUMENT AUDIT CONTINUED

| | | |
|---|---|---|
| 52 | 05/22/24 11:11:28 AM CDT | Josh Delseni signed Bed Bug Addendum |
| 53 | 05/22/24 11:11:34 AM CDT | Josh Delseni signed Mold Information and Prevention Addendum |
| 54 | 05/22/24 11:11:53 AM CDT | Josh Delseni signed Satellite Dish or Antenna Addendum |
| 55 | 05/22/24 11:12:21 AM CDT | Josh Delseni signed Enclosed Garage Addendum |
| 56 | 05/22/24 11:12:32 AM CDT | Josh Delseni signed Community Policies, Rules, & Regulations |
| 57 | 05/22/24 11:12:34 AM CDT | Josh Delseni dated Community Policies, Rules, & Regulations |
| 58 | 05/22/24 11:12:37 AM CDT | Josh Delseni signed Addendum for Rent Concession |
| 59 | 05/22/24 11:12:41 AM CDT | Josh Delseni signed Renter's or Liability Insurance Addendum |
| 60 | 05/22/24 11:12:49 AM CDT | Josh Delseni signed Remote Control, Card or Code Access Gate Addendum |
| 61 | 05/22/24 11:13:07 AM CDT | Josh Delseni signed No-Smoking Addendum |
| 62 | 05/22/24 11:12:59 AM CDT | Josh Delseni signed Parking Addendum |
| 63 | 05/22/24 11:13:02 AM CDT | Josh Delseni signed Crime/Drug Free Housing Addendum |
| 64 | 05/22/24 11:13:03 AM CDT | Josh Delseni dated Crime/Drug Free Housing Addendum |
| 65 | 05/22/24 11:13:09 AM CDT | Josh Delseni signed Mixed Use Addendum |
| 66 | 05/22/24 11:13:12 AM CDT | Josh Delseni signed Short-Term Subletting or Rental Prohibited |
| 67 | 05/22/24 11:13:13 AM CDT | Josh Delseni signed Package Acceptance Addendum |
| 68 | 05/22/24 11:13:16 AM CDT | Josh Delseni signed Photo, Video, and Statement Release Addendum |
| 69 | 05/22/24 11:13:20 AM CDT | Josh Delseni signed Construction Addendum |
| 70 | 05/22/24 11:13:24 AM CDT | Josh Delseni signed Arbitration and Material Riders |
| 71 | 05/22/24 11:13:25 AM CDT | Josh Delseni dated Arbitration and Material Riders |
| 72 | 05/22/24 11:13:27 AM CDT | Josh Delseni signed Arbitration and Material Riders |
| 73 | 05/22/24 11:13:28 AM CDT | Josh Delseni dated Arbitration and Material Riders |
| 74 | 05/22/24 11:13:33 AM CDT | Josh Delseni signed Rules and Regulations - Laguna Sole Passive Parks and Surrounds |
| 75 | 05/22/24 11:13:38 AM CDT | Josh Delseni signed Sole Mia - Designated Common Area and Environmental Addendum |
| 76 | 05/22/24 11:13:41 AM CDT | Josh Delseni signed Rider to Market Vacancy Lease re E-Bicycles E-Scooters and Hoverboards |
| 77 | 05/22/24 11:13:42 AM CDT | Josh Delseni dated Rider to Market Vacancy Lease re E-Bicycles E-Scooters and Hoverboards |
| 78 | 06/15/24 01:40:11 PM CDT | Josh Delseni submitted signed documents |
| 79 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez accepted Consumer Disclosure |
| 80 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Apartment Lease Form |
| 81 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Apartment Lease Form |
| 82 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Choice of Damages, Early Termination Addendum |
| 83 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Inventory and Condition Form |
| 84 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Inventory and Condition Form |
| 85 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated All-In-One Utility Addendum |
| 86 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed All-In-One Utility Addendum |
| 87 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Bed Bug Addendum |
| 88 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Bed Bug Addendum |
| [illegible] | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez [illegible] Addendum |

DOCUMENT AUDIT CONTINUED

| | | |
|---|---|---|
| 99 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Parking Addendum |
| 100 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Crime/Drug Free Housing Addendum |
| 101 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Crime/Drug Free Housing Addendum |
| 102 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Mixed Use Addendum |
| 103 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Mixed Use Addendum |
| 104 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Short-Term Subletting or Rental Prohibited |
| 105 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Short-Term Subletting or Rental Prohibited |
| 106 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Package Acceptance Addendum |
| 107 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Package Acceptance Addendum |
| 108 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Photo, Video, and Statement Release Addendum |
| 109 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Photo, Video, and Statement Release Addendum |
| 110 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Construction Addendum |
| 111 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Construction Addendum |
| 112 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Arbitration and Material Riders |
| 113 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Arbitration and Material Riders |
| 114 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Arbitration and Material Riders |
| 115 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Arbitration and Material Riders |
| 116 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Rules and Regulations - Laguna Sole Passive Parks and Surrounds |
| 117 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Sole Mia - Designated Common Area and Environmental Addendum |
| 118 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Sole Mia - Designated Common Area and Environmental Addendum |
| 119 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Rider to Market Vacancy Lease re E-Bicycles E-Scooters and Hoverboards |
| 120 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez dated Rider to Market Vacancy Lease re E-Bicycles E-Scooters and Hoverboards |
| 121 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez signed Rider to Market Vacancy Lease re E-Bicycles E-Scooters and Hoverboards |
| 122 | 06/17/24 02:52:33 PM CDT | Natalie Gonzalez submitted signed documents |

# Exhibit B

This Form has been provided by Barfield McCain, P.A.
All Rights Reserved

**THIRTY (30) DAY NOTICE TO PAY OR VACATE**

**DATE: 4/9/2025**

**TO: Joshua Delseni , AND ALL OTHERS IN POSSESSION OF**
**2321 Laguna Circle, apt 301**
**North Miami, FL 33181**
**and located in Miami-Dade County, FL.**

This Notice is given to you pursuant to Section 83.56(3), Florida Statutes.

You are hereby notified that you are indebted to the undersigned Landlord in the sum of **$3,851.61** for the rent as designated in the rental agreement and for use of the premises described above and now occupied by you as a result of your failure to pay such rent due and owing the Landlord.

I demand payment of rent or possession of the premises within **THIRTY (30) DAYS** from the date of delivery of the notice, **to wit: on or before the 9 day of May, 2025.**

Your failure to comply with this notice may result in eviction proceedings being filed against you. This notice does not waive any other rights or remedies your Landlord may have against you.

**PLEASE BE GOVERNED ACCORDINGLY.**

Natalie Gonzalez
Authorized Representative for Landlord

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered to the addressed, on the below date, in the following manner(s):

(X) This notice was delivered personally.
( ) The person(s) were absent from the residence and this notice was posted at the above referenced address.

By: Natalie Gonzalez Date: **4/9/2025**
Authorized Agent for Landlord
Landlord's Name: **The Shoreline at SoleMia**
Landlord's Address: **2321 Laguna Circle**
**North Miami, FL 33181**
Landlord's Phone #: **3059611010**

**IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO.**
Judge:___________________
DIVISION:________________

**SM Multifamily LLC dba The Shoreline at SoleMia,**

Case No.: 2025-096755-CC-23

Plaintiff(s),

vs.

**Joshua Delseni**

,

Defendant(s).
__________________________________/

**EVICTION SUMMONS/RESIDENTIAL**

TO: Joshua Delseni, 2321 LAGUNA CIR APT 301 NORTH MIAMI, FL 33181-1069

PLEASE READ CAREFULLY

You are being sued by SM Multifamily LLC dba The Shoreline at SoleMia to require you to move out of the property located at

2321 LAGUNA CIR APT 301 NORTH MIAMI, FL 33181-1069

for the reasons given in the attached complaint.

You are entitled to a trial to decide whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within 5 days (not including Saturdays, Sundays, or legal holidays) after the date these papers were given to you or to a person who lives with you or were posted at your home.

THE THINGS YOU MUST DO TO CHALLENGE THE EVICTION ARE AS FOLLOWS:
Write down the reason(s) why you think you should not be forced to move. (You may use Florida Supreme Court Form 1.947(b), Answer— Residential Eviction, to do this.) The written reason(s) must be given to the clerk of court at:

North Dade Justice Center
15555 Biscayne Blvd. Rm 100
Miami, Fl. 33160

1. Mail or take a copy of your written reason(s) to:

**BARFIELD MCCAIN AYOUB, PA**
**4460 Medical Center Way**
**West Palm Beach, FL 33407**

2. Pay the clerk of court the rent that is due. You MUST pay the clerk of the court the rent each time it becomes due until the lawsuit is over. Whether you win or lose the lawsuit, the judge may release this rent to the landlord. [By statute, public housing tenants or tenants receiving rent subsidies must be required to pay only that portion of the full rent for which the tenant is responsible under the federal, state, or local program in which they are participating.]

3. If you and the landlord do not agree on the amount of rent owed, you must file a written request (motion) that asks the judge to decide how much money you must pay to the clerk of the court. The written request must be filed with your answer to the eviction complaint. A copy of your motion must also be mailed or hand delivered to the plaintiff(s) attorney, or if the plaintiff(s) has no attorney, to the plaintiff.

IF YOU DO NOT DO ALL OF THESE THINGS WITHIN 5 DAYS (NOT INCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS FOR YOUR COURTHOUSE) YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE.

---

You may want to call a lawyer right away. If you do not know a lawyer, you can contact the Lawyer Referral Service on The Florida Bar's website. If you cannot afford a lawyer, you may be eligible for free legal aid. You can locate legal aid programs by searching for "legal aid" on The Florida Bar's website.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at 375-5775 no later than seven days prior to the proceedings; or telephone 1-800-955-8771 (TDD) or 1-800-955-8770 (v) via Florida Relay Service at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

**DATED on ______________________, ____________.**

**Juan Fernandez-Barquin, Clerk of the Court and Comptroller and Comptroller**
CLERK OF THE COURT BY: ____________________
DEPUTY CLERK

EN LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE, FLORIDA.

| DIVISIÓN ☐ CIVIL | CITACIÓN LEGAL SOBRE DESALOJO DE VIVIENDA | NÚMERO DE CASO |
|---|---|---|
| DEMANDANTE(S) | VS. DEMANDADO(S) | ENTREGA |
| AL (A LOS) DEMANDADO(S) | DIRECCIÓN | |

**POR FAVOR LEA ATENTAMENTE**

Usted ha sido demandado por ________________________________________ para exigirle que se mude de la propiedad ubicada en ____________________ por las razones expuestas en la demanda adjunta.

Tiene derecho a un juicio para decidir si se le puede exigir que se mude, pero DEBE hacer TODO lo que se indica a continuación. Debe hacerlo en un plazo de 5 días (sin incluir sábados, domingos o días feriados legales) a partir de la fecha en que se le entregaron estos documentos a usted o a una persona que viva con usted, o de la fecha en que se le dejaron en su domicilio.

**DEBERÁ HACER LO SIGUIENTE:**

1. Escriba las razones por las que cree que no deberían obligarle a mudarse. (Para ello puede utilizar el formulario 1.947(b) del Tribunal Supremo de la Florida, *Respuesta—Desalojo residencial*) La razón o razones por escrito deben entregarse al Secretario de los Tribunales en (inserte la dirección del tribunal) ☒ marcado a continuación:

HORA DE INICIO

**UBICACIONES DE LOS TRIBUNALES EN EL CONDADO DE MIAMI-DADE**

☐ Tribunal del Condado de Dade (05)
Room 138
73 West Flagler Street
Miami, Florida 33130

☐ Tribunal del Centro Joseph Caleb (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, Florida 33142

☐ Centro de Justicia del Norte de Dade (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Tribunal de Distrito de Hialeah (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

☐ Tribunal de Distrito de Miami Beach (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Tribunal de Distrito de Coral Gables (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ Centro de Justicia del Sur de Dade (26)
Room 1200
10710 S.W. 211th Street
Miami, Florida 33189

(2) Envíe por correo o lleve consigo una copia por escrito de sus razones a (insertar el nombre y la dirección del propietario): ________________________________________.

(3) Pague al Secretario de los Tribunales el alquiler adeudado. DEBE pagar al Secretario de los Tribunales el alquiler cada vez que corresponda hasta que termine el juicio. Independientemente de si usted gana o pierde el juicio, el juez podría entregar dichos pagos de alquiler al propietario. (Por ley, los inquilinos de viviendas públicas o los inquilinos que reciban subsidios de alquiler solo deben pagar la parte del alquiler total de la que el inquilino es responsable con arreglo al programa federal, estatal o local en el que participa).

(4) Si usted y el propietario no se ponen de acuerdo sobre el importe del alquiler adeudado, usted debe presentar por escrito una solicitud (moción) para pedir al juez que determine la cantidad que debe pagar al Secretario de los Tribunales. La solicitud por escrito debe presentarse junto con la respuesta a la demanda de desalojo. También debe enviar por correo o entregar personalmente una copia de su moción al abogado del demandante o, si este no tiene abogado, al propio demandante.

**SI NO HACE TODO LO ANTES INDICADO EN UN PLAZO DE 5 DÍAS (SIN INCLUIR SÁBADOS, DOMINGOS Y DÍAS FERIADOS LEGALES OBSERVADOS POR SU TRIBUNAL) PUEDE SER DESALOJADO SIN MÁS AUDIENCIAS NI NOTIFICACIONES.**

Sería conveniente que llame a un abogado cuanto antes. Si no conoce a ningún abogado, puede comunicarse con el Servicio de Referencia de Abogados que se ofrece en el sitio web del Colegio de Abogados de la Florida. Si no puede pagar un abogado, tal vez pueda recibir asistencia legal gratuita. Para encontrar programas de asistencia legal, busque "asistencia legal" en el sitio web del Colegio de Abogados de la Florida.

EL ESTADO DE LA FLORIDA:
A CADA ALGUACIL (*SHERIFF*) DEL ESTADO:

Se le ordena entregar esta citación judicial y una copia de lo que se alega en esta demanda a la persona demandada que se indica arriba.
CON FECHA ____________________ de ________________ del 20______.

Secretario de los Tribunales y Contralor
Por: ______________________________
Secretario Adjunto

Dirección del Secretario de los Tribunales:
________________________________________
________________________________________
Teléfono: __________________________

**Juan Fernandez-Barquin, Secretario de los Tribunales y Contralor**
**Condado de Miami-Dade, Tribunales de Circuito y del Condado**

AVISO SOBRE LA ADA (LEY DE ESTADOUNIDENSES CON DISCAPACIDADES DE 1990)

**"Si usted es una persona con discapacidad que necesita alguna adecuación para participar en este procedimiento, tiene derecho, sin costo alguno para usted, a recibir determinada asistencia. Comuníquese con Aliean Simpkins, Coordinadora de la ADA del Tribunal del Undécimo Circuito Judicial, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Suite 2400, Miami, FL 33128, teléfono (305) 349-7175; TDD (305) 349-7174; correo electrónico ADA@jud11.flcourts.org; fax (305) 349-7355 al menos 7 días antes de su comparecencia prevista ante el tribunal, o inmediatamente después de recibir esta notificación si quedan menos de 7 días para su comparecencia; si tiene dificultades auditivas o del habla, llame al 711".**

NAN TRIBINAL LA KONTE MIAMI-DADE AK KONTE MIAMI-DADE, FLORID.

| DIVIZYON ☐ SIVIL | MANDA DEGÈPISMAN REZIDANSYÈL | NIMEWO KA |
|---|---|---|
| PLENTIF | KONT AKIZE | SIYIFIKASYON |
| POU AKIZE A(YO) | ADRÈS | |

**TANPRI LI AVÈK ATANSYON**

________________________________ rele ou lajistis

pou egzije ou degèpi soti nan pwopriyete ki lokalize nan ____________________ pou rezon yo bay nan plent ki atache a.

Ou genyen dwa a yon pwosè pou deside si yo kapab egzije w degèpi, men ou DWE fè TOUT bagay ki make pi ba a. Ou dwe fè yo nan lespas 5 jou (san konte samdi, dimanch oswa jou ferye legal) apre dat yo te ba ou oswa yon moun ki abite avè w papye sa yo oubyen apre dat yo te afiche papye sa yo lakay ou.

**MEN BAGAY OU DWE FÈ YO:**

1. Ekri pou ki rezon ou panse yo pa dwe fòse w degèpi. (Ou ka itilize Fòm Kou Siprèm Florid 1.947(b), Repons—Degèpisman Rezidansyèl, pou w fè sa.) Ou dwe remèt rezon alekri a(yo) bay grefye tribinal la nan (make adrès tribinal la). ☒ ki make pi ba a:

**ANTRE**

**LOKAL TRIBINAL KONTE MIAMI-DADE YO**

☐ Dade County Courthouse (05)
Room 138
73 West Flagler Street
Miami, Florida 33130

☐ Joseph Caleb Center Court (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, Florida 33142

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Hialeah District Court (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

☐ Miami Beach District Court (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ South Dade Justice Center (26)
Room 1200
10710 S.W. 211th Street
Miami, Florida 33189

(2) Voye yon kopi rezon alekri a(yo) pa lapòs oswa pote l bay: *(insert landlord's name and address)* ____________________.

(3) Peye grefye tribinal la lwaye ou dwe a. Ou DWE peye grefye tribinal la lwaye a chak fwa li lè pou w peye l jiskaske pwosè a fini. Kit ou genyen powsè a oswa ou pèdi l, jij la ka relache lwaye sa a bay pwopriyetè a. (Daprè lalwa, lokatè lojman piblik oswa lokatè ki resevwa sibvansyon lwaye dwe oblije peye sèlman pòsyon lwaye total lokatè a responsab pou li peye a daprè pwogram federal, Eta, oswa lokal kote li ap patisipe a).

(4) Si oumenm ak pwopriyetè ou a pa dakò ak montan lwaye ou dwe a, ou dwe depoze yon demann alekri (mosyon) ki mande jij la deside ki valè lajan ou dwe peye bay grefye tribinal la. Demann alekri a dwe depoze avèk repons ou bay pou plent pou degèpisman an. Yon kopi mosyon ou an dwe ekspedye pa lapòs oswa livre nan men bay avoka plentif la(yo), oswa si plentif la(yo) pa gen avoka, bay plentif la.

**SI OU PA FÈ TOUT BAGAY SA YO NAN LESPAS 5 JOU (SAN KONTE SAMDI, DIMANCH AK JOU FERYE LEGAL POU TRIBINAL OU A) YO KA FÈ W DEGÈPI SAN YON ODYANS OSWA LÒT AVI.**

Nou ta konseye w rele yon avoka imedyatman. Si ou pa konnen oken avoka, ou kapab kontakte Sèvis Referans Avoka ki sou sit entènèt Bawo Florid la. Si ou pa gen mwayen pou peye yon avoka, ou ka elijib pou èd legal gratis. Ou kapab lokalize pwogram èd legal lè w chèche "*legal aid*" sou sit entènèt Bawo Florid la.

ETA FLORID:
POU CHAK CHERIF NAN ETA A:

Ou resevwa òdonans pou w siyifye manda sa ak yon kopi plent ki nan pwosè sa a bay akize ki mansyone pi wo a.
DATE nan ______________ jou mwa ______________, 20______ .

Grefye Tribinal ak Kontwolè
Siyati: ______________________
Grefye Adjwen

Adrès Grefye a: ______________________
______________________

Nim. Telefòn ______________

**Juan Fernandez-Barquin, Grefye Tribinal ak Kontwolè**
**Konte Miami-Dade, Tribinal Sikui ak Tribinal Konte**

## AVI ADA SOU LWA 1990 POU AMERIKEN KI GEN ANDIKAP

**"Si ou se yon moun ki gen yon andikap ki bezwen nenpòt akomodman pou w patisipe nan pwosè sa a, ou genyen dwa pou yo ofri w sèten asistans, san sa pa koute w senk kòb. Tanpri kontakte Aliean Simpkins, Kowòdonatè ADA Onzyèm Sikui Jidisyè Tribinal la, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telefòn (305) 349-7175; TDD (305) 349-7174; Imel ADA@jud11.flcourts.org; Faks (305) 349-7355 omwen sèt (7) jou anvan dat randevou pou konparisyon ou, oswa imedyatman apre ou resevwa notifikasyon sa a si tan anvan dat konparisyon an mwens pase sèt (7) jou; si ou gen yon andikap ki fè w pa tande byen oswa pa wè byen, rele 711."**

**IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO.**
Judge:__________________
DIVISION:________________

**SM Multifamily LLC dba The Shoreline at SoleMia,**

Case No.: 2025-096755-CC-23

Plaintiff(s),

vs.

**Joshua Delseni**

,

Defendant(s).
__________________________________/

**EVICTION SUMMONS/RESIDENTIAL**

TO: Joshua Delseni, 2321 LAGUNA CIR APT 301 NORTH MIAMI, FL 33181-1069

PLEASE READ CAREFULLY

You are being sued by SM Multifamily LLC dba The Shoreline at SoleMia to require you to move out of the property located at

2321 LAGUNA CIR APT 301 NORTH MIAMI, FL 33181-1069

for the reasons given in the attached complaint.

You are entitled to a trial to decide whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within 5 days (not including Saturdays, Sundays, or legal holidays) after the date these papers were given to you or to a person who lives with you or were posted at your home.

THE THINGS YOU MUST DO TO CHALLENGE THE EVICTION ARE AS FOLLOWS:
Write down the reason(s) why you think you should not be forced to move. (You may use Florida Supreme Court Form 1.947(b), Answer— Residential Eviction, to do this.) The written reason(s) must be given to the clerk of court at:

North Dade Justice Center
15555 Biscayne Blvd. Rm 100
Miami, Fl. 33160

1. Mail or take a copy of your written reason(s) to:

**BARFIELD MCCAIN AYOUB, PA**
**4460 Medical Center Way**
**West Palm Beach, FL 33407**

2. Pay the clerk of court the rent that is due. You MUST pay the clerk of the court the rent each time it becomes due until the lawsuit is over. Whether you win or lose the lawsuit, the judge may release this rent to the landlord. [By statute, public housing tenants or tenants receiving rent subsidies must be required to pay only that portion of the full rent for which the tenant is responsible under the federal, state, or local program in which they are participating.]

3. If you and the landlord do not agree on the amount of rent owed, you must file a written request (motion) that asks the judge to decide how much money you must pay to the clerk of the court. The written request must be filed with your answer to the eviction complaint. A copy of your motion must also be mailed or hand delivered to the plaintiff(s) attorney, or if the plaintiff(s) has no attorney, to the plaintiff.

IF YOU DO NOT DO ALL OF THESE THINGS WITHIN 5 DAYS (NOT INCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS FOR YOUR COURTHOUSE) YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE.

---

You may want to call a lawyer right away. If you do not know a lawyer, you can contact the Lawyer Referral Service on The Florida Bar's website. If you cannot afford a lawyer, you may be eligible for free legal aid. You can locate legal aid programs by searching for "legal aid" on The Florida Bar's website.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at 375-5775 no later than seven days prior to the proceedings; or telephone 1-800-955-8771 (TDD) or 1-800-955-8770 (v) via Florida Relay Service at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

**DATED on** 6/6/2025 , ________.

**Juan Fernandez-Barquin, Clerk of the Court and Comptroller and Comptroller**

CLERK OF THE COURT BY: ________ t0310103

DEPUTY CLERK

JUAN FERNANDEZ-BARQUIN · MIAMI-DADE COUNTY, FLORIDA · IN GOD WE TRUST

EN LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE, FLORIDA.

| DIVISIÓN<br>☐ CIVIL | CITACIÓN LEGAL SOBRE DESALOJO DE VIVIENDA | | NÚMERO DE CASO |
|---|---|---|---|
| DEMANDANTE(S) | VS. DEMANDADO(S) | | ENTREGA |
| AL (A LOS) DEMANDADO(S) | DIRECCIÓN | | |

**POR FAVOR LEA ATENTAMENTE**

Usted ha sido demandado por ______________________________________ para exigirle que se mude de la propiedad ubicada en ____________________ por las razones expuestas en la demanda adjunta.

Tiene derecho a un juicio para decidir si se le puede exigir que se mude, pero DEBE hacer TODO lo que se indica a continuación. Debe hacerlo en un plazo de 5 días (sin incluir sábados, domingos o días feriados legales) a partir de la fecha en que se le entregaron estos documentos a usted o a una persona que viva con usted, o de la fecha en que se le dejaron en su domicilio.

**DEBERÁ HACER LO SIGUIENTE:**

1. Escriba las razones por las que cree que no deberían obligarle a mudarse. (Para ello puede utilizar el formulario 1.947(b) del Tribunal Supremo de la Florida, *Respuesta—Desalojo residencial*) La razón o razones por escrito deben entregarse al Secretario de los Tribunales en (inserte la dirección del tribunal) ☒ marcado a continuación:

HORA DE INICIO

**UBICACIONES DE LOS TRIBUNALES EN EL CONDADO DE MIAMI-DADE**

☐ Tribunal del Condado de Dade (05)
Room 138
73 West Flagler Street
Miami, Florida 33130

☐ Tribunal del Centro Joseph Caleb (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, Florida 33142

☐ Centro de Justicia del Norte de Dade (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Tribunal de Distrito de Hialeah (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

☐ Tribunal de Distrito de Miami Beach (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Tribunal de Distrito de Coral Gables (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ Centro de Justicia del Sur de Dade (26)
Room 1200
10710 S.W. 211th Street
Miami, Florida 33189

(2) Envíe por correo o lleve consigo una copia por escrito de sus razones a (insertar el nombre y la dirección del propietario): ______________________________.

(3) Pague al Secretario de los Tribunales el alquiler adeudado. DEBE pagar al Secretario de los Tribunales el alquiler cada vez que corresponda hasta que termine el juicio. Independientemente de si usted gana o pierde el juicio, el juez podría entregar dichos pagos de alquiler al propietario. (Por ley, los inquilinos de viviendas públicas o los inquilinos que reciban subsidios de alquiler solo deben pagar la parte del alquiler total de la que el inquilino es responsable con arreglo al programa federal, estatal o local en el que participa).

(4) Si usted y el propietario no se ponen de acuerdo sobre el importe del alquiler adeudado, usted debe presentar por escrito una solicitud (moción) para pedir al juez que determine la cantidad que debe pagar al Secretario de los Tribunales. La solicitud por escrito debe presentarse junto con la respuesta a la demanda de desalojo. También debe enviar por correo o entregar personalmente una copia de su moción al abogado del demandante o, si este no tiene abogado, al propio demandante.

**SI NO HACE TODO LO ANTES INDICADO EN UN PLAZO DE 5 DÍAS (SIN INCLUIR SÁBADOS, DOMINGOS Y DÍAS FERIADOS LEGALES OBSERVADOS POR SU TRIBUNAL) PUEDE SER DESALOJADO SIN MÁS AUDIENCIAS NI NOTIFICACIONES.**

Sería conveniente que llame a un abogado cuanto antes. Si no conoce a ningún abogado, puede comunicarse con el Servicio de Referencia de Abogados que se ofrece en el sitio web del Colegio de Abogados de la Florida. Si no puede pagar un abogado, tal vez pueda recibir asistencia legal gratuita. Para encontrar programas de asistencia legal, busque "asistencia legal" en el sitio web del Colegio de Abogados de la Florida.

EL ESTADO DE LA FLORIDA:
A CADA ALGUACIL (*SHERIFF*) DEL ESTADO:

Se le ordena entregar esta citación judicial y una copia de lo que se alega en esta demanda a la persona demandada que se indica arriba.

CON FECHA ____________________ de ________________ del 20______.

Secretario de los Tribunales y Contralor
Por: ______________________________
Secretario Adjunto

Dirección del Secretario de los Tribunales:
________________________________________
________________________________________
Teléfono: __________________________

**Juan Fernandez-Barquin, Secretario de los Tribunales y Contralor**
**Condado de Miami-Dade, Tribunales de Circuito y del Condado**

AVISO SOBRE LA ADA (LEY DE ESTADOUNIDENSES CON DISCAPACIDADES DE 1990)

**"Si usted es una persona con discapacidad que necesita alguna adecuación para participar en este procedimiento, tiene derecho, sin costo alguno para usted, a recibir determinada asistencia. Comuníquese con Aliean Simpkins, Coordinadora de la ADA del Tribunal del Undécimo Circuito Judicial, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Suite 2400, Miami, FL 33128, teléfono (305) 349-7175; TDD (305) 349-7174; correo electrónico ADA@jud11.flcourts.org; fax (305) 349-7355 al menos 7 días antes de su comparecencia prevista ante el tribunal, o inmediatamente después de recibir esta notificación si quedan menos de 7 días para su comparecencia; si tiene dificultades auditivas o del habla, llame al 711".**

NAN TRIBINAL LA KONTE MIAMI-DADE AK KONTE MIAMI-DADE, FLORID.

| DIVIZYON ☐ SIVIL | MANDA DEGÈPISMAN REZIDANSYÈL | NIMEWO KA |
|---|---|---|
| PLENTIF | KONT AKIZE | SIYIFIKASYON |
| POU AKIZE A(YO) | ADRÈS | |

**ANTRE**

**TANPRI LI AVÈK ATANSYON**

________________________________________ rele ou lajistis pou egzije ou degèpi soti nan pwopriyete ki lokalize nan ________________________ pou rezon yo bay nan plent ki atache a.

Ou genyen dwa a yon pwosè pou deside si yo kapab egzije w degèpi, men ou DWE fè TOUT bagay ki make pi ba a. Ou dwe fè yo nan lespas 5 jou (san konte samdi, dimanch oswa jou ferye legal) apre dat yo te ba ou oswa yon moun ki abite avè w papye sa yo oubyen apre dat yo te afiche papye sa yo lakay ou.

**MEN BAGAY OU DWE FÈ YO:**

1. Ekri pou ki rezon ou panse yo pa dwe fòse w degèpi. (Ou ka itilize Fòm Kou Siprèm Florid 1.947(b), Repons—Degèpisman Rezidansyèl, pou w fè sa.) Ou dwe remèt rezon alekri a(yo) bay grefye tribinal la nan (make adrès tribinal la). ☒ ki make pi ba a:

**LOKAL TRIBINAL KONTE MIAMI-DADE YO**

☐ Dade County Courthouse (05)
Room 138
73 West Flagler Street
Miami, Florida 33130

☐ Joseph Caleb Center Court (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, Florida 33142

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Hialeah District Court (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

☐ Miami Beach District Court (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ South Dade Justice Center (26)
Room 1200
10710 S.W. 211th Street
Miami, Florida 33189

(2) Voye yon kopi rezon alekri a(yo) pa lapòs oswa pote l bay: *(insert landlord's name and address)* ________________________________.

(3) Peye grefye tribinal la lwaye ou dwe a. Ou DWE peye grefye tribinal la lwaye a chak fwa li lè pou w peye l jiskaske pwosè a fini. Kit ou genyen powsè a oswa ou pèdi l, jij la ka relache lwaye sa a bay pwopriyetè a. (Daprè lalwa, lokatè lojman piblik oswa lokatè ki resevwa sibvansyon lwaye dwe oblije peye sèlman pòsyon lwaye total lokatè a responsab pou li peye a daprè pwogram federal, Eta, oswa lokal kote li ap patisipe a).

(4) Si oumenm ak pwopriyetè ou a pa dakò ak montan lwaye ou dwe a, ou dwe depoze yon demann alekri (mosyon) ki mande jij la deside ki valè lajan ou dwe peye bay grefye tribinal la. Demann alekri a dwe depoze avèk repons ou bay pou plent pou degèpisman an. Yon kopi mosyon ou an dwe ekspedye pa lapòs oswa livre nan men bay avoka plentif la(yo), oswa si plentif la(yo) pa gen avoka, bay plentif la.

**SI OU PA FÈ TOUT BAGAY SA YO NAN LESPAS 5 JOU (SAN KONTE SAMDI, DIMANCH AK JOU FERYE LEGAL POU TRIBINAL OU A) YO KA FÈ W DEGÈPI SAN YON ODYANS OSWA LÒT AVI.**

Nou ta konseye w rele yon avoka imedyatman. Si ou pa konnen oken avoka, ou kapab kontakte Sèvis Referans Avoka ki sou sit entènèt Bawo Florid la. Si ou pa gen mwayen pou peye yon avoka, ou ka elijib pou èd legal gratis. Ou kapab lokalize pwogram èd legal lè w chèche "*legal aid*" sou sit entènèt Bawo Florid la.

ETA FLORID:
POU CHAK CHERIF NAN ETA A:

Ou resevwa òdonans pou w siyifye manda sa ak yon kopi plent ki nan pwosè sa a bay akize ki mansyone pi wo a.
DATE nan ________________ jou mwa ______________, 20_____ .

Grefye Tribinal ak Kontwolè
Siyati: ______________________
Grefye Adjwen

Adrès Grefye a: ___________________________

Nim. Telefòn ________________

**Juan Fernandez-Barquin, Grefye Tribinal ak Kontwolè**
**Konte Miami-Dade, Tribinal Sikui ak Tribinal Konte**

## AVI ADA SOU LWA 1990 POU AMERIKEN KI GEN ANDIKAP

**"Si ou se yon moun ki gen yon andikap ki bezwen nenpòt akomodman pou w patisipe nan pwosè sa a, ou genyen dwa pou yo ofri w sèten asistans, san sa pa koute w senk kòb. Tanpri kontakte Aliean Simpkins, Kowòdonatè ADA Onzyèm Sikui Jidisyè Tribinal la, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telefòn (305) 349-7175; TDD (305) 349-7174; Imel ADA@jud11.flcourts.org; Faks (305) 349-7355 omwen sèt (7) jou anvan dat randevou pou konparisyon ou, oswa imedyatman apre ou resevwa notifikasyon sa a si tan anvan dat konparisyon an mwens pase sèt (7) jou; si ou gen yon andikap ki fè w pa tande byen oswa pa wè byen, rele 711."**

SM Multifamily LLC dba The Shoreline at SoleMia,

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 25-96755-CC-23

Plaintiff,

2025 JUN 10 PM 2:26

v.

Joshua Delseni

Defendants.

## CERTIFICATE OF MAILING EVICTION SUMMONS

I hereby certify that a true and correct copy of the complaint and summons was sent by first class mail to the above named defendant(s) at the following address(es) on

☒ Residence Address
2321 LAGUNA CIR APT 301
NORTH MIAMI, FL 33181-1069

☐ Last Known Business Address

In Witness of Whereof, I have set my hand and affixed the Seal of the Said Court in Miami-Dade County, Florida this ________ day of, JUN 1 0 2025 20____.

| JUAN FERNANDEZ-BARQUIN<br>CLERK OF THE COURT AND COMPTROLLER<br>MIAMI-DADE COUNTY<br>CIRCUIT AND COUNTY COURTS | BY: ____________<br>DEPUTY CLERK | COURT SEAL |
|---|---|---|

JUAN FERNANDEZ-BARQUIN CLERK OF THE COURT & COMPTROLLER MIAMI-DADE COUNTY, FLORIDA IN GOD WE TRUST

# RETURN OF SERVICE

**State of Florida** **County of Miami-Dade** **County Court**

Case Number: 2025-096755-CC-23

Plaintiff:
**SM Multifamily LLC dba The Shoreline at SoleMia**

vs.

Defendant:
**Joshua Delseni**

For:
Elizabeth Rivera, Esq
Barfield McCain Ayoub, P.A.

Received by DLE Process Servers, Inc on the 6th day of June, 2025 at 5:43 pm to be served on **Joshua Delseni, 2321 LAGUNA CIR, APT 301, NORTH MIAMI, FL 33181-1069**.

I, Rafael Perez, do hereby affirm that on the **11th day of June, 2025** at **10:45 am, I:**

**POSTED** by attaching a true copy of the **Eviction Summon/Residential, Complaint and Exhibits.** with the date and hour of service endorsed thereon by me, to a conspicuous place on the property of the within named person's **RESIDENCE** at the address of: **2321 LAGUNA CIR, APT 301, NORTH MIAMI, FL 33181-1069** after making two attempts, not less than six hours apart. The first attempt was on **6/10/2025** at **5:14 pm** and a second attempt of service on **6/11/2025** at **10:40 am**.

**Additional Information pertaining to this Service:**
6/10/2025 5:14 pm Attempted Service.
6/11/2025 10:40 am Attempted Service.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. I am over the age of 18, have no interest in the above action, and I am a Certified Process Server, in good standing, in the county in which service was affected in accordance with State Statute

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

**Rafael Perez**
Certified P.S.10017

**DLE Process Servers, Inc**
**936 Sw 1st Avenue**
**#261**
**Miami, FL 33130**
**(786) 220-9705**

Our Job Serial Number: DLE-2025030824

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d

Filing # 224624093 E-Filed 06/05/2025 01:15:51 PM

DELIVERED 6/11/2025 10:45 AM
SERVER RP
LICENSE Certified P.S.10017

**IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO.**
Judge:___________________
DIVISION:________________

**SM Multifamily LLC dba The Shoreline at SoleMia,**

Case No.: 2025-096755-CC-23

Plaintiff(s),

vs.

**Joshua Delseni**

,

Defendant(s).
___________________________________/

**EVICTION SUMMONS/RESIDENTIAL**

TO: Joshua Delseni, 2321 LAGUNA CIR APT 301 NORTH MIAMI, FL 33181-1069

PLEASE READ CAREFULLY

You are being sued by SM Multifamily LLC dba The Shoreline at SoleMia to require you to move out of the property located at

2321 LAGUNA CIR APT 301 NORTH MIAMI, FL 33181-1069

for the reasons given in the attached complaint.

You are entitled to a trial to decide whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within 5 days (not including Saturdays, Sundays, or legal holidays) after the date these papers were given to you or to a person who lives with you or were posted at your home.

THE THINGS YOU MUST DO TO CHALLENGE THE EVICTION ARE AS FOLLOWS:
Write down the reason(s) why you think you should not be forced to move. (You may use Florida Supreme Court Form 1.947(b), Answer— Residential Eviction, to do this.) The written reason(s) must be given to the clerk of court at:

North Dade Justice Center
15555 Biscayne Blvd. Rm 100
Miami, Fl. 33160

1. Mail or take a copy of your written reason(s) to:

**BARFIELD MCCAIN AYOUB, PA**
**4460 Medical Center Way**
**West Palm Beach, FL 33407**

2. Pay the clerk of court the rent that is due. You MUST pay the clerk of the court the rent each time it becomes due until the lawsuit is over. Whether you win or lose the lawsuit, the judge may release this rent to the landlord. [By statute, public housing tenants or tenants receiving rent subsidies must be required to pay only that portion of the full rent for which the tenant is responsible under the federal, state, or local program in which they are participating.]

3. If you and the landlord do not agree on the amount of rent owed, you must file a written request (motion) that asks the judge to decide how much money you must pay to the clerk of the court. The written request must be filed with your answer to the eviction complaint. A copy of your motion must also be mailed or hand delivered to the plaintiff(s) attorney, or if the plaintiff(s) has no attorney, to the plaintiff.

IF YOU DO NOT DO ALL OF THESE THINGS WITHIN 5 DAYS (NOT INCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS FOR YOUR COURTHOUSE) YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE.

---

You may want to call a lawyer right away. If you do not know a lawyer, you can contact the Lawyer Referral Service on The Florida Bar's website. If you cannot afford a lawyer, you may be eligible for free legal aid. You can locate legal aid programs by searching for "legal aid" on The Florida Bar's website.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at 375-5775 no later than seven days prior to the proceedings; or telephone 1-800-955-8771 (TDD) or 1-800-955-8770 (v) via Florida Relay Service at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

**DATED on** 6/6/2025 ______, ______.

**Juan Fernandez-Barquin, Clerk of the Court and Comptroller and Comptroller**
CLERK OF THE COURT BY: ______ t0310103
DEPUTY CLERK

EN LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE, FLORIDA.

| DIVISIÓN<br>☐ CIVIL | CITACIÓN LEGAL SOBRE DESALOJO DE VIVIENDA | NÚMERO DE CASO |
|---|---|---|
| DEMANDANTE(S) | VS. DEMANDADO(S) | ENTREGA |
| AL (A LOS) DEMANDADO(S) | DIRECCIÓN | |

**POR FAVOR LEA ATENTAMENTE**

Usted ha sido demandado por ________________________________________________
para exigirle que se mude de la propiedad ubicada en ____________________ por las razones expuestas en la demanda adjunta.

Tiene derecho a un juicio para decidir si se le puede exigir que se mude, pero DEBE hacer TODO lo que se indica a continuación. Debe hacerlo en un plazo de 5 días (sin incluir sábados, domingos o días feriados legales) a partir de la fecha en que se le entregaron estos documentos a usted o a una persona que viva con usted, o de la fecha en que se le dejaron en su domicilio.

**DEBERÁ HACER LO SIGUIENTE:**

1. Escriba las razones por las que cree que no deberían obligarle a mudarse. (Para ello puede utilizar el formulario 1.947(b) del Tribunal Supremo de la Florida, *Respuesta—Desalojo residencial*) La razón o razones por escrito deben entregarse al Secretario de los Tribunales en (inserte la dirección del tribunal) ☒ marcado a continuación:

HORA DE INICIO

**UBICACIONES DE LOS TRIBUNALES EN EL CONDADO DE MIAMI-DADE**

☐ Tribunal del Condado de Dade (05)
Room 138
73 West Flagler Street
Miami, Florida 33130

☐ Tribunal del Centro Joseph Caleb (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, Florida 33142

☐ Centro de Justicia del Norte de Dade (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Tribunal de Distrito de Hialeah (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

☐ Tribunal de Distrito de Miami Beach (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Tribunal de Distrito de Coral Gables (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ Centro de Justicia del Sur de Dade (26)
Room 1200
10710 S.W. 211th Street
Miami, Florida 33189

(2) Envíe por correo o lleve consigo una copia por escrito de sus razones a (insertar el nombre y la dirección del propietario): ________________________________.

(3) Pague al Secretario de los Tribunales el alquiler adeudado. DEBE pagar al Secretario de los Tribunales el alquiler cada vez que corresponda hasta que termine el juicio. Independientemente de si usted gana o pierde el juicio, el juez podría entregar dichos pagos de alquiler al propietario. (Por ley, los inquilinos de viviendas públicas o los inquilinos que reciban subsidios de alquiler solo deben pagar la parte del alquiler total de la que el inquilino es responsable con arreglo al programa federal, estatal o local en el que participa).

(4) Si usted y el propietario no se ponen de acuerdo sobre el importe del alquiler adeudado, usted debe presentar por escrito una solicitud (moción) para pedir al juez que determine la cantidad que debe pagar al Secretario de los Tribunales. La solicitud por escrito debe presentarse junto con la respuesta a la demanda de desalojo. También debe enviar por correo o entregar personalmente una copia de su moción al abogado del demandante o, si este no tiene abogado, al propio demandante.

**SI NO HACE TODO LO ANTES INDICADO EN UN PLAZO DE 5 DÍAS (SIN INCLUIR SÁBADOS, DOMINGOS Y DÍAS FERIADOS LEGALES OBSERVADOS POR SU TRIBUNAL) PUEDE SER DESALOJADO SIN MÁS AUDIENCIAS NI NOTIFICACIONES.**

Sería conveniente que llame a un abogado cuanto antes. Si no conoce a ningún abogado, puede comunicarse con el Servicio de Referencia de Abogados que se ofrece en el sitio web del Colegio de Abogados de la Florida. Si no puede pagar un abogado, tal vez pueda recibir asistencia legal gratuita. Para encontrar programas de asistencia legal, busque "asistencia legal" en el sitio web del Colegio de Abogados de la Florida.

EL ESTADO DE LA FLORIDA:
A CADA ALGUACIL (*SHERIFF*) DEL ESTADO:

Se le ordena entregar esta citación judicial y una copia de lo que se alega en esta demanda a la persona demandada que se indica arriba.
CON FECHA ____________________ de ________________ del 20______.

Secretario de los Tribunales y Contralor
Por: ______________________________
Secretario Adjunto

Dirección del Secretario de los Tribunales:
________________________________________
________________________________________
Teléfono: __________________________

**Juan Fernandez-Barquin, Secretario de los Tribunales y Contralor**
**Condado de Miami-Dade, Tribunales de Circuito y del Condado**

AVISO SOBRE LA ADA (LEY DE ESTADOUNIDENSES CON DISCAPACIDADES DE 1990)

**"Si usted es una persona con discapacidad que necesita alguna adecuación para participar en este procedimiento, tiene derecho, sin costo alguno para usted, a recibir determinada asistencia. Comuníquese con Aliean Simpkins, Coordinadora de la ADA del Tribunal del Undécimo Circuito Judicial, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Suite 2400, Miami, FL 33128, teléfono (305) 349-7175; TDD (305) 349-7174; correo electrónico ADA@jud11.flcourts.org; fax (305) 349-7355 al menos 7 días antes de su comparecencia prevista ante el tribunal, o inmediatamente después de recibir esta notificación si quedan menos de 7 días para su comparecencia; si tiene dificultades auditivas o del habla, llame al 711".**

NAN TRIBINAL LA KONTE MIAMI-DADE AK KONTE MIAMI-DADE, FLORID.

| DIVIZYON ☐ SIVIL | MANDA DEGÈPISMAN REZIDANSYÈL | NIMEWO KA |
|---|---|---|
| PLENTIF | KONT AKIZE | SIYIFIKASYON |
| POU AKIZE A(YO) | ADRÈS | |

**TANPRI LI AVÈK ATANSYON**

______________________________ rele ou lajistis

pou egzije ou degèpi soti nan pwopriyete ki lokalize nan ____________________ pou rezon yo bay nan plent ki atache a.

Ou genyen dwa a yon pwosè pou deside si yo kapab egzije w degèpi, men ou DWE fè TOUT bagay ki make pi ba a. Ou dwe fè yo nan lespas 5 jou (san konte samdi, dimanch oswa jou ferye legal) apre dat yo te ba ou oswa yon moun ki abite avè w papye sa yo oubyen apre dat yo te afiche papye sa yo lakay ou.

**MEN BAGAY OU DWE FÈ YO:**

1. Ekri pou ki rezon ou panse yo pa dwe fòse w degèpi. (Ou ka itilize Fòm Kou Siprèm Florid 1.947(b), Repons—Degèpisman Rezidansyèl, pou w fè sa.) Ou dwe remèt rezon alekri a(yo) bay grefye tribinal la nan (make adrès tribinal la). ☒ ki make pi ba a:

**ANTRE**

**LOKAL TRIBINAL KONTE MIAMI-DADE YO**

☐ Dade County Courthouse (05)
Room 138
73 West Flagler Street
Miami, Florida 33130

☐ Joseph Caleb Center Court (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, Florida 33142

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Hialeah District Court (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

☐ Miami Beach District Court (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ South Dade Justice Center (26)
Room 1200
10710 S.W. 211th Street
Miami, Florida 33189

(2) Voye yon kopi rezon alekri a(yo) pa lapòs oswa pote l bay: *(insert landlord's name and address)* ______________________________.

(3) Peye grefye tribinal la lwaye ou dwe a. Ou DWE peye grefye tribinal la lwaye a chak fwa li lè pou w peye l jiskaske pwosè a fini. Kit ou genyen powsè a oswa ou pèdi l, jij la ka relache lwaye sa a bay pwopriyetè a. (Daprè lalwa, lokatè lojman piblik oswa lokatè ki resevwa sibvansyon lwaye dwe oblije peye sèlman pòsyon lwaye total lokatè a responsab pou li peye a daprè pwogram federal, Eta, oswa lokal kote li ap patisipe a).

(4) Si oumenm ak pwopriyetè ou a pa dakò ak montan lwaye ou dwe a, ou dwe depoze yon demann alekri (mosyon) ki mande jij la deside ki valè lajan ou dwe peye bay grefye tribinal la. Demann alekri a dwe depoze avèk repons ou bay pou plent pou degèpisman an. Yon kopi mosyon ou an dwe ekspedye pa lapòs oswa livre nan men bay avoka plentif la(yo), oswa si plentif la(yo) pa gen avoka, bay plentif la.

**SI OU PA FÈ TOUT BAGAY SA YO NAN LESPAS 5 JOU (SAN KONTE SAMDI, DIMANCH AK JOU FERYE LEGAL POU TRIBINAL OU A) YO KA FÈ W DEGÈPI SAN YON ODYANS OSWA LÒT AVI.**

Nou ta konseye w rele yon avoka imedyatman. Si ou pa konnen oken avoka, ou kapab kontakte Sèvis Referans Avoka ki sou sit entènèt Bawo Florid la. Si ou pa gen mwayen pou peye yon avoka, ou ka elijib pou èd legal gratis. Ou kapab lokalize pwogram èd legal lè w chèche "*legal aid*" sou sit entènèt Bawo Florid la.

ETA FLORID:
POU CHAK CHERIF NAN ETA A:

Ou resevwa òdonans pou w siyifye manda sa ak yon kopi plent ki nan pwosè sa a bay akize ki mansyone pi wo a.
DATE nan ______________ jou mwa ______________, 20______ .

Grefye Tribinal ak Kontwolè
Siyati: ______________________
Grefye Adjwen

Adrès Grefye a: ______________________
______________________

Nim. Telefòn ______________

**Juan Fernandez-Barquin, Grefye Tribinal ak Kontwolè**
**Konte Miami-Dade, Tribinal Sikui ak Tribinal Konte**

## AVI ADA SOU LWA 1990 POU AMERIKEN KI GEN ANDIKAP

**"Si ou se yon moun ki gen yon andikap ki bezwen nenpòt akomodman pou w patisipe nan pwosè sa a, ou genyen dwa pou yo ofri w sèten asistans, san sa pa koute w senk kòb. Tanpri kontakte Aliean Simpkins, Kowòdonatè ADA Onzyèm Sikui Jidisyè Tribinal la, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telefòn (305) 349-7175; TDD (305) 349-7174; Imel ADA@jud11.flcourts.org; Faks (305) 349-7355 omwen sèt (7) jou anvan dat randevou pou konparisyon ou, oswa imedyatman apre ou resevwa notifikasyon sa a si tan anvan dat konparisyon an mwens pase sèt (7) jou; si ou gen yon andikap ki fè w pa tande byen oswa pa wè byen, rele 711."**

**IN THE COUNTY COURT IN AND FOR MIAMI-DADE, FLORIDA**

**CASE NO.** 25-96755-CC-23
**CIVIL DIVISION**
**COMPLAINT**

**SM Multifamily LLC dba The Shoreline at SoleMia,**

Plaintiff(s),

vs.

**Joshua Delseni**

Defendant(s)

_________________________________/

**COMPLAINT**
**COUNT I - EVICTION OF RESIDENTIAL TENANT**

PLAINTIFF, SM Multifamily LLC dba The Shoreline at SoleMia sues Defendant(s), Joshua Delseni, (hereinafter "tenant(s)"), and states:

1. Plaintiff is authorized for business in this County.

2. Plaintiff owns or is the lessor of the real property "the premises" in this county within the meaning of Florida Stat. Sec. 83.43 (3) described as:

   The Shoreline at SoleMia
   2321 LAGUNA CIR APT 301
   NORTH MIAMI, FL 33181-1069

3. Tenant(s) reside(s) in this county.

4. This is an action to evict tenant(s) from the premises.

5. Tenant(s) retain(s) possession of the premises under a written lease requiring rent of $3,713.00 per month to be paid the first of each month. A copy of relevant portions of the lease is attached hereto and incorporated herein as Exhibit "A".

6. Tenant(s) failed to pay rent due through the month of April.

7. Tenant(s) owe(s) Plaintiff rent through the month(s) stated in paragraph 6 herein in the total sum of $3,851.61.

8. Plaintiff served Tenant(s) notice to pay rent or vacate the premises on April 9, 2025 as shown by copy or copies of notice(s) attached hereto and incorporated herein as Plaintiff's Exhibit(s) "B", but Tenant(s) refuse(s) to do either.

9. In accordance with Fla. Stat. Section 83.60(2), if Tenant(s) fails deposit the sum of $3,851.61 in the Court Registry, plus rent which accrues during the pendency of this action, then Plaintiff is entitled to a Default Judgment for Removal of Tenant(s) and to recover a judgment for rent due and owing, plus costs in accordance with Fla. Stat. Sections 83.59 and 83.625.

Case 1:25-cv-00399-JAV Document 92-7 Filed 08/18/25 Page 33 of 45

**IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 25-96755-CC-23**
**CIVIL DIVISION**

SM Multifamily LLC dba The Shoreline at SoleMia

Plaintiff(s)

vs.

Joshua Delseni

Defendant(s)

______________________________________/

**VOLUNTARY DISMISSAL OF PLAINTIFF'S CLAIM FOR POSSESSION**

COMES NOW Plaintiff, by and through undersigned counsel, and dismisses Plaintiff's action filed herein against the Defendant(s), according to Rule of Civil Procedure 1.420(a)(1), as Plaintiff achieved the desired results when Defendant(s) voluntarily vacated the subject premises.

I HEREBY CERTIFY a true and correct copy hereof was served upon Joshua Delseni, at 2321 LAGUNA CIR APT 301, NORTH MIAMI, FL 33181-1069 by US First Class Mail on this 2 day of July, 2025.

Respectfully submitted,

s/ Elizabeth S. Rivera, Esq.
Elizabeth S. Rivera, service@barfieldpa.com
FL Bar Number 57330
Attorneys for Plaintiff
Barfield McCain Ayoub, P.A.
4460 Medical Center Way
West Palm Beach, FL 33407
Telephone: (561) 650-8139
Fax: (561) 650-8146

Filing # 203122496 E-Filed 07/23/2024 11:40:21 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Sm Multifamily Llc, The Shoreline At Solemia
Plaintiff

Case # ____________________
Judge ____________________

vs.
Joshua Delseni, Dina Kaplan
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☒ Evictions
  ☒ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☐ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☐ yes
☒ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Ryan Ruffner McCain — Attorney or party
Fla. Bar # 28117 — (Bar # if attorney)

Ryan Ruffner McCain — (type or print name)
07/23/2024 — Date

**IN THE COUNTY COURT IN AND FOR DADE, FLORIDA**

**CASE NO.**
**CIVIL DIVISION**
**COMPLAINT**

**SM Multifamily LLC dba The Shoreline at SoleMia,**

Plaintiff(s),

vs.

**Joshua Delseni**
**Dina Kaplan**

Defendant(s)
___________________________________/

**COMPLAINT**
**COUNT I - EVICTION OF RESIDENTIAL TENANT**

PLAINTIFF, SM Multifamily LLC dba The Shoreline at SoleMia sues Defendant(s), Joshua Delseni, Dina Kaplan (hereinafter "tenant(s)"), and states:

1. Plaintiff is authorized for business in this County.

2. Plaintiff owns or is the lessor of the real property "the premises" in this county within the meaning of Florida Stat. Sec. 83.43 (3) described as:

The Shoreline at SoleMia
2301 LAGUNA CIR APT 301
NORTH MIAMI, FL 33181-1090

3. Tenant(s) reside(s) in this county.

4. This is an action to evict tenant(s) from the premises.

5. Tenant(s) retain(s) possession of the premises under a written lease requiring rent of $3,713.00 per month to be paid the first of each month. A copy of relevant portions of the lease is attached hereto and incorporated herein as Exhibit "A".

6. Tenant(s) failed to pay rent due through the month of May and June.

7. Tenant(s) owe(s) Plaintiff rent through the month(s) stated in paragraph 6 herein in the total sum of $6,185.40.

8. Plaintiff served Tenant(s) notice to pay rent or vacate the premises on June 11, 2024 as shown by copy or copies of notice(s) attached hereto and incorporated herein as Plaintiff's Exhibit(s) "B", but Tenant(s) refuse(s) to do either.

9. In accordance with Fla. Stat. Section 83.60(2), if Tenant(s) fails deposit the sum of $6,185.40 in the Court Registry, plus rent which accrues during the pendency of this action, then Plaintiff

is entitled to a Default Judgment for Removal of Tenant(s) and to recover a judgment for rent due and owing, plus costs in accordance with Fla. Stat. Sections 83.59 and 83.625.

10. Failure of tenant(s) to pay rent as due caused plaintiff to retain undersigned counsel and incur reasonable attorney's fees and costs, which tenant(s) should pay pursuant to Fla. Stat. Sec. 83.48 and the Lease.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT for possession of the premises, rent due, court costs and attorneys fees against the Defendant(s) and other available remedies in accordance with Fla. Stat. Section 83.625 and for such other relief this Court deems just and proper.

Dated: July 23, 2024

s/ Elizabeth S. Rivera, Esq.
Elizabeth S. Rivera, service@barfieldpa.com
FL Bar Number 57330
Attorneys for Plaintiff
Barfield McCain Ayoub, P.A.
4460 Medical Center Way
West Palm Beach, FL 33407
Telephone: (561) 650-8139
Fax: (561) 650-8146

## NOTICE OF DEBT

You are indebted to **SM Multifamily LLC dba The Shoreline at SoleMia** for the amount of **$6,185.40**.Unless, within 30 days of receiving this notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If you notify the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by the debt collector. Although you have 30 days to dispute the debt, that period does not delay initiation of legal action against you. Upon your written request within the 30-day period, the debt collector will provide you with the name and address of the original creditor, if different from the current creditor.

# Exhibit A

FLORIDA APARTMENT ASSOCIATION

# APARTMENT LEASE CONTRACT



Date of Lease Contract: July 1, 2023
(when the Lease Contract is filled out)

***This is a binding document. Read carefully before signing.***

## Moving In — General Information

**1. PARTIES.** This Lease Contract (sometimes referred to as the "lease") is between *you*, the resident(s) *(list all people signing the Lease Contract)*: Joshua Delseni, Dina Kaplan

and *us*, the owner: SM Multifamily LLC

*(name of apartment community or title holder)*. You've agreed to rent Apartment No. 301, at 2301 Laguna Circle *(street address)* in Miami *(city)*, Florida, 33181 *(zip code)* (the "dwelling unit" or the "premises") for use as a private residence only. The terms "you" and "your" refer to all residents listed above. The terms "we," "us," and "our" refer to the owner listed above (or any of owner's successors' in interest or assigns). Written or electronic notice to or from our managers constitutes notice to or from us. If anyone else has guaranteed performance of this Lease Contract, a separate Lease Contract Guaranty for each guarantor is attached.

The ☐ Owner or ☒ Manager of these apartments is Baron Residential Management

whose address is 201 SE 2nd Avenue, Miami, FL 33131 ________. Such person or company is authorized to receive notices and demands in the landlord's behalf.

A lease termination notice must be given in writing. Notice to the landlord must be delivered to the management office at the apartment community or any other address designated by management as follows: 201 SE 2nd Avenue, Miami, FL 33131 .

Except as otherwise required by applicable law, any notice required by this Lease or law shall be in writing and shall be deemed to be delivered to you if: (a) delivered personally; (b) sent electronically via email to any email address on file with us as provided by you; (c) posted to the door of your address shown above; or (d) mailed by U.S. First Class Mail to your address shown above.

**2. OCCUPANTS.** The apartment will be occupied only by you and *(list all other occupants not signing the Lease Contract):*

No one else may occupy the apartment. Persons not listed above must not stay in the apartment for more than 14 days without our prior written consent. *If the previous space isn't filled in, two days per month is the limit.*

**3. LEASE TERM AND TERMINATION NOTICE REQUIREMENTS.** The initial term of the Lease Contract begins on the 1st day of June, 2024, and ends at 11:59 p.m. the 30th day of June, 2025.

This Lease Contract will automatically renew month-to-month unless either party gives at least 60 days' written notice of termination or intent to move-out as required by this paragraph and paragraph 47 (Move-Out Notice). If the number of days isn't filled in, at least 30 days' notice is required. In the event you fail to provide us with the required number of days' written notice of termination and intent to vacate coinciding with the lease expiration date, as required by this paragraph and paragraph 47 (Move-Out Notice), you acknowledge and agree that you shall be liable to us for liquidated damages in the sum of $ 3660.00 (equal to one month's rent) if we give you the advanced written notice required by Fla. Stat. § 83.575(2). This liquidated damages amount is exclusive to insufficient notice under this paragraph and paragraph 47 (Move-Out Notice), and does not limit collection rights with regard to other amounts potentially owed to us. If the lease term is not a month-to-month tenancy, we must notify you with written notice no later than 60 days before the end of the lease term if the lease will not be renewed.

**Month-to-Month Tenancies:** In the event this Lease Contract renews on a month-to-month basis, you must pay the amount of rent we charge at the time the month-to-month tenancy commences pursuant to this paragraph and paragraph 15 (Rent Increases and Lease Contract Changes), inclusive of any applicable month-to-month fees and/or premiums. We may change your rent at any time thereafter during a month-to-month tenancy by giving you no less than 30 days' written notice. You will be required to abide by all notice requirements set forth in the lease and remain liable to pay all other applicable charges due under the lease during your month-to-month tenancy unless specifically changed in writing. All sums due under this paragraph shall be additional rent. We may require you to sign an addendum written for month-to-month tenants. Either party may terminate a month-to-month tenancy by giving the other party written notice no later than 30 days' prior to the end of the monthly rental period. If you fail to provide us at least 30 days' written notice to terminate a month-to-month tenancy prior to the end of the monthly rental period, you shall be liable to us for an additional 1 month's rent.

**4. SECURITY DEPOSIT.** Unless modified by addenda, the total security deposit at the time of execution of this Lease Contract for all residents in the apartment is $ 1000.00, due on or before the date this Lease Contract is signed.

Any security deposit or advance rent you paid is being held in one of the following three ways as indicated below [Landlord check one option]:

☒ 1. In a separate NON-INTEREST bearing account for your benefit in the following bank: M&T Bank ,
whose address is 2000 PGA Boulevard, North Palm Beach, FL 33408 ; **OR**

☐ 2. In a separate INTEREST bearing account for your benefit in the following bank: ________,
whose address is ________.

If an interest bearing account, you will be entitled to receive and collect interest in an amount of at least 75 percent of the annualized average interest rate payable on such account or interest at the rate of 5 percent per year, simple interest, whichever the landlord elects.

☐ 3. In a commingled account at the following bank ________,
whose address is ________, provided that the landlord posts a surety bond with the county or state, as required by law, and pays you interest on your security deposit or advance rent at the rate of 5 percent per year simple interest.



© 2023, National Apartment Association, Inc. - 7/2023, Florida



Blue Moon eSignature Services Document ID: 438381766

Jd Jd ______ **Initials of Resident.** Resident acknowledges receiving a copy of F.S. 83.49(2)(d) which provides as follows:

YOUR LEASE REQUIRES PAYMENT OF CERTAIN DEPOSITS. THE LANDLORD MAY TRANSFER ADVANCE RENTS TO THE LANDLORD'S ACCOUNT AS THEY ARE DUE AND WITHOUT NOTICE. WHEN YOU MOVE OUT, YOU MUST GIVE THE LANDLORD YOUR NEW ADDRESS SO THAT THE LANDLORD CAN SEND YOU NOTICES REGARDING YOUR DEPOSIT. THE LANDLORD MUST MAIL YOU NOTICE, WITHIN 30 DAYS AFTER YOU MOVE OUT, OF THE LANDLORD'S INTENT TO IMPOSE A CLAIM AGAINST THE DEPOSIT. IF YOU DO NOT REPLY TO THE LANDLORD STATING YOUR OBJECTION TO THE CLAIM WITHIN 15 DAYS AFTER RECEIPT OF THE LANDLORD'S NOTICE, THE LANDLORD WILL COLLECT THE CLAIM AND MUST MAIL YOU THE REMAINING DEPOSIT, IF ANY.

IF THE LANDLORD FAILS TO TIMELY MAIL YOU NOTICE, THE LANDLORD MUST RETURN THE DEPOSIT BUT MAY LATER FILE A LAWSUIT AGAINST YOU FOR DAMAGES. IF YOU FAIL TO TIMELY OBJECT TO A CLAIM, THE LANDLORD MAY COLLECT FROM THE DEPOSIT, BUT YOU MAY LATER FILE A LAWSUIT CLAIMING A REFUND.

YOU SHOULD ATTEMPT TO INFORMALLY RESOLVE ANY DISPUTE BEFORE FILING A LAWSUIT. GENERALLY, THE PARTY IN WHOSE FAVOR A JUDGMENT IS RENDERED WILL BE AWARDED COSTS AND ATTORNEY FEES PAYABLE BY THE LOSING PARTY.

THIS DISCLOSURE IS BASIC. PLEASE REFER TO PART II OF CHAPTER 83, FLORIDA STATUTES, TO DETERMINE YOUR LEGAL RIGHTS AND OBLIGATIONS.

5. **KEYS.** You will be provided ________ apartment key(s), ________ mailbox key(s), ________ FOB(s), and/or ________ other access device(s) for access to the building and amenities at no additional cost at move-in. If the key, FOB, or other access device is lost or becomes damaged during your tenancy or is not returned or is returned damaged when you move out, you will be responsible for the costs for the replacement and/or repair of the same.

6. **RENT AND CHARGES.** Unless modified by addenda, you will pay $ 3713.00 per month for rent, payable in advance and without demand:

☒ at the on-site manager's office, or
☒ at our online payment site, or
☐ at ________________________________

Prorated rent of $ ________ is due for the remainder of *[check one]*: ☒ 1st month or ☐ 2nd month, on ________________, ________.

Otherwise, you must pay your rent on or before the 1st day of each month (due date) with no grace period. Cash is unacceptable without our prior written permission. You must not withhold or offset rent unless authorized by statute. We may, at our option, require at any time that you pay all rent and other sums in cash, certified or cashier's check, money order, or one monthly check rather than multiple checks. At our discretion, we may convert any and all checks via the Automated Clearing House (ACH) system for the purposes of collecting payment. Rent is not considered accepted, if the payment/ACH is rejected, does not clear, or is stopped for any reason. We may, but are not required to, accept rent through direct debit, ACH or other electronic means established and approved by us. If you don't pay all rent on or before the 3rd day of the month, you'll pay a late charge. Your late charge will be *(check one)* ☐ a flat rate of $ ________ or ☒ 10 % of your total monthly rent payment. You'll also pay a charge of $ 35.00 for each returned check or rejected electronic payment, plus a late charge. If you don't pay rent on time, or fail to pay any rent, utilities or contractual fees due under a prior lease if this is a renewal lease, you'll be delinquent and all remedies under this Lease Contract will be authorized. We'll also have all other remedies for such violation. All payment obligations under this Lease Contract shall constitute rent under this Lease Contract.

We and you agree that the failure to pay rent timely or the violation of the animal restrictions results in added administrative expenses and added costs to us, the same as if we had to borrow money to pay the operating costs of the property necessary to cover such added costs. We both agree that the late fee and animal violations provisions are intended to be liquidated damages since the added costs of late payments and damages in such instances are difficult to determine. We also both agree that the amount of late rent and animal violation fees charged are reasonable estimates of the administrative expenses, costs, and damages we would incur in such instances.

All of the foregoing charges will be considered to be additional rent.

7. **UTILITIES.** We'll pay for the following items, if checked:
☐ water ☐ gas ☐ electricity ☐ master antenna.
☐ wastewater ☐ trash ☐ cable TV
☐ other ________________________________

You'll pay for all other utilities, related deposits, and any charges, fees, or services on such utilities. You must not allow utilities to be disconnected— including disconnection for not paying your bills— until the lease term or renewal period ends. Cable channels that are provided may be changed during the lease term if the change applies to all residents. Utilities may be used only for normal household purposes and must not be wasted. If your electricity is ever interrupted, you must use only battery-operated lighting. If any utilities are submetered for the apartment, or prorated by an allocation formula, we will attach an addendum to this Lease Contract in compliance with state agency rules or city ordinance. Resident shall not heat the apartment using gas-operated stoves or ovens which were intended for use in cooking.

Where lawful, all utilities, charges and fees of any kind under this lease shall be considered additional rent, and if partial payments are accepted by the Landlord, they will be allocated first to non-rent charges and to rent last. Failure to maintain utilities as required herein is a material violation of the Lease and may result in termination of tenancy, eviction and/or any other remedies under the Lease and Florida law.

8. **INSURANCE.** We do not maintain insurance to cover your personal property or personal injury. We are not responsible to any resident, guest, or occupant for damage or loss of personal property or personal injury from (including but not limited to) fire, smoke, rain, flood, water and pipe leaks, hail, ice, snow, lightning, wind, explosions, earthquake, interruption of utilities, theft, hurricane, negligence of other residents, occupants, or invited/uninvited guests or vandalism unless otherwise required by law.

In addition, we urge all Tenants, and particularly those residing in coastal areas, areas near rivers, and areas prone to flooding, to obtain flood insurance. Renter's insurance may not cover damage to your property due to flooding. A flood insurance resource which may be available includes the National Flood Insurance Program managed by the Federal Emergency Management Agency (FEMA). We ☐ require ☐ do not require you to get your own insurance for losses to your personal property or injuries due to theft, fire, water damage, pipe leaks and the like. If no box is checked, renter's insurance is not required.

Additionally, you are *[check one]* ☒ required to purchase personal liability insurance ☐ not required to purchase personal liability insurance. If no box is checked, personal liability insurance is not required. If required, failure to maintain personal liability insurance throughout your tenancy, including any renewal periods and/or lease extensions is an incurable breach of this Lease Contract and may result in the termination of tenancy and eviction and/or any other remedies as provided by this Lease Contract or state law.

9. **LOCKS AND LATCHES.** Keyed lock(s) will be rekeyed after the prior resident moves out. The rekeying will be done before you move into your apartment.

You may at any time ask us to change or rekey locks or latches during the Lease Term. We must comply with those requests, but you must pay for them, unless otherwise provided by law.

**Payment for Rekeying, Repairs, Etc.** You must pay for all repairs or replacements arising from misuse or damage to devices by you or your family, occupants, or guests during your occupancy. You may be required to pay in advance if we notify you within a reasonable time after your request that you are more than 30 days delinquent in reimbursing us for repairing or replacing a device which was misused or damaged by you, your guest or an occupant; or if you have requested that we repair or change or rekey the same device during the 30 days preceding your request and we have complied with your request. Otherwise, you must pay immediately after the work is completed.



© 2023, National Apartment Association, Inc. - 7/2023, Florida



Blue Moon eSignature Services Document ID: 438381766

## When Moving Out

**47. MOVE-OUT NOTICE.** Before moving out, either at the end of the lease term, any extension of the lease term, or prior to the end of the lease term, you must give our representative advance written notice of your intention to vacate as required by the paragraph 3 (Lease Term and Termination Notice Requirements). If you move out prior to the end of the lease term, your notice does not act as a release of liability for the full term of the Lease Contract. You will still be liable for the entire Lease Contract term if you move out early (see paragraph 23 - Release of Resident) except if you are able to terminate the Lease Contract under a separate Addendum, the statutory rights explained under paragraph 11 (Early Move-Out), paragraph 23 (Release of Resident), or any other applicable law. All notices to vacate must be in writing and must provide the date by which you intend to vacate. If the notice does not comply with the time requirements of paragraph 3 (Lease Term and Termination Notice Requirements), even if you move by the last date in the lease term, you will be responsible for damages permitted under the lease and law. If you fail to vacate by the date set forth in any notice to vacate, we may seek the remedies and damages specified under the "Holdover" paragraph, or we may deem your notice void and you must submit a new written notice. If you fail to provide proper notice and vacate, you will be responsible for damages permitted under the lease and law.

**48. MOVE-OUT PROCEDURES.** The move-out date can't be changed unless we and you both agree in writing. You won't move out before the lease term or renewal period ends unless all rent for the entire lease term or renewal period is paid in full. You're prohibited by law from applying any security deposit to rent. You won't stay beyond the date you are supposed to move out. All residents, guests, and occupants must vacate the apartment before the fifteen (15) day period for deposit refund begins. You must give us and the U.S. Postal Service, in writing, each resident's forwarding address at least seven (7) days before you vacate or abandon the premises. You are required to serve this notice at our address specified in Paragraph 1 of this Lease only and via certified mail or personal delivery at our address only. Failure to give such notice in compliance with this paragraph to our address specified in Paragraph 1 shall relieve us of the notice requirements in Fla. Stat. § 83.49(3)(a), but shall not waive any right you may have to the security deposit or any part of it.

**49. CLEANING.** You must thoroughly clean the apartment, including doors, windows, furniture, bathrooms, kitchen appliances, patios, balconies, garages, carports, and storage rooms. You must follow move-out cleaning instructions if they have been provided. If you don't clean adequately, you'll be liable for reasonable cleaning charges.

**50. MOVE-OUT INSPECTION.** You should meet with our representative for a move-out inspection. Our representative has no authority to bind or limit us regarding deductions for repairs, damages, or charges. Any statements or estimates by us or our representative are subject to our correction, modification, or disapproval before final refunding or accounting.

**51. SECURITY DEPOSIT DEDUCTIONS AND OTHER CHARGES.** You'll be liable for the following charges, if applicable: unpaid rent; unpaid utilities; unpaid contractual fees, early termination charges, or liquidated damages if applicable; unreimbursed service charges; repairs or damages caused by negligence, carelessness, accident, or abuse, including stickers, scratches, tears, burns, stains, or unapproved holes; replacement cost of our property that was in or attached to the apartment and is missing; replacing dead or missing smoke-detector and carbon monoxide detector batteries; utilities for repairs or cleaning; trips to let in company representatives to remove your telephone or TV cable services or rental items (if you so request or have moved out); trips to open the apartment when you or any guest or occupant is missing a key; unreturned keys; missing or burned-out light bulbs; removing or rekeying unauthorized access control devices or alarm systems; packing, removing, or storing property removed or stored under paragraph 13 (Contractual Lien and Property Left in Apartment); removing illegally parked vehicles; special trips for trash removal caused by parked vehicles blocking dumpsters; false security-alarm charges unless due to our negligence; animal-related charges under paragraph 28 (Animals); government fees or fines against us for violation (by you, your occupants, or guests) of local ordinances relating to smoke detectors and carbon monoxide detectors, false alarms, recycling, or other matters; late-payment and returned-check charges; a charge (not to exceed $100) for owner/manager's time and inconvenience in our lawful removal of an animal or in any valid eviction proceeding against you, plus attorney's fees, court costs, and filing fees actually paid; and other sums due under this Lease Contract.

You'll be liable to us for any charges for replacing all keys and access devices referenced in paragraph 5 (Keys) if you fail to return them on or before your actual move-out date.

**52. SURRENDER AND ABANDONMENT.**
**Surrender.** You have surrendered the apartment when all apartment keys and access devices listed in paragraph 5 (Keys) have been turned in where rent is paid.

**Abandonment.** As set forth in Fla. Stat. s. 83.59(3)(c), in the absence of actual knowledge of abandonment, it shall be presumed that you have abandoned the apartment if you are absent from the apartment for a period of time equal to one-half the time for periodic rental payments; however, this presumption does not apply if the rent is current or you have notified us, in writing, of an intended absence.

Surrender, abandonment, and judicial eviction end your right of possession for all purposes and gives us the immediate right to: clean up, make repairs in, and relet the apartment; determine any security deposit deductions, and remove property left in the apartment. Surrender, abandonment, and judicial eviction affect your rights to property left in the apartment (paragraph 13 (Contractual Lien and Property Left in Apartment)), but do not affect our mitigation obligations (paragraph 33 (Default by Resident)).

## Severability, Signatures, Originals and Attachments

**53. SEVERABILITY.** If any provision of this Lease Contract is invalid or unenforceable under applicable law, such provision shall be ineffective to the extent of such invalidity or unenforceability only without invalidating or otherwise affecting the remainder of this Lease Contract. The court shall interpret the lease and provisions herein in a manner such as to uphold the valid portions of this Lease Contract while preserving the intent of the parties.

**54. ORIGINALS AND ATTACHMENTS.** This Lease Contract has been executed in multiple originals, with original signatures. We will provide you with a copy of the Lease Contract. Your copy of the Lease Contract may be in paper format, in an electronic format at your request, or sent via e-mail if we have communicated by e-mail about this Lease. Our rules and community policies, if any, will be attached to the Lease Contract and provided to you at signing. When an Inventory and Condition form is completed, you should retain a copy, and we should retain a copy. Any addenda or amendments you sign as a part of executing this Lease Contract are binding and are hereby incorporated into and made part of the Lease Contract between you and us. This lease is the entire agreement between you and us. You acknowledge that you are NOT relying on any oral representations. A copy or scan of this Lease Contract and related addenda, amendments, and agreements may be used for any purpose and shall be treated as an original.

**You are legally bound by this document. Read it carefully before signing.**

| Resident or Residents (all sign below) | Date Signed |
|---|---|
| Josh delseni | 06/04/2024 |
| Josh Delseni | 05/22/2024 |
| | |
| | |
| | |
| | |

| Owner or Owner's Representative (signing on behalf of owner) | Date Signed |
|---|---|
| Natalie Gonzalez | 06/17/2024 |



© 2023, National Apartment Association, Inc. 

Blue Moon eSignature Services Document ID: 438381766

# Exhibit B

This Form has been provided by Barfield McCain, P.A.
All Rights Reserved

**THIRTY (30) DAY NOTICE TO PAY OR VACATE**

**DATE: 6/11/2024**

**TO: Joshua Delseni , AND ALL OTHERS IN POSSESSION OF**
**2321 Laguna Circle, apt 301**
**North Miami, FL 33181**
**and located in Dade County, FL.**

This Notice is given to you pursuant to Section 83.56(3), Florida Statutes.

You are hereby notified that you are indebted to the undersigned Landlord in the sum of **$6,185.40** for the rent as designated in the rental agreement and for use of the premises described above and now occupied by you as a result of your failure to pay such rent due and owing the Landlord.

I demand payment of rent or possession of the premises within **THIRTY (30) DAYS** from the date of delivery of the notice, **to wit: on or before the 11 day of July, 2024.**

Your failure to comply with this notice may result in eviction proceedings being filed against you. This notice does not waive any other rights or remedies your Landlord may have against you.

**PLEASE BE GOVERNED ACCORDINGLY.**

Natalie Gonzalez
Authorized Representative for Landlord

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered to the addressed, on the below date, in the following manner(s):

( ) This notice was delivered personally.
( ) The person(s) were absent from the residence and this notice was posted at the above referenced address.

By: Natalie Gonzalez Date: **6/11/2024**
Authorized Agent for Landlord
Landlord's Name: **The Shoreline at SoleMia**
Landlord's Address: **2321 Laguna Circle**
**North Miami, FL 33181**
Landlord's Phone #: **3059611010**

**IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA**

**CASE NO. 24-145321-CC-23**
**CIVIL DIVISION**

SM Multifamily LLC dba The Shoreline at SoleMia

Plaintiff(s)

vs.

Joshua Delseni
Dina Kaplan

Defendant(s)
_______________________________________/

**VOLUNTARY DISMISSAL**

Comes now Plaintiff, by and through undersigned counsel, and dismisses without prejudice the action filed herein as against the Defendant, Joshua Delseni and Dina Kaplan, according to Rules of Civil Procedure, 1.420(a)(1).

I HEREBY CERTIFY a true and correct copy hereof was served upon Joshua Delseni, Dina Kaplan, at 2301 LAGUNA CIR APT 301, NORTH MIAMI, FL 33181-1090 by US First Class Mail on this 30 day of July, 2024.

Respectfully submitted,

s/ Elizabeth S. Rivera, Esq.

Elizabeth S. Rivera, service@barfieldpa.com
FL Bar Number 57330
Attorneys for Plaintiff
Barfield McCain Ayoub, P.A.
4460 Medical Center Way
West Palm Beach, FL 33407
Telephone: (561) 650-8139
Fax: (561) 650-8146